UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | Civil Action No.: 1:15-mc-00040 |
|---|---|

**THIRD-PARTY UNDERWRITER DEFENDANTS'
JOINDER OF DEFENDANTS' MOTIONS TO DISMISS**

Defendants Barclays Capital Inc.; BMO Capital Markets Corp.; Capital One Securities, Inc.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Janney Montgomery Scott LLC; JMP Securities LLC; J.P. Morgan Securities LLC; KeyBanc Capital Markets Inc.; Ladenburg Thalmann & Co. Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Mizuho Securities USA Inc.; Morgan Stanley & Co. LLC; Piper Jaffray & Co.; PNC Capital Markets LLC; RBS Securities Inc.; Robert W. Baird & Co. Incorporated; and Wells Fargo Securities, LLC (collectively, the "Third-Party Underwriter Defendants") respectfully join in the arguments raised in Section III of the motion to dismiss filed by the ARCP Defendants,[1] Section II of the motion to dismiss filed by the RCAP Defendants,[2] Section I.B of the motion to dismiss filed by AR Capital, LLC (and other defendants),[3] and Section I of the motion to dismiss filed by Grant Thornton LLP to the extent the arguments in those Sections are applicable to the claims against the Third-Party Underwriter Defendants.

---

[1] The ARCP Defendants include American Realty Capital Properties, Inc., ARC Properties Operating Partnership, L.P., American Realty Capital Trust III, Inc., American Realty Capital Trust IV, Inc., and Cole Real Estate Investments, Inc.

[2] The RCAP Defendants include RCS Capital Corporation, RCAP Holdings, LLC, formerly known as RCS Capital, LLC, and Realty Capital Securities, LLC. RCS Capital Securities, LLC also was an underwriter for the July 2013 Senior Notes Offering (defined below).

[3] The motion to dismiss filed by AR Capital, LLC was also filed on behalf of ARC Properties Advisors, LLC, Edward M. Weil, Peter M. Budko, Brian D. Jones, William M. Kahane, Scott J. Bowman, David M. Gong, and Nicholas Radesca.

## I. SUMMARY OF CLAIMS AGAINST THIRD-PARTY UNDERWRITER DEFENDANTS

Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 30, the "Amended Complaint") asserts two claims, both under the Securities Act of 1933 (the "Securities Act"), against the Third-Party Underwriter Defendants. The Third-Party Underwriter Defendants are not the subject of any claims under the Securities Exchange Act of 1934 (the "Exchange Act").

Specifically, Counts I and II assert claims under Section 11 and 12(a)(2) of the Securities Act respectively against, among others:

(i) Barclays, BMO Capital, Citigroup, JMP Securities, J.P. Morgan, KeyBanc, and Ladenburg based on their role as underwriters of ARCP's July 23, 2013 $300,000,000 offering of 3.00% Convertible Senior Notes due 2018 (the "July 2013 Senior Notes Offering");

(ii) Barclays, Capital One, Citigroup, Credit Suisse, JMP Securities, Morgan Stanley, and Wells Fargo based on their role as underwriters of ARCP's December 4, 2013 $287,500,000 offering of 3.00% Convertible Senior Notes due 2018 and ARCP's December 4, 2013 $402,500,000 offering of 3.75% Convertible Senior Notes due 2020 (collectively, the "December 2013 Senior Notes Offerings"); and

(iii) Baird, Barclays, BMO Capital, Capital One, Citigroup, Credit Suisse, Deutsche Bank, Janney, JMP Securities, J.P. Morgan, Ladenburg, Merrill Lynch, Mizuho, PNC Capital, Piper Jaffray, RBS, and Wells Fargo based on their role as underwriters of ARCP's May 21, 2014 issuance and sale of 138,000,000 shares of common stock (the "May 2014 Secondary Offering").

*See* Am. Compl. ¶¶ 388-90, 398-402 (Section 11); ¶¶ 403-10 (Section 12).

## II. THE CLAIMS AGAINST THE THIRD-PARTY UNDERWRITER DEFENDANTS SHOULD BE DISMISSED

The arguments raised in Section III of the ARCP Motion to Dismiss, Section II of the RCAP Motion to Dismiss, Section I.B of the AR Capital Motion to Dismiss, and Section I of the Grant Thornton Motion to Dismiss apply independently, and even more so, to the claims against the Third-Party Underwriter Defendants, and they should be dismissed with prejudice for at least four independent reasons.

### A. Plaintiffs' Claims Fail to Satisfy the Particularity Requirements of Rule 9(b).

Because Plaintiffs' Securities Act claims are based on the same factual allegations as Plaintiffs' securities fraud claims and because the Amended Complaint uses language classically associated with fraud and mistake, the heightened pleading requirements of Rule 9(b) apply to the claims against the Third-Party Underwriter Defendants. *See* RCAP Mot. § II.A.

Plaintiffs' claims against the Third-Party Underwriter Defendants fail to satisfy these requirements. Indeed, the allegations related to the Third-Party Underwriter Defendants are particularly threadbare and conclusory. For the July and December 2013 Senior Notes Offerings, the allegations purporting to identify misrepresentations consist of only four (4) paragraphs in total, *see* Am. Compl. ¶¶ 247-48, 268-69, and do nothing more than incorporate by reference the Plaintiffs' allegations in support of its fraud claims under the Exchange Act without making any attempt to particularize these allegations to any specific offering or Third-Party Underwriter Defendant. The allegations purporting to identify the alleged misrepresentations in the offering materials for the May 2014 Secondary Offering, made in only four (4) paragraphs, *id.* ¶¶ 297-300, are similarly conclusory.

This falls far short of the what Rule 9(b) requires, *see Ladmen Partners, Inc. v. Globalstar, Inc.*, No. 07 Civ. 0976, 2008 WL 4449280, at *12-13 (S.D.N.Y. Sept. 30, 2008)

(dismissing Securities Act claims against underwriters for failure to satisfy particularity requirements of Rule 9(b) where allegations sounded in fraud); *In re Stratosphere Corp. Sec. Litig.*, No. CV-S-96-708-PMP, 1997 WL 581032, at *7-16 (D. Nev. May 20, 1997) (dismissing Securities Act claims against underwriters based on allegations that offering materials failed to disclose, among other things, internal control deficiencies, because plaintiffs failed to satisfy particularity requirements of Rule 9(b)), and thus all claims against the Third-Party Underwriter Defendants must be dismissed. *See also* RCAP Mot. § II.A.

The Securities Act claims against the Third-Party Underwriter Defendants should be dismissed for the additional reason that where, as here, Rule 9(b) applies, the "scienter requirements of Rule 9(b)" also apply. *In re Morgan Stanley & Van Kampen Mut. Fund Sec. Litig.*, No. 03 Civ. 8208, 2006 WL 1008138, at *6 n.12 (S.D.N.Y. Apr. 18, 2006) (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)); *see also* RCAP Mot. § II.A. Plaintiffs do not make any attempt to demonstrate scienter with respect to the Third-Party Underwriter Defendants, and the claims against them should be dismissed for this additional reason. *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 645 F. Supp. 2d 210, 241 (S.D.N.Y. 2009) (dismissing Securities Act claims against certain defendants because the allegations failed to allege requisite fraudulent intent); *see also* RCAP Mot. § II.A.

### B. Plaintiffs Lack Standing To Pursue Section 12 Claims.

The Section 12(a)(2) claims should be dismissed for lack of standing because Plaintiffs fail to allege who they purchased their securities from, or who had direct connection with the sales to them. *See* RCAP Mot. § II.B; AR Capital Mot. § I.B; *see also DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001), *aff'd*, 318 F.3d 170 (2d Cir. 2003) (dismissing plaintiffs' Section 12 claim against underwriter defendants because "the amended complaint d[id] not aver that any defendant was the immediate seller to any named plaintiff," or that any

defendant "actively solicited any named plaintiff in connection with the sale" of security at issue). The Section 12(a)(2) claims against the Third-Party Underwriter Defendants also should be dismissed because none of the Plaintiffs sufficiently alleges or can allege purchases in the July 2013 or December 2013 Senior Notes Offerings, as required. *See* RCAP Mot. § II.B; AR Capital Mot. § II.B.1 and II.B.2.

### C. The Relevant Forward-Looking Statements Are Protected Under PSLRA Safe Harbor.

As discussed in Section III of the ARCP Motion, the Amended Complaint includes multiple claims based on earnings and business projections by ARCP. By virtue of the PSLRA Safe Harbor, the Third-Party Underwriter Defendants cannot be held liable for these types of statements to the extent they were (i) made without actual knowledge that they were false and misleading or (ii) identified as forward-looking and accompanied by meaningful cautionary language. *See* ARCP Mot. § III; *see also* 15 U.S.C. § 78u–5(c)(1).

There is not a single allegation in the Amended Complaint that any Third-Party Underwriter Defendant had actual knowledge that any of the challenged forward-looking statements was false or misleading. Indeed, the Amended Complaint specifically disclaims any attempt to plead scienter as to the Third-Party Underwriter Defendants. *See* Am. Compl. ¶¶ 388, 398, and 403. This alone establishes that the PSLRA safe harbor applies. ARCP Mot. § III.1; *Slayton v. Am. Exp. Co.*, 604 F.3d 758, 766 (2d Cir. 2010) (forward-looking statements protected by safe harbor where plaintiff failed to plead "actual knowledge" sufficiently). However, as discussed in the ARCP Motion, these forward-looking statements also are protected by the PSLRA safe harbor because they are clearly identified as forward-looking and accompanied by meaningful cautionary language. ARCP Mot. § III.2.

### D. The Alleged Misrepresentations Are Not Actionable To The Extent They Constitute Opinions.

The claims against the Third-Party Underwriter Defendants also must be dismissed to the extent they are based on claims that the offering materials for the July and December 2013 Senior Notes Offerings and the May 2014 Secondary Offering incorporated the opinions of ARCP's auditor Grant Thornton. As discussed in Section I in the Grant Thornton Motion, statements of opinion are actionable under the Supreme Court's recent *Omnicare* decision only if a plaintiff alleges sufficiently that the challenged opinions were not believed by the defendant or that the defendant omitted material facts going to the basis for the stated opinions. *See* Grant Thornton Mot. § I (discussing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1323 (2015)).

Here, Plaintiffs fail to allege that Grant Thornton did not subjectively believe in its audit opinions, and even more clearly fail to allege that the Third-Party Underwriter Defendants subjectively disbelieved Grant Thornton's audit opinions. Indeed, as to the Third-Party Underwriter Defendants, Plaintiffs have not even tried. Plaintiffs also fail to allege that the disclosures and audit opinions at issue omitted facts about the bases for these opinions that would render them actionable. *See* Grant Thornton Mot. § I.A, I.B.

### CONCLUSION

For all the reasons discussed above, and those set forth in any other motion to dismiss to the extent applicable, the Third-Party Underwriter Defendants respectfully request that the Court dismiss, with prejudice, all claims asserted against the Third-Party Underwriter Defendants.

DATED: May 29, 2015    SHEARMAN & STERLING LLP
New York, New York

By: /s/ Adam S. Hakki
Adam S. Hakki
*ahakki@shearman.com*
Daniel C. Lewis
*daniel.lewis@shearman.com*
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
Fax: (212) 848-7179

*Attorneys for Third-Party Underwriter Defendants*