UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE AMERICAN REALTY CAPITAL     : SUMMARY ORDER
PROPERTIES, INC. LITIG.           : DENYING IN PART AND
                                  : GRANTING IN PART
                                  : MOTIONS TO DISMISS
                                  : AMENDED COMPLAINT
                                  : WITH LEAVE TO AMEND
                                  :
                                  : 15 MC 40 (AKH)
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This order summarizes my extemporaneous rulings at the argument held October 27, 2015 of defendants' motions to dismiss plaintiffs' amended complaint. The amended complaint was filed by purchasers of securities of American Realty Capital Properties (ARCP), a Real Estate Investment Trust ("REIT"), alleging, on behalf of a class, claims for relief under the 1933 Securities Act and the 1934 Securities Exchange Act.[1] The several categories of defendants filed a motion to dismiss pursuant to Rule 12(b), Fed. R. Civ. P. and the Private Securities Litigation Reform Act, 15 U.S.C. 78u-4 ("PSLRA"). In general, I granted defendants' motions, with leave to plaintiffs to re-plead consistent with my rulings. A summary of my rulings follows:

1. **The Complaint Fails to Provide a Short and Plain Statement of Plaintiffs' Claims**

        The amended complaint does not satisfy the rules of pleading, not Rule 8, and not Rule 9, which applies to the entire amended complaint. *See Rombach v. Chang*, 355 F.3d 164, 172 (2d. Cir. 2004). The amended complaint presents a 174 page, 464 paragraph narrative of the

---

[1] *See* 15 U.S.C. § 77k ("§ 11); 15 U.S.C. § 77l(a)(2) (§ 12(a)(2)); 15 U.S.C. § 78n(a) (§ 14(a)); 15 U.S.C. § 78j(b) (§ 10(b)); 15 U.S.C. § 77o (§15); 15 U.S.C. § 78t(a) (§ 20).

events, followed by separate claims for relief under various sections of the 1933 and 1934 Acts. There is no separate statement of claims that require only allegations of false statements, and those that require scienter. The bases of claims against each defendant are not adequately alleged. Paragraphs group rhetoric, fact and legal discussion, and cannot be intelligently admitted or denied. The amended complaint lacks intelligible structure to guide the court throughout the litigation, and fails to identify which of the more than thirty defendants should be liable for which claims.

In re-pleading, plaintiffs should carefully delineate the separate claims, alleging what is necessary for each, and eschewing rhetoric and narrative, so that "the complaint is organized in a way that allows the court to determine which allegations support which claim." *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387, 406 (S.D.N.Y. 2013).

2. **Forward Looking Statements**

Defendants' motions to dismiss based on plaintiffs' alleged reliance on forward looking statements are denied. *See ARCP Motion to Dismiss*, Dkt. No. 99, at 43; *App'x 1*, Dkt. No. 99-1; 15 U.S.C. § 78u-5(c). The various predictions included in the amended complaint, which may fall within the PSLRA safe harbor, are not the basic issue on which plaintiffs base their claims. The basic issue is that there was a manipulation of AFFO, in that income was overstated and expenses understated in various ways, and a misstatement of financials in the timing of income and expenses, and in other respects. Many of the other allegations are rhetorical excess, and belong in a brief, not a complaint. It is true that defendants fail to identify which claims against which defendants are based solely on forward-looking statements, and plaintiffs' re-pleading should cure that defect.

3. **Section 11 Claims Against Independent Auditor Grant Thornton**

Section 11 explicitly extends liability for misstatements to

> [E]very accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by him.

15 U.S.C. § 77k(a)(4). Grant Thornton's motion to dismiss is granted, with leave to amend. The amended complaint is not sufficiently clear as to the alleged false statements giving rise to liability of Grant Thornton, either because of certificates of financial statements, or reports or preparations by Grant Thornton.

Grant Thornton next argues that, if plaintiffs intended to base their Section 11 claim on misstatements included in the 2012 or 2013 audit opinions, those documents should be analyzed as statements of opinion under the recent Supreme Court decision in *Omnicare*. *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318, 1326–30 (2015); *see also Deloitte Touche Tohmatsu CPA., Ltd.*, ___ F. Supp. 3d ___, 2015 WL 1474984, at *14 (S.D.N.Y. Mar. 31, 2015). Under *Omnicare*, an auditor can be liable under Section 11 for its audit opinion in only three circumstances: (1) if the auditor does not actually hold the stated opinion; (2) if the opinion contains an embedded statement of fact that is misleading; or (3) if the opinion omits a fact that makes the opinion misleading to an ordinary investor. *Omnicare*, 135 S. Ct. at 1326–30. Plaintiffs re-pleading should satisfy the requirements of *Omnicare*.

4. **Motions to Dismiss the § 11 Claim for Failure to Allege Loss Causation**

All defendants' motions to dismiss the Section 11 claims based on failure to allege loss causation are denied. Loss causation is not an element of a claim under § 11, but "negative causation" is an affirmative defense to such a claim. *Police & Fire Ret. Sys. of Detroit v. Safenet Inc.* 645 F. Supp. 2d 210, 226 (S.D.N.Y. 2009). The burden will be on the defendants to prove negative causation as an affirmative defense at a later stage in the litigation.

3

### 5. § 12(a)(2) Claims Against Outside Non-management Directors

The § 12(a)(2) claims against ARCP's outside non-management directors, Mssrs. Andruskevich, Frank, Michelson, Rendell, and Stanley, are dismissed with prejudice. Liability under §12(a)(2) will attach only if the defendant is a "statutory seller." An issuer is a statutory seller for the purposes of Section 12(a)(2) regardless of the form of underwriting. *See* 17 C.F.R. § 230.159A. The individual defendants, however, are statutory sellers only if they (1) directly passed title to the securities, or (2) solicited the purchase of securities out of a desire to (a) serve their own interests or (b) serve the interests of the securities' owner. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 346, 359 (2d Cir. 2010) (citing *Pinter v. Dahl*, 486 U.S. 622, 642, 647 (1988)).

The Second Circuit has not addressed the issue of whether an individual's signing of a registration statement "itself constitutes solicitation." *Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010). The Court in *Citiline* noted that, while courts in the [Southern District of New York] have frequently held" that such signing does constitute solicitation, "every Court of Appeals to have considered the issue . . . has held that an individual's signing a registration statement does not itself suffice as solicitation under § 12(a)(2)." *Id.* The Court in *Citiline* adopted the holdings of the Courts of Appeals. *Id.*; *accord City of Westland Police and Fire Ret. Sys. v. Metlife, Inc.*, 928 F. Supp. 2d 705, 720 (S.D.N.Y. 2013).

As in *City of Westland* and *Citiline*, the amended complaint is "largely silent as to the role played by the director defendants in the solicitation of the securities at issue" and thus the § 12(a)(2) claims against those defendants are dismissed for failure to allege that they were

4

statutory sellers. The § 12(a)(2) claims against the other director defendants are dismissed on the same grounds, with respect to their discrete roles as directors of the company.

6. **Plaintiffs Lack Standing to Bring § 12(a)(2) Claims Based on Purchases "pursuant or traceable" to an Offering**

Allegations that plaintiffs purchased securities "pursuant or traceable" to a sale by a statutory seller are too ambiguous to satisfy any pleading standard. *See In re BioScrip, Inc. Sec. Litig.*, No. 13-CV-6922 AJN, 2015 WL 1501620, at *28 (S.D.N.Y. Mar. 31, 2015) *reconsideration denied sub nom. In re Bioscrip, Inc. Sec. Litig.*, No. 13-CV-6922 AJN, 2015 WL 3540736 (S.D.N.Y. June 5, 2015) (gathering cases).

7. **§ 12(a)(2) Claim Against RCS Securities as an Underwriter of the July 2013 Issuance**

RCS Securities' motion to dismiss the § 12 claim based on the fact that the entity did not pass title to the securities is denied. RCS Securities was an underwriter of the issuance, which satisfies the requirement of soliciting under *Pinter v. Dahl*. 486 U.S. 622, 642, 647 (1988)).

8. **Exxon Offering Subject to § 12(a)(2) Liability**

Defendants argue that the September 2014 Senior Notes Offering cannot give rise to liability under § 12(a)(2) because it was an "Exxon Offering" under SEC Rule 144A. *See* 17 C.F.R. § 230.144A. This ruling will be taken up in a separate opinion, soon to be issued.

9. **§ 14(a) Claims**

Defendants' motions to dismiss the § 14(a) claim are granted, as the amended complaint does not clearly plead plaintiffs' standing, or adequately allege loss causation resulting from false statements in proxy solicitations. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005); *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 175 (2d Cir. 2005).

Two individual defendants were heard as to their motions for dismissal on specific grounds. Defendant Radesca's motion is granted, with leave to amend, if plausible allegations that he solicited proxies in connection with any of the mergers. Defendant Wenzel's motion is granted, with prejudice, for no existing plaintiff has standing to sue her in her capacity as a director of ARCT IV.[2] I note that plaintiffs' counsel, at oral argument, agreed to reevaluate their § 14 claims in their entirety.

10. **Section 10(b) Claims**

A. **General Arguments**

Defendants moved to dismiss the Section 10(b) claims, except for those based on the conduct disclosed in the October 29, 2014 announcement for failure to allege loss causation. Their motion is denied. Plaintiffs have plausibly alleged that the accounting irregularities took place throughout the periods alleged in the complaint, and that what was disclosed in 2014 was of the same character that had been involved throughout. Defendants' motion to dismiss on grounds that plaintiffs have failed to satisfy Rule 9(b) with respect to allegations of scienter are also dismissed. The allegations based on the defamation complaint filed December 18, 2014 by Lisa McAlister, in addition to the corrective disclosures of October 29, 2014 and March 2, 2015, in addition to the information that could be gleaned and inferred from both of those, are sufficient at this stage of the litigation. Finally, the defendants' motions to dismiss the complaint because of the inclusion of forward-looking statements are denied. The PSLRA's safe harbor is a defense, and can be put forward later in the litigation. However, plaintiffs should be careful not to re-plead allegations of extraneous forward-looking statements, for example, and as discussed on the record, ¶ 202 of the Amended Complaint.

---

[2] ARCT IV is an entity that merged with ARCP. Defendant Wenzel was never a director or officer of ARCP.

### B. Section 10(b) Claims Against Lisa Beeson

Lisa Beeson moved separately to dismiss the 10(b) claims against her, based on failure to allege scienter with particularity. Based on the paucity of factual allegations as to Ms. Beeson, the complaint against her is dismissed, with leave to amend.

### C. Reliance on the McAlister Defamation Complaint

David Kay, an individual defendant, joined by several others, moved to dismiss the complaint, based on the fact that it relied heavily on a state court complaint filed by defendant Lisa McAlister in New York Supreme Court, and later withdrawn before any final adjudication of the facts alleged therein took place. The motions to dismiss on this ground are denied. Plaintiffs integrated what they learned from the verified complaint with the information gleaned from ARCP's disclosures and restatements.

## 11. Control Person Claims

### A. All Parties' Motions Based on Pleading Standard and Culpable Participation

Defendants also moved to dismiss the plaintiffs' control person claims, brought under § 15 of the 1933 Act and § 20 of the 1934 Exchange Act. The motions to dismiss are granted with leave to amend. The plaintiffs have not satisfied Rule 8(a). They have further failed to allege culpable participation against several defendants, a required element of § 20, and which several district courts have held applies to § 15 as well. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007); *e.g.*, *In re Lehman Bros.*, 650 F.3d at 186; *In re Marsh & Mclennan Cos., Inc. Sec. Litig.*, 501 F. Supp 2d 452, 493 (S.D.N.Y. 2006).

Plaintiffs agreed on the record to reconsider whether to bring control person claims against defendants who are subject to primary liability under one of the other causes of action.

### B. RCAP and RCS Capital Defendants' Motions

Defendants RCAP and RCS Capital, LLC also moved to dismiss the control person claims based on plaintiffs' failure to allege control over ARCP. The motion is denied, and granted only as indicated below. In a control person claim, a plaintiff must show "actual control, not merely control person status." *In re Refco*, 503 F. Supp. 2d at 637. Additionally, "mere allegations of a corporate affiliation between defendants are insufficient to indicate control by one over another." *Pub. Emps. Ret. Sys. of Mississippi v. Merill Lynch & Co.*, 714 F. Supp. 2d 475, 485-86 (S.D.N.Y 2010).

However, allegations of control under both § 15 and § 10 are subject only to notice-pleading requirements, and accordingly survive motions to dismiss "as long as it is at least plausible that plaintiff could develop some set of facts that would pass muster." *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 637 (S.D.N.Y. 2007); *accord In re Global Crossing III*, 2005 WL 2990646, at *8. Plaintiffs should, in their amendments, clarify the basis for their control person allegations for all defendants thus sued.

## Conclusion

The plaintiffs are granted leave to file a second amended class action complaint in conformity with this order, by December 11, 2015. Defendants will move to dismiss or answer by February 12, 2015, at which time the parties should submit a proposed briefing schedule to the Court for class certification. The clerk shall mark the motions (Dkt. Nos. 69, 71, 73, 76, 81, 84, 87, 90, 92, 95, 98, 100, 102, and 114) terminated.

SO ORDERED.

Dated: Nov. 6, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge