UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION

This Document Relates To:

ALL ACTIONS

Civil Action No.: 1:15-mc-00040

**Oral Argument Requested**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS AMERICAN REALTY CAPITAL PROPERTIES, INC. AND ARC PROPERTIES OPERATING PARTNERSHIP, L.P.**

MILBANK, TWEED, HADLEY & McCLOY LLP
Scott A. Edelman
George S. Canellos
Antonia M. Apps
Jed M. Schwartz
Jonathan Ohring
28 Liberty Street
New York, NY 10005
Telephone: 212-530-5000

*Counsel for Defendants American Realty Capital Properties, Inc. and ARC Properties Operating Partnership, L.P.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 2

ARGUMENT ........ 2

I. THE SECTION 12(a)(2) CLAIM SHOULD BE DISMISSED ........ 2

A. Section 12(a)(2) Applies Only to Public Offerings, and the February 2014 Offering Pursuant to Rule 144A Was Not a Public Offering ........ 3

B. Plaintiffs Do Not Allege Purchases from ARCP or ARCP OP in the February 2014 Offering ........ 5

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*,
254 F. Supp. 2d 373 (S.D.N.Y. 2003)....4

*Am. High-Income Tr. v. Alliedsignal*,
329 F. Supp. 2d 534 (S.D.N.Y. 2004)....4, 5

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d Cir. 2011)....7

*Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*,
680 F. Supp. 2d 616 (S.D.N.Y. 2010)....4

*Freidus v. Barclays Bank PLC*,
734 F.3d 132 (2d Cir. 2013)....5, 6

*Gotham Holdings, LP v. Health Grades, Inc.*,
534 F. Supp. 2d 442 (S.D.N.Y. 2008)....4

*Gustafson v. Alloyd Co.*,
513 U.S. 561 (1995)....3

*In re Axis Capital Holdings Ltd., Sec. Litig.*,
456 F. Supp. 2d 576 (S.D.N.Y. 2006)....7

*In re Barclays Bank PLC Sec. Litig.*,
2011 WL 31548 (S.D.N.Y. Jan. 5, 2011)....5, 7

*In re Citigroup Inc. Bond Litig.*,
723 F. Supp. 2d 568 (S.D.N.Y. 2010)....7, 8

*In re Merrill Lynch Auction Rate Sec. Litig.*,
2012 WL 1994707 (S.D.N.Y. June 4, 2012)....4

*In re Refco, Inc. Sec. Litig.*,
503 F. Supp. 2d 611 (S.D.N.Y. 2007)....4, 5

*In re Sterling Foster & Co., Sec. Litig.*,
222 F. Supp. 2d 216 (E.D.N.Y. 2002)....8

*In re UBS AG Sec. Litig.*,
2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)....8

*Ladmen Partners, Inc. v. Globalstar, Inc.*,
2008 WL 4449280 (S.D.N.Y. Sept. 30, 2008)....7

*Pinter v. Dahl*,
486 U.S. 622 (1988)....5

*Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013)....6

*Public Emps. Ret. Sys. v. Merrill Lynch & Co.*,
714 F. Supp. 2d 475 (S.D.N.Y. 2010)....7, 8

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004)....7

*Stadnick v. Vivint Solar, Inc.*,
2015 WL 8492757 (S.D.N.Y. Dec. 10, 2015)....6

*Yung v. Lee*,
432 F.3d 142 (2d Cir. 2005)....3

**Statutes and Regulations**

15 U.S.C. § 77*l*(a)(2).... *passim*

17 C.F.R. § 230.144A.... *passim*

Defendants American Realty Capital Properties, Inc. ("ARCP" or the "Company") and ARC Properties Operating Partnership, L.P. ("ARCP OP") (collectively, the "Defendants"), by and through their attorneys, respectfully submit this memorandum of law in support of their motion to dismiss Count VIII of the Second Amended Class Action Complaint For Violations Of The Federal Securities Laws (ECF No. 175, the "SAC") pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Count VIII of the SAC asserts a claim under Section 12(a)(2) of the Securities Act of 1933 (the "Securities Act") solely in connection with a February 2014 offering of notes by ARCP OP (the "February 2014 Offering"). Plaintiffs' Section 12(a)(2) claim should be dismissed for two reasons. First, the February 2014 Offering was a private offering made pursuant to Rule 144A under the Securities Act; Section 12(a)(2), however, applies only to public offerings. Second, in order to state a claim under Section 12(a)(2), a plaintiff must allege a purchase directly from a statutory seller in the offering. Here, the certifications attached to the SAC affirmatively establish that Plaintiffs did not purchase in the February 2014 Offering. And Plaintiffs' more general allegations regarding its purchases are virtually identical to those in its prior complaint that this Court already rejected: Plaintiffs allege that they purchased their securities "pursuant to" the offering memorandum issued in connection with the February 2014 Offering, but fail to allege that they purchased ***in*** the offering, as required under Section 12(a)(2). Accordingly, Count VIII should be dismissed.

## BACKGROUND[1]

The February 2014 Offering consisted of a $2.55 billion offering of 2.0% Senior Notes due February 6, 2017, 3.0% Senior Notes due February 6, 2019, and 4.6% Senior Notes due February 6, 2024. (¶ 250.) The notes issued in the February 2014 Offering were not registered under the Securities Act. (¶¶ 250, 252.) Rather, the February 2014 Offering was, according to Plaintiffs' own allegations, "conducted by way of an Offering Memorandum [(the "Offering Memorandum")] pursuant to Securities Act Rule 144A, by which the initial purchasers purchase the securities from the issuers and resell them pursuant to an SEC regulation providing for re-sales of unregistered securities to 'Qualified Institutional Buyers.'" (¶ 250.)

The SAC alleges that Plaintiffs "TIAA-CREF"[2] and Sheet Metal Workers' National Pension Fund ("National Pension Fund") purchased notes issued in the February 2014 Offering "from ARCP [and ARCP OP] . . . pursuant to" the Offering Memorandum. (¶¶ 113-14.)

## ARGUMENT

### I. THE SECTION 12(a)(2) CLAIM SHOULD BE DISMISSED

The Court should dismiss Count VIII with prejudice because the February 2014 Offering was a private offering to which Section 12(a)(2) does not apply, and because the SAC does not allege that any Plaintiff purchased any of the notes issued in the February 2014 Offering

1 Defendants recite herein only those alleged facts necessary for consideration of Defendants' motion to dismiss. Unless otherwise specified, "¶ _" refers to paragraphs in the SAC. Solely for purposes of this motion to dismiss, Defendants accept as true, as they must, the well-pleaded allegations of the SAC. In so doing, Defendants do not concede the truth of any such allegations and specifically reserve their rights to contest the accuracy of any of the facts alleged in the SAC.

2 "TIAA-CREF" is defined in the SAC as, collectively, Plaintiffs Teachers Insurance and Annuity Association of America, College Retirement Equities Fund, TIAA-CREF Equity Index Fund, TIAA-CREF Real Estate Securities Fund, TIAA-CREF Large Cap Value Index Fund, TIAA-CREF Small Cap Blend Index Fund, TIAA-CREF Life Real Estate Securities Fund, and TIAA-CREF Life Equity Index Fund. (¶ 6.)

directly from ARCP or ARCP OP in the offering, as would be required to state a claim under Section 12(a)(2).

### A. Section 12(a)(2) Applies Only to Public Offerings, and the February 2014 Offering Pursuant to Rule 144A Was Not a Public Offering

To state a claim under Section 12(a)(2) of the Securities Act, a plaintiff must allege, *inter alia*, that the defendant made a material misstatement or omission "by means of a prospectus or oral communication." 15 U.S.C. § 77*l*(a)(2). The Supreme Court has explained that "the liability imposed by § 12[(a)](2) ***cannot attach*** unless there is an obligation to distribute the prospectus in the first place[.]" *Gustafson v. Alloyd Co.*, 513 U.S. 561, 571 (1995) (emphasis added). In *Gustafson*, the Court held that "the word 'prospectus' is a term of art referring to a document that describes a ***public offering*** of securities by an issuer or controlling shareholder." *Id.* at 584 (emphasis added). As the Second Circuit has held, the Supreme Court's interpretation of "prospectus" "compels the conclusion that a Section 12(a)(2) action cannot be maintained by a plaintiff who acquires securities through a private transaction, whether primary or secondary," because private offerings do not carry an "'obligation to distribute a prospectus.'" *Yung v. Lee*, 432 F.3d 142, 149 (2d Cir. 2005) (quoting *Gustafson*, 513 U.S. at 571) (affirming dismissal of Section 12(a)(2) claim where plaintiffs purchased securities in a private offering).

Offerings made only to "qualified institutional buyers (QIBs)"[3] pursuant to SEC Rule 144A are "deemed not to have been offered to the public" and therefore exempt from the registration and prospectus delivery requirements of Section 5 of the Securities Act. 17 C.F.R. § 230.144A(c). Accordingly, "[d]istrict courts in the Second Circuit have consistently dismissed § 12(a)(2) claims based on Rule 144A offerings on the grounds that offerings under Rule 144A

---

[3] Rule 144A defines a "qualified institutional buyer" as an entity that (i) is listed as one of the enumerated types of entities in Rule 144A (*e.g.*, an investment company or employee benefit plan), and (ii) "in the aggregate owns and invests . . . at least $100 million in securities." 17 C.F.R. § 230.144A(7)(a)(1). QIBs are therefore distinct from the general public.

are ***by definition*** non-public, and offering memoranda distributed in connection with such offerings cannot give rise to Section 12(a)(2) liability." *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 626 (S.D.N.Y. 2007) (emphasis added) (internal citation and quotation marks omitted) (dismissing Section 12(a)(2) claim premised on Rule 144A notes offering memorandum); *see In re Merrill Lynch Auction Rate Sec. Litig.*, 2012 WL 1994707, at *5, 7 (S.D.N.Y. June 4, 2012) (noting that "Section 12 claims based on Rule 144A offerings of unregistered securities in private placements are subject to dismissal" and dismissing Section 12 claim premised on Rule 144A offering "with prejudice as a matter of law"), *aff'd sub nom. Iconix Brand Grp. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 505 F. App'x 14 (2d Cir. 2012); *Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*, 680 F. Supp. 2d 616, 621 (S.D.N.Y. 2010) (dismissing Section 12(a)(2) claim premised on a private placement pursuant to Rule 144A); *Gotham Holdings, LP v. Health Grades, Inc.*, 534 F. Supp. 2d 442, 445 (S.D.N.Y. 2008) (dismissing Section 12(a)(2) claim where "[t]he sales offers were made to institutional investors, not the public at large, and the transactions were private ones in the secondary market"); *Am. High-Income Tr. v. Alliedsignal*, 329 F. Supp. 2d 534, 543 (S.D.N.Y. 2004) (dismissing Section 12(a)(2) claim because "offerings under Rule 144A are by definition non-public, and offering memoranda distributed in connection with such offerings cannot give rise to Section 12(a)(2) liability"); *AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 254 F. Supp. 2d 373, 389 (S.D.N.Y. 2003) (dismissing Section 12(a)(2) claim premised on a private offering pursuant to Rule 144A).

Here, Plaintiffs concede that the February 2014 Offering "was conducted by way of an Offering Memorandum pursuant to Securities Act Rule 144A." (¶ 250.) Plaintiffs attempt to plead around the case law by conclusorily alleging that the Offering Memorandum was a "Prospectus" (¶ 252) and claiming that it "was widely and publicly marketed ***to institutional***

***investors***" (¶ 114 (emphasis added)). But even if Plaintiffs could revive their Section 12(a)(2) claim by showing that these notes were marketed to the public, rather than placed in private transactions pursuant to Rule 144A, they have failed to allege any facts showing that this was the case. *See In re Refco*, 503 F. Supp. 2d at 627 (dismissing Section 12(a)(2) claim, and stating that "[n]othing in the complaint suggests that the Rule 144A offering was directed at the general investing public"). To the contrary, Plaintiffs' allegation that the Offering Memorandum was marketed to institutional investors, and no one else, defeats any attempt to plead an offering to the general public. In sum, because the February 2014 Offering "under Rule 144A [was] by definition non-public, and offering memoranda distributed in connection with such offerings cannot give rise to Section 12(a)(2) liability," Plaintiffs' Section 12(a)(2) claim must be dismissed with prejudice. *Am. High-Income Tr.*, 329 F. Supp. 2d at 543.

**B. Plaintiffs Do Not Allege Purchases from ARCP or ARCP OP in the February 2014 Offering**

Section 12(a)(2) provides that any person who offers or sells a security by means of a prospectus or oral communication that contains material misstatements or omissions shall be liable "to the person purchasing such security ***from him***." 15 U.S.C. § 77*l*(a)(2) (emphasis added). Accordingly, Section 12 "imposes liability on only the buyer's immediate seller; remote purchasers are precluded from bringing actions against remote sellers. Thus, a buyer cannot recover against his seller's seller." *Pinter v. Dahl*, 486 U.S. 622, 644 n.21 (1988); *see also Freidus v. Barclays Bank PLC*, 734 F.3d 132, 141 (2d Cir. 2013) ("In order to have standing under § 12(a)(2), . . . plaintiffs must have purchased securities directly from the defendants."). To plead a Section 12 claim, therefore, "a plaintiff must adequately allege that he or she purchased the relevant [securities] directly from the defendant." *In re Barclays Bank PLC Sec.*

*Litig.*, 2011 WL 31548, at *5 (S.D.N.Y. Jan. 5, 2011) (citation omitted), *aff'd in part and rev'd in part on other grounds*, *Freidus*, 734 F.3d 132.

Here, the certifications attached to the SAC in fact demonstrate Plaintiffs' ***lack*** of standing to assert a Section 12(a)(2) claim. With respect to National Pension Fund, its certification affirmatively establishes that it could not have purchased in the February 2014 Offering, because that offering closed on February 6, 2014 (¶ 250), and National Pension Fund does not claim to have purchased notes until over three months later, on May 15, 2014. (*See* SAC at ECF pp. 148-49 (identifying no purchases of notes prior to May 15, 2014).) With respect to "TIAA-CREF," its certification identifies purchases of 3.0% and 4.6% notes by TIAA-CREF Bond Index Fund on the opening date of the February 2014 Offering (*see id.* at ECF p. 145), but TIAA-CREF Bond Index Fund is not among the entities defined as "TIAA-CREF" in the SAC, is mentioned nowhere in the SAC, and indeed, ***is not a named Plaintiff in this case***. *See supra* n.2. Nor does TIAA-CREF's certification identify any purchase of notes by any named Plaintiff. Because "there must be a named plaintiff sufficient to establish [standing] over each claim advanced," *Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013), and Plaintiffs' certifications demonstrate that no named Plaintiff purchased directly from ARCP or ARCP OP in the February 2014 Offering, their Section 12(a)(2) claim must be dismissed. *See Stadnick v. Vivint Solar, Inc.*, 2015 WL 8492757, at *16-18 (S.D.N.Y. Dec. 10, 2015) (dismissing Section 12(a)(2) claim in a putative class action where plaintiff failed to allege a purchase in the offering because the claim could not be maintained on behalf of unnamed class members), *appeal docketed*, No. 16-65 (2d Cir. Jan. 6, 2016).

Nor can Plaintiffs use general allegations in the SAC to plead around the certifications that directly refute their claim that they purchased in the February 2014 Offering.

*See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) ("[W]here a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true."). But even if Plaintiffs could rely on general allegations, the SAC fails to allege that Plaintiffs purchased in the offering. As this Court previously held in dismissing Plaintiffs' Section 12(a)(2) claims for failure to allege standing, "[a]llegations that plaintiffs purchased securities 'pursuant or traceable' to a sale by a statutory seller are too ambiguous to satisfy any pleading standard." Dkt. No. 167 at 5 (citations omitted); *see also In re Barclays Bank*, 2011 WL 31548, at *5 ("A complaint that alleges only that plaintiffs bought [securities] 'pursuant and traceable to' the Offering Materials is insufficient."); *In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 585 (S.D.N.Y. 2010) (allegations that plaintiffs purchased securities "pursuant to" the registration statements at issue "fail[ed] to meet even the lessened pleading requirements of Rule 8"); *Public Emps.' Ret. Sys. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 484 (S.D.N.Y. 2010) (allegations that plaintiffs purchased securities "pursuant and/or traceable to the defective Prospectus Supplements" failed to plead standing "[e]ven under the modest requirements of Rule 8(a)").[4]

[4] As this Court previously held with respect to nearly identical language in Plaintiffs' prior complaint, *see* Dkt. No. 167 at 1 (Nov. 6, 2015) ("The amended complaint does not satisfy . . . Rule 9, which applies to the entire amended complaint"), the heightened pleading requirements of Rule 9(b) apply to Plaintiffs' Section 12(a)(2) claim because the SAC's allegations with respect to the February 2014 Offering sound in fraud. *See* SAC ¶ 288 (alleging that "in connection with the offering and sale of the Senior Notes pursuant to the February 2014 Notes Offering, defendants employed ***devices, schemes and artifices to defraud***, and engaged in acts, practices and a course of business, which would and did operate as a ***fraud and deceit*** upon certain plaintiffs") (emphasis added); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (applying Rule 9(b) to Securities Act claims "premised on allegations of fraud"). Plaintiffs cannot evade Rule 9(b)'s heightened pleading requirements by simply placing their Section 12(a)(2) claim in a separate section of the SAC asserting Securities Act claims and purporting to disclaim allegations of fraud with respect to the Section 12(a)(2) claim. *See Rombach*, 355 F.3d at 172 (rejecting attempt to disclaim allegations of fraud where plaintiffs alleged that a registration statement was "inaccurate and misleading" and contained "untrue statements of material facts" and "materially false and misleading written statements"; such allegations were "classically associated with fraud"); *Ladmen Partners, Inc. v. Globalstar, Inc.*, 2008 WL 4449280, at *11 n.10 (S.D.N.Y. Sept. 30, 2008) (applying Rule 9(b) despite "boilerplate disclaimer" that allegations did not sound in fraud); *In re Axis Capital Holdings Ltd., Sec. Litig.*, 456 F. Supp. 2d 576, 598 (S.D.N.Y. 2006) ("Courts have repeatedly noted that the insertion of a simple disclaimer of fraud is insufficient."). As noted above, however, whether Rule 8 or Rule 9(b) applies, the SAC fails to allege that Plaintiffs purchased directly from ARCP or ARCP OP in the February 2014 Offering.

Here, the SAC alleges that Plaintiffs "TIAA-CREF" and National Pension Fund purchased notes issued in the February 2014 Offering "from ARCP [and ARCP OP] . . . pursuant to an Offering Memorandum" (¶¶ 113-14), but these allegations are virtually identical to those in the Amended Class Action Complaint rejected by this Court as insufficient to allege standing under Section 12(a)(2). *See* Dkt. No. 167 at 5; *compare* SAC ¶ 114 *with* Amended Class Action Complaint, Dkt. No. 30, ¶ 405 ("Plaintiffs . . . purchased certain securities ***from defendants*** as described below . . . ."), ¶ 408 ("plaintiffs . . . purchased the securities . . . ***pursuant and traceable to*** the Prospectuses and Prospectus Supplements").

Notably, Plaintiffs allege that the February 2014 Offering "was conducted by way of an Offering Memorandum pursuant to Securities Act Rule 144A, by which the initial purchasers purchase the securities from the issuers and resell them pursuant to an SEC regulation providing for re-sales of unregistered securities to 'Qualified Institutional Buyers'" (¶ 250), but Plaintiffs do not allege that they were the initial purchasers. Indeed, nowhere does the SAC allege that any Plaintiff purchased ***directly*** from ARCP or ARCP OP in the February 2014 Offering. This deficiency is fatal to Plaintiffs' Section 12(a)(2) claim. *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *26-27 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014); *Citigroup Bond*, 723 F. Supp. 2d at 585; *Public Emps.' Ret. Sys.*, 714 F. Supp. 2d at 484; *In re Sterling Foster & Co., Sec. Litig.*, 222 F. Supp. 2d 216, 245 (E.D.N.Y. 2002).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Section 12(a)(2) claim be dismissed with prejudice.[5]

Dated: February 12, 2016
New York, New York

Respectfully submitted,

/s/ Scott A. Edelman

MILBANK, TWEED, HADLEY & McCLOY LLP
Scott A. Edelman
George S. Canellos
Antonia M. Apps
Jed M. Schwartz
Jonathan Ohring
28 Liberty Street
New York, NY 10005
Telephone: 212-530-5000

*Counsel for Defendants American Realty Capital Properties, Inc. and ARC Properties Operating Partnership, L.P.*

[5] Defendants join in the third-party underwriter defendants' request that the Court dismiss Plaintiffs' claims, with prejudice, to the extent they are based on non-actionable statements of opinion. *See* Third-Party Underwriter Defendants' Joinder of Defs.' Mot. to Dismiss. Defendants join in the arguments of all other defendants to the extent they are applicable to Defendants. Defendants reserve all rights to seek dismissal of Plaintiffs' claims on the grounds of failure to establish loss causation and scienter, and to challenge Plaintiffs' claims premised on forward-looking statements, and to seek dismissal on any and all other grounds, at a later stage in the case.