# Milbank

**SCOTT A. EDELMAN**
*Partner and Chairman*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5283
SEdelman@milbank.com  |  milbank.com

April 11, 2019

**VIA ECF AND HAND DELIVERY**

The Hon. Alvin K. Hellerstein
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

  Re: *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.)

Dear Judge Hellerstein:

  We are the attorneys for Defendants VEREIT, Inc. (f/k/a American Realty Capital Properties, Inc.) and VEREIT Operating Partnership, L.P. (f/k/a ARC Operating Partnership, L.P.) (collectively, "VEREIT") in the above-referenced matter.

  By way of background, on August 31, 2017, the Court certified a class in this action (the "Class"), which included all investors who purchased or otherwise acquired ARCP common stock, preferred stock, and debt securities between May 9, 2012, and October 29, 2014. Class counsel has not yet provided notice to the Class members about this certification order. Thus, the Class members have not yet received the notice contemplated under Rule 23(c)(2) regarding this action and the Class members' ability to opt out of the Class.

  As the Court is aware, a number of investors, including Vanguard, BlackRock, PIMCO, and Cohen & Steers, have elected to settle their claims against VEREIT that arise out of the facts that give rise to the above-titled class action. As of the writing of this letter, VEREIT has settled claims brought by parties holding shares of common stock and swaps referencing common stock

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Hon. Alvin K. Hellerstein
April 11, 2019                                                                                                                Page 2

representing approximately 35.3 percent of VEREIT's outstanding shares of common stock held at the end of the period covered by this action. A number of those investors chose to settle their individual claims without filing their own complaints to commence separate actions. All of those investors were represented by outside counsel.

In addition to discussions VEREIT's outside counsel has had with other outside counsel representing Class members interested in exploring settlement, VEREIT executives have had discussions (either non-lawyer to non-lawyer or in-house counsel to in-house counsel) with certain people at a number of shareholders that are members of the Class. Based on those communications, VEREIT believes that Class members other than those that have settled their claims to date and those who have or may in the future decide to retain outside counsel would be interested in exploring similar settlements through their in-house counsels. VEREIT wishes to communicate with those Class members about potential settlements of those Class members' claims. VEREIT anticipates that these conversations will be between its own in-house counsel on the one hand, and the in-house counsel for the Class members in question on the other hand. For the avoidance of doubt, VEREIT's outside counsel would not communicate with the Class members or their in-house counsel about potential settlements unless a particular Class member chooses to employ outside counsel for such discussions. As discussed below, VEREIT believes that the above-described communications are appropriate, and in no way conflict with the Federal Rules of Civil Procedure or the applicable rules of professional conduct. *See Dial Corp. v. News Corp.*, 2015 WL 9256930, \*2 (S.D.N.Y. Nov. 16, 2015); *Dodona I v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 187–88 (S.D.N.Y. 2014). We recognize, however, that the Court is tasked with administering the class action process, and in the interest of transparency, we wish to raise this issue with the Court.

We believe that VEREIT's in-house counsel is entitled to have these discussions without Court approval or the participation of Class counsel. In the only two decisions from within the Second Circuit to address this issue of which we are aware, two different judges in the Southern District of New York have permitted such communications between the defendant's in-house counsel and absent class members. In *Dodona*, Magistrate Judge Freeman approved of communications between the defendant's counsel and individual class members where "Plaintiffs [had] not shown that Defendants [had] gained any improper tactical advantage over class members by Defendants' counsel's communications . . . with class members' in-house or private attorneys, who [were] presumably sophisticated and familiar with securities litigation." 300 F.R.D. at 188.

In *Dial*, Judge Pauley permitted settlement-related communications between the defendant's in-house counsel and the in-house counsel of individual class members so long as the defendant (1) identified the absent class members it wished to contact to class counsel at least fourteen days before initiating the settlement discussions, and (2) furnished copies of certain court orders made in the case to the absent class members' in-house counsels seven days before contacting them. 2015 WL 9256930 at \*2. Notably, the court allowed these communications to

The Hon. Alvin K. Hellerstein
April 11, 2019                                                                                                                  Page 3

take place even after the class counsel had provided notice to the class members **and the deadline to opt out of the class had passed**.[1]

VEREIT is prepared to abide by the following procedures patterned after Judge Pauley's decision in *Dial*:

1. Upon determining that a particular Class member is interested in discussing settlement, VEREIT would identify to Class Counsel potential Class members with whom VEREIT contemplates having settlement discussions seven days before commencing such discussions.[2]

2. Prior to such notice, VEREIT's in-house counsel would limit its communications with such Class members regarding this action to (i) a determination of whether there is any interest on the part of the Class members in engaging in such discussions, and (ii) provision of the Joint Stipulation and Protective Order (Dkt. No. 324) and the Summary Order Certifying Class (Dkt. No. 505) entered in this action.

3. Absent Class members that are contacted by VEREIT's in-house counsel may apply to this Court through Class Counsel (or their own separate counsel) to view "Confidential Information" produced by the parties in this action, as defined by the Stipulation and Protective Order.

4. The restrictions in Paragraphs 1-3 would not apply to Class members that choose to employ outside counsel for the purpose of seeking to settle potential claims.

---

[1] The approaches taken by the *Dial* and *Dodona* courts are consistent with the New York Rules of Professional Conduct, which limit communications between a lawyer and a party the lawyer knows to be represented by another lawyer in the matter, in an effort to prevent coercion and "obtaining a tactical advantage" given the "imbalance of power inherent in lawyer-layperson contact." *See Dial Corp.*, 2015 WL 9256930, at *2; Ass'n of the Bar of the City of N.Y. Comm. On Prof'l & Judicial Ethics, Formal Op. 2007-1, at 152 (2007).

[2] Judge Pauley ordered the defendants to give fourteen days' notice to class counsel in *Dial*, but we believe that seven days is sufficient. To the extent that a potential Class member contacts VEREIT, VEREIT would identify such person to Class Counsel, and likewise wait for seven days before commencing settlement discussions.

The Hon. Alvin K. Hellerstein
April 11, 2019 — Page 4

    VEREIT thanks the Court for its attention to this matter, and stands ready to discuss this at the Court's convenience.

Respectfully submitted,

*/s/ Scott A. Edelman*

Scott A. Edelman

cc:    All counsel (*via ECF*)