# Milbank

**SCOTT A. EDELMAN**

*Partner and Chairman*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5149
sedelman@milbank.com | milbank.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/19

April 10, 2019

So ordered
4-11-19
/s/ Alvin K. Hellerstein

**VIA ECF AND HAND DELIVERY**

The Hon. Alvin K. Hellerstein
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

    Re:    *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.)

Dear Judge Hellerstein:

    We write on behalf of Defendants American Realty Capital Properties, Inc. and ARC Properties Operating Partnership, L.P. (the "ARCP Defendants") to request the Court's permission to file a three-page sur-reply, attached hereto as Exhibit A, to respond to an argument first raised by Plaintiffs in their reply brief in support of their "Motion to Preclude the ARCP Defendants from Asserting Defenses Premised on the Improper Use of the Attorney-Client Privilege" (Dkt. No. 813) ("Reply").

    Specifically, in their Reply, Plaintiffs argue for the first time that "the landscape has drastically changed since the Court's July 18, 2018 Order" which rejected their argument that the ARCP Defendants' assertion of privilege over the internal investigation was preventing them from obtaining discovery regarding the Restatement (Reply at 1), purportedly because "[f]or the first time in this litigation, the ARCP Defendants are offensively using conclusions drawn from privileged information underlying the Restatement, despite previously claiming that they had no intention of doing so." (*Id.* at 2.)

    The ARCP Defendants' proposed sur-reply would demonstrate that the evidence relied upon by Plaintiffs in support of this argument is almost entirely the same as that previously relied upon by Plaintiffs in arguing in their July 10, 2018 Letter (Dkt. No. 592) that the ARCP Defendants were using the privilege as a "sword and shield" in the litigation—an argument that was flatly rejected by the Court (*see* Dkt. No. 593).

The Hon. Alvin K. Hellerstein
April 10, 2019                                                                                                          Page 2

      Accordingly, the ARCP Defendants respectfully request the Court's permission to file the three-page sur-reply attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Scott A. Edelman*

Scott A. Edelman

cc:    All counsel (*via ECF*)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | Civil Action No.: 1:15-mc-00040-AKH |
| This Document Relates To:<br><br>ALL ACTIONS | |

### ARCP DEFENDANTS' SUR-REPLY IN FURTHER SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE

MILBANK LLP
Scott A. Edelman
Antonia M. Apps
Jed M. Schwartz
Jonathan Ohring
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000

Jerry L. Marks
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
Telephone: 424-386-4000

*Attorneys for Defendants American Realty Capital Properties, Inc. and ARC Properties Operating Partnership, L.P.*

Defendants American Realty Capital Properties, Inc. ("ARCP" or the "Company") and ARC Properties Operating Partnership, L.P. (collectively with ARCP, the "ARCP Defendants"), by their undersigned attorneys, respectfully submit this sur-reply in further support of their opposition to Plaintiffs' "Motion to Preclude the ARCP Defendants from Asserting Defenses Premised on the Improper Use of the Attorney-Client Privilege" (Dkt. No. 708), to respond to arguments first raised by Plaintiffs in their reply brief (Dkt. No. 813) ("Reply").[1]

In their Reply, Plaintiffs argue that "the landscape has drastically changed since the Court's July 18, 2018 Order" which rejected their argument that the ARCP Defendants' assertion of privilege over the internal investigation was preventing them from obtaining discovery regarding the Restatement. (Reply at 1.) Specifically, Plaintiffs assert that "[f]or the first time in this litigation, the ARCP Defendants are offensively using conclusions drawn from privileged information underlying the Restatement, despite previously claiming that they had no intention of doing so[,]" and that the Court should therefore preclude the ARCP Defendants from relying on evidence that the March 2015 Restatement reflected new management's implementation of changes in policy and judgment rather than a correction of false statements. (*Id.* at 2.) In support, Plaintiffs cite (for the first time) seven "[s]pecific examples of the ARCP Defendants offensively using unsupported conclusions drawn from privileged information[.]" (*Id.* at 2-3.)

Plaintiffs are wrong. Plaintiffs' purported "examples" only underscore that they are relying on the *same* arguments that they relied upon in their July 2018 Letter that were previously rejected

---

[1] Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the ARCP Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Preclude (Dkt. No. 768) ("Opp. to Mot. to Preclude"). "ARCP MSJ" refers to the Memorandum of Law in Support of ARCP Defendants' Motion for Summary Judgment or, In the Alternative, to De-Certify the Class (Dkt. No. 667). "May 2018 Opp." refers to ARCP's Opposition to Direct Action Plaintiffs' Motion for Partial Summary Judgment, filed in *Twin Secs., Inc., et al. v. American Realty Capital Properties, Inc., et al*, No. 1:15-cv-01291-AKH, Dkt. No. 179 (May 22, 2018).

by the Court. As indicated in the table below, *all but one* of the seven "examples" were raised by the ARCP Defendants *in May 2018* in their opposition to the Direct Action Plaintiffs' motion for partial summary judgment, which was the very basis for Plaintiffs' (rejected) argument in their July 2018 Letter that the ARCP Defendants were purportedly using the privilege as a "sword and shield" (*see* July 2018 Letter at 12-17 (raising "sword and shield" argument and asserting that "in its summary judgment opposition [in the Direct Actions], one of ARCP's key defenses is that the error corrections in the Restatements are not an admission of falsity, as plaintiffs' maintain, but rather, merely reflect 'changes in management policy or judgment'")):

| Plaintiffs' "Examples" of the ARCP Defendants Purportedly Using the Privilege as a Sword and Shield in their Motion for Summary Judgment in February 2019 | Same Arguments and Evidence Were Raised in the ARCP Defendants' Opposition to the Direct Action Plaintiffs' Motion for Partial Summary Judgment in May 2018 |
|---|---|
| "The ARCP Defendants asserting that the Restatement was the result of: 'ARCP's new management exercised its judgment and implemented changes in Company policy regarding ARCP's prior methodology for reporting AFFO and the classification of its add-backs.'" (Reply at 3 (quoting ARCP MSJ at 37).) | "[T]he revisions to AFFO and net loss and the re-evaluation of the effectiveness of the Company's prior internal controls set forth in ARCP's March 2015 restatement of its financial results (the 'Restatement') reflected, *inter alia*, new management's changes to Company policy and changes in judgment as to ARCP's AFFO methodology and the 'add backs' it used to calculate AFFO, rather than an admission that the Company's prior reporting was 'false' when made." (May 2018 Opp. at 3; *see also id.* at 39.) |
| "The methodology for fiscal year 2012 through the first quarter of 2014 was the result of '[m]ethodology [a]djustments[,] not because the previous methodology was incorrect at the time of those earlier filings.'" (Reply at 3 (quoting ARCP MSJ at 37).) | "As is evident from the face of the restated FY 2013 Form 10-K, the decision to restate AFFO using the "Net Method" and deducting a 'proportionate share of adjustments for non-controlling interests' was the result of '[m]ethodology [a]djustments.'" (May 2018 Opp. at 43; *see also id.* at 19.) |
| "ARCP did not apply a materiality threshold in determining which items to restate." (Reply at 3 (citing ARCP MSJ at 37).) | "In addition, when determining which items to restate, ARCP did not apply a materiality threshold." (May 2018 Opp. at 21.) |

| | |
|---|---|
| "The Restatement contains quantitatively immaterial items that ARCP chose to restate, even though these items would typically not be restated." (Reply at 3 (citing ARCP MSJ at 37-38).) | "Therefore, the Restatement is replete with items that typically would not be revised because they are quantitatively immaterial, but which the Company nevertheless revised in connection with the Restatement." (May 2018 Opp. at 21.) |
| "The Restatement contains items that ARCP could not locate support for in its records 'even though that support in fact existed.'" (Reply at 3 (quoting ARCP MSJ at 38).) | "In addition to retroactively applying new policies, there is evidence that some revisions in the Restatement were simply the result of the Company being unable during the restatement period to locate and provide Grant Thornton with support for the previously-reported expense." (May 2018 Opp. at 52; *see also id.* at 21.) |
| "The statements about internal controls in the Restatement reflect 'opinion of the Company's new management in connection with a 're-evaluation' of those internal controls.'" (Reply at 3 (quoting ARCP MSJ at 38).) | "[T]he Restatement is limited by its terms to *new management's re-evaluation*—in 2015—of the effectiveness of internal controls as of December 31, 2013 and for the first two quarters of 2014, and *says nothing* about the truth or falsity of prior statements of opinion about internal controls *at the time they were made*." (May 2018 Opp. at 55 (emphasis in original); *see also id.* at 3, 39.)[2] |

As discussed in the ARCP Defendants' Opposition to Plaintiffs' Motion to Preclude, the ARCP Defendants have not blocked Plaintiffs from obtaining evidence regarding these or any other Restatement items. To the contrary, Plaintiffs have obtained thousands of pages of deposition testimony on these items and other items addressed in the Restatement. Nor are the ARCP Defendants relying on privileged communications in raising these evidentiary items in support of its Restatement defense. (*See generally* Opp. to Mot. to Preclude.)

Accordingly, Plaintiffs' motion should be denied.

---

[2] The only "example" identified by Plaintiffs that was not expressly raised in the ARCP Defendants' May 2018 Opposition is the ARCP Defendants' factual assertion that ARCP's "management elected not to make certain adjustments that would have increased AFFO." (Reply at 3 (citing ARCP MSJ at 38).) That assertion is based, in part, on deposition testimony by Grant Thornton auditor Richard LaFleur in September 2018—months after the filing of the May 2018 Opposition—an issue which Plaintiffs had full opportunity to explore during LaFleur's deposition (and elsewhere). (*See* ARCP Defs.' Rule 56.1 Statement of Material Undisputed Facts in Support of Their Mot. for Summary Judgment or, In the Alternative, to De-Certify the Class, Dkt. No. 755, ¶ 197 (Mar. 27, 2019) (citing LaFleur testimony).)

Dated: April 10, 2019
New York, New York

                    **MILBANK LLP**

                    By: /s/ Scott A. Edelman
                         Scott A. Edelman
                         Antonia M. Apps
                         Jed M. Schwartz
                         Jonathan Ohring
                         55 Hudson Yards
                         New York, New York 10001
                         Telephone: (212) 530-5000

                         Jerry L. Marks
                         2029 Century Park East, 33rd Floor
                         Los Angeles, California 90067-3019
                         Telephone: (424) 386-4000

                    *Attorneys for Defendants American Realty Capital Properties, Inc. and ARC Properties Operating Partnership, L.P.*