UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | : : : : : : : : | Civil Action No. 1:15-mc-00040-AKH<br><br>CLASS ACTION |
| This Document Relates To:<br><br>   ALL ACTIONS. | | |

MEMORANDUM OF LAW IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO
PRECLUDE CERTAIN EXPERT OPINIONS REGARDING DUE DILIGENCE

4833-9209-4110.v2

## I.      INTRODUCTION

This Court repeatedly warned the parties that due diligence "is a jury issue." November 29, 2018 Hearing Transcript ("11/29/18 Hrg. Tr.") at 29. Yet, heedless of this Court's order that expert evidence be "limited to what constitutes 'due diligence'" (December 4, 2018 Order (ECF No. 615) ("Due Diligence Order")), the experts for American Realty Capital Properties, Inc.'s ("ARCP") directors and the Underwriters[1] offered opinions that are either irrelevant and thus will confuse the jury, or that – in complete contravention of the Court's instructions – tread on the jury's role in determining whether these defendants satisfied their burden in conducting reasonable due diligence under §11 of the Securities Act of 1933:

- Jonathan F. Foster ("Foster") usurps the jury's role by weighing the evidence and opining that Nicholas S. Schorsch ("Schorsch"), William M. Kahane ("Kahane"), Edward M. Weil ("Weil"), and Scott J. Bowman ("Bowman") "*acted consistent* with custom and practice regarding oversight of financial reporting." Declaration of Jason A. Forge in Support of Class Plaintiffs' Motion to Exclude Experts ("Forge Decl."), Ex. 18 (May 3, 2019 Expert Report of Jonathan F. Foster ("Foster Report")) at 19-30, filed concurrently herewith.[2] Because Foster opined on whether the directors' due diligence was reasonable – *i.e.*, "consistent with custom and practice" – he should be excluded from testifying.

- Michael Klausner ("Klausner") did not even mention the phrase "due diligence" *at all* in the report he submitted on behalf of the ARCP directors Leslie D. Michelson, William G. Stanley, Edward G. Rendell, Thomas A. Andruskevich, and Scott P. Sealy. Forge Decl., Ex. 20 (Expert Report of Michael Klausner ("Klausner Report")). Having provided no guidance as to "what constitutes 'due diligence'" by outside directors, the Klausner Report

---

[1]     The "Underwriters" are Bank of America Merrill Lynch, Pierce, Fenner & Smith Incorporated; Barclays Capital Inc.; Citigroup Global Markets Inc.; J.P. Morgan Securities LLC; BMO Capital Markets Corp.; Capital One Securities, Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Janney Montgomery Scott, LLC; JMP Securities LLC; KeyBanc Capital Markets Inc.; Ladenburg Thalmann & Co. Inc.; Mizuho Securities USA LLC (f/k/a Mizuho Securities USA Inc.); Morgan Stanley & Co. LLC; Piper Jaffray & Co.; PNC Capital Markets LLC; RBS Securities Inc.; Robert W. Baird & Co. Incorporated; and Wells Fargo Securities, LLC.

[2]     Emphasis is added and citations are omitted unless otherwise noted.

has no relevance to the jury's determination of whether the ARCP directors have proven their due diligence defense. Irrelevant and therefore confusing, Klausner's opinions should be excluded.

- On behalf of the Underwriters, Gary M. Lawrence ("Lawrence") attempted to circumvent the Due Diligence Order by citing "examples from the record and testimony" "of customary lead and participating underwriter shelf takedown due diligence activities." Forge Decl., Ex. 21 (May 3, 2019 Expert Report of Gary M. Lawrence ("Lawrence Report")) at 5. In almost 80 pages of appendices, Lawrence offered supposed "examples" of the purported evidence "corresponding to" the diligence steps laid out in his report. Lawrence Report at 20-27 & Appendices III.A.-XV.C. (herein, the "Appendices"). These Appendices make the erroneous assessment that the Underwriters satisfied their due diligence obligations. But this factual assessment is improper and because even Lawrence admitted, referring to the Appendices "*I don't believe it's necessary*," the Appendices should be stricken from his opinion in their entirety. To the extent Lawrence is permitted to testify, he should be precluded from opining on whether Underwriters' actions in this case "correspond[] to" particular due diligence steps.

Since these three experts have flouted the Court's Due Diligence Order, their testimony must be stricken accordingly: (1) Foster and Klausner should be excluded from providing any expert evidence; and (2) Lawrence's Appendices should be stricken, he should be precluded from opining as to whether the evidence from the record regarding the Underwriters "corresponds to" conducting due diligence, and any opinion he testifies to should be limited to "what constitutes 'due diligence.'"

## II.  RELEVANT GOVERNING LAW

### A.  Expert Opinions Must Be Relevant and May Not Usurp the Jury's Role

"The law assigns district courts a 'gatekeeping' role in ensuring that expert testimony satisfies the requirements of Rule 702." *United States v. Farhane*, 634 F.3d 127, 158 (2d Cir. 2011); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94, 597 (1993) (enumerating considerations by the court for ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand"). Federal Rule of Evidence 702 provides that expert testimony is admissible where:

- 2 -

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The court's gatekeeping role "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

In considering the admissibility of expert testimony, "[o]ne of the fundamental requirements of Rule 702 is that the proposed testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004). Although "'akin to the relevance requirement,'" the helpfulness requirement "'goes beyond mere relevance . . . because it also requires expert testimony to have a valid connection to the pertinent inquiry.'" *Id*. Even if expert testimony is relevant, it should be excluded under Federal Rule of Evidence 403 if its "'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

Likewise, expert testimony should not be admitted if it is "'directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help.'" *United States v. Mulder*, 273 F.3d 91, 101 (2d Cir. 2001). While expert testimony "may help a jury understand unfamiliar terms and concepts[,] [i]ts use must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 178

- 3 -

(S.D.N.Y. 2008); *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 528 (S.D.N.Y. 2001) ("an expert opinion must be helpful to the trier of fact and should not be admitted where it 'would merely tell the jury what result to reach'"). Thus, even if an expert's testimony "'is couched in terms of industry practices, the expert still may not, under any circumstances, opine on the ultimate legal issue in the case.'" *Highland Capital*, 551 F. Supp. 2d at 181; *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 498 (S.D.N.Y. 2009) (the jury must be allowed to reach its own conclusion concerning reasonableness).

### B. Section 11 and This Court Have Provided the Limited Scope in Which These Experts May Opine

Under §11, officers, directors, and underwriters are strictly liable for false or misleading statements or omissions in the registration statement of a securities offering, unless they "sustain the burden of proof" that: (1) for those parts of the registration statement "not purporting to be made on the authority of an expert," he or she "had, after reasonable investigation, reasonable ground to believe and did believe . . . that the statements therein were true and that there was no omission"; and (2) for those parts of the registration statement "purporting to be made on the authority of an expert," he or she "had no reasonable ground to believe and did not believe . . . that the statements therein were untrue or that there was an omission." 15 U.S.C. §77k(b). "A defendant's burden in establishing this defense is heavy." *In re WorldCom, Inc. Sec. Litig.*, 346 F. Supp. 2d 628, 659 (S.D.N.Y. 2004).

Anticipating the jury's role in determining whether defendants have met their burden under §11, the statute defines reasonableness as "that required of a prudent [person] in the management of his [or her] own property." 15 U.S.C. §77k(c). To that end, this Court repeatedly told the parties that due diligence "is a jury issue." 11/29/18 Hrg. Tr. at 29; *see also* June 11, 2018 Hearing Transcript at 8 (instructing that the parties "will argue what's reasonable" as opposed to having an

- 4 -

expert say "an activity constitutes due diligence"); June 12, 2019 Hearing Transcript at 4 ("the jury has to decide the questions of whether people exercised due diligence or not"); *id.* at 20 (what is reasonable due diligence by a director "is not a matter for an expert"). In fact, to curtail expert intrusion into considerations of reasonableness in relation to due diligence, the Court issued the Due Diligence Order, stating: "Expert evidence, ***limited to what constitutes 'due diligence***,' is admissible, in the context of what should be reviewed about the business records and financial reporting of an issuer of a security. All else is outside the area of expert testimony."

### III. ARGUMENT

#### A. Foster's Opinion Should Be Excluded

Without opining on "due diligence" per se, Foster opined that Schorsch, Weil, Kahane, and Bowman "acted consistent with custom and practice" in their oversight of ARCP's financial reporting. Foster Report at 19-30. That his opinions regarding "custom and practice" are meant as a proxy for what is "reasonable" due diligence is hardly disguised.[3] Indeed, he notes in the "Background" section of his report that plaintiffs have alleged defendants' failure to "'make a reasonable and diligent investigation' of statements made in various securities offing materials." Foster Report, ¶12. Likewise, that "custom and practice" stands in for Foster's opinion that the four defendants' conducted reasonable due diligence of the offering materials at issue is confirmed by Foster's repeated citations to a text authored by Lawrence regarding due diligence. *See, e.g.*, *id.* at 9

---

[3] Because facile, yet improper, conclusions can be made by conflating ordinariness with reasonableness, the Court in *WorldCom* cautioned: "What is ordinary in one context may be sufficiently unusual in another to create a duty of investigation by a 'prudent man.'" 346 F. Supp. 2d at 680. So, too, conflating "custom and practice" with reasonableness is improper. Foster's apparent conflation of "custom and practice" with "reasonableness" can only result in prejudicial confusion by the jury, who will otherwise not comprehend the purpose of Foster's opinion if it is not to address whether the directors' due diligence was reasonable.

n.11, 10 n.16, 15 n.28.[4] Foster's "opinions" as to whether defendants' specific activities were consistent with "custom and practice" – in essence, were reasonable – clearly invades the province of the jury and violates the Court's Due Diligence Order.

Foster has gone way beyond opining on "what constitutes 'due diligence,'" as required in the Due Diligence Order, and stamped his approval on the supposed "oversight" by Schorsch, Weil, Kahane, and Bowman. Assembling cherry-picked pieces of evidence regarding Schorsch, Bowman, Kahane, and Weil's "oversight" roles, Foster determines that they are, in his opinion, "consistent with custom and practice" – *i.e.*, these defendants conducted reasonable due diligence. As a result, because Foster's opinion has usurped the role of the jury and contravened this Court's Due Diligence Order, his opinion should be excluded. *See Bilzerian*, 926 F.2d at 1294; *Highland Capital*, 551 F. Supp. 2d at 181 (though "'couched in terms of industry practices, the expert still may not, under any circumstances, opine on the ultimate legal issue in the case'").

### B. Klausner's Opinion Should Be Excluded

In his six-page opinion, Klausner never explained "what constitutes due diligence," failing entirely to comply with the Due Diligence Order. In fact, not one single word of his opinion mentions due diligence. Instead, this scanty opinion purports to opine "on the role of outside directors in governing a corporation" and "the processes by which outside directors conduct their oversight." Klausner Report, ¶10. What purpose either of these opinions has in assisting the jury regarding the §11 claims brought against the outside directors is entirely unclear. The Klausner Report does not purport to address any issue relevant to the elements of §11 or the affirmative defenses. Indeed, Klausner testified that "I don't opine on anything with respect to the facts of this

---

[4] As Class Plaintiffs argued in their Motion *in Limine* No. 6, Foster's citations to Lawrence's book only bolsters a finding that Foster's opinion should be excluded because it is cumulative. ECF No. 938 at 6.

case or with respect to any question of law. And the due diligence defense refers to a legal defense. So, no, I don't opine on that." Forge Decl., Ex. 3 at 49:9-13.

Thus, since Klausner utterly failed to provide any opinion *at all* regarding "what constitutes 'due diligence,'" as required by the Court's Due Diligence Order, his opinions are irrelevant and can in no way assist the jury "to understand the evidence or to determine a fact in issue" – that is, what constitutes due diligence for an outside director. Fed. R. Evid. 702(a). Rather, his opinions are prone to confuse the jury as to what issue they are deciding. *See* Fed. R. Evid. 403; *see also, e.g.*, *SEC v. Revelation Capital Mgmt.*, 215 F. Supp. 3d 267, 282 (S.D.N.Y. 2016) (excluding expert's opinion and testimony as irrelevant to any issue the jury will have to find). Thus, Klausner's opinion should be entirely excluded.

### C. Lawrence's Appendices Should Be Stricken and His Opinion Limited to What Constitutes Due Diligence

The bulk of the Lawrence Report consists of 80 pages of Appendices that enumerate purported examples "corresponding to" "customary" steps in underwriter due diligence. Lawrence explained that "[w]hile I could have cited hypothetical examples in these appendices, I have elected to cite examples from the record and testimony. . . because the Court and litigants are already acquainted with these materials and because this approach may enhance the utility of my Report for the Court and other readers." Lawrence Report, ¶5. In effect, Lawrence's Appendices assess the evidence, apply it to the steps necessary in his opinion to perform due diligence, and conclude that each step is satisfied. This exercise is the jury's province, not Lawrence's. *Primavera*, 130 F. Supp. 2d at 528 ("an expert opinion must be helpful to the trier of fact and should not be admitted where it 'would merely tell the jury what result to reach'").

Lawrence's basic framework is to list the steps in his report, that, in his opinion, underwriters take to conduct due diligence. Lawrence Report, ¶¶54-97. Then, he draws the conclusion that

certain evidence "correspond[s] to" the step. *See id.*, ¶¶55, 57, 59, 65, 67, 69, 73, 77, 82, 86, 88, 96 & Appendices III.A.-XV.C. But the evidence evaluated in Lawrence's Appendices can be admitted through percipient witnesses. *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (expert "will not be permitted to merely . . . 'regurgitate' the evidence" and "to the extent such evidence is admissible, it should be presented to the [factfinder] directly"). And the jury can do its own assessment of this evidence and decide, based upon the Court's instructions, if the Underwriters here meet their burden of proving they performed a reasonable due diligence of ARCP. *Primavera*, 130 F. Supp. 2d at 529 (an expert may not "supplant the role of counsel in making argument at trial, and the role of the [factfinder] [in] interpreting the evidence").

Since Lawrence opines that certain evidence purportedly "correspond[s] to" each step, the Appendices risk misleading the jury that the step is satisfied for establishing the Underwriters' due diligence. Such opinions are inadmissible.[5] *GST Telecomms., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000) (experts should not be permitted "to give conclusory opinions and characterizations of the business conduct portrayed and to essentially decide the case"). At most, Lawrence's opinions should be limited to opining on "what constitutes 'due diligence'" as provided for in the Court's Due Diligence Order.

---

[5] Even Lawrence, when testifying regarding the Appendices, admitted they are not "necessary." Forge Decl., Ex. 5 at 97:7-16.

## IV. CONCLUSION

For the reasons set out above, the Court should exclude Lawrence's expert opinions in part, and exclude the opinions proffered by Foster and Klausner in their entirety.

DATED: August 5, 2019　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　　　　DARREN J. ROBBINS
　　　　　　　　　　　　　　　　　DANIEL S. DROSMAN
　　　　　　　　　　　　　　　　　JONAH H. GOLDSTEIN
　　　　　　　　　　　　　　　　　DEBRA J. WYMAN
　　　　　　　　　　　　　　　　　JESSICA T. SHINNEFIELD
　　　　　　　　　　　　　　　　　ASHLEY M. PRICE


　　　　　　　　　　　　　　　　　　　　s/ ASHLEY M. PRICE
　　　　　　　　　　　　　　　　　　　　ASHLEY M. PRICE

　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　San Diego, CA 92101-8498
　　　　　　　　　　　　　　　　　Telephone: 619/231-1058
　　　　　　　　　　　　　　　　　619/231-7423 (fax)
　　　　　　　　　　　　　　　　　darrenr@rgrdlaw.com
　　　　　　　　　　　　　　　　　dand@rgrdlaw.com
　　　　　　　　　　　　　　　　　jonahg@rgrdlaw.com
　　　　　　　　　　　　　　　　　debraw@rgrdlaw.com
　　　　　　　　　　　　　　　　　jshinnefield@rgrdlaw.com
　　　　　　　　　　　　　　　　　aprice@rgrdlaw.com

　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN
　　　　　　　　　　　　　　　　　ROBERT M. ROTHMAN
　　　　　　　　　　　　　　　　　58 South Service Road, Suite 200
　　　　　　　　　　　　　　　　　Melville, NY 11747
　　　　　　　　　　　　　　　　　Telephone: 631/367-7100
　　　　　　　　　　　　　　　　　631/367-1173 (fax)
　　　　　　　　　　　　　　　　　srudman@rgrdlaw.com
　　　　　　　　　　　　　　　　　rrothman@rgrdlaw.com

　　　　　　　　　　　　　　　　　Lead Counsel for Lead Plaintiff and the Class

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 12, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

           s/ ASHLEY M. PRICE
           ASHLEY M. PRICE

           ROBBINS GELLER RUDMAN
             & DOWD LLP
           655 West Broadway, Suite 1900
           San Diego, CA 92101-8498
           Telephone: 619/231-1058
           619/231-7423 (fax)

           E-mail: aprice@rgrdlaw.com

4833-9209-4110.v2

# Mailing Information for a Case 1:15-mc-00040-AKH In re American Realty Capital Properties, Inc. Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Robin L. Alperstein**
  ralperstein@beckerglynn.com,esteckhan@beckerglynn.com,hhill@beckerglynn.com

- **Antonia Marie Apps**
  aapps@milbank.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Adam M. Apton**
  aapton@zlk.com

- **Karim Basaria**
  kbasaria@sidley.com

- **Khristoph Becker**
  kbecker@steptoe.com,bhamerschlag@Steptoe.com,ehartman@steptoe.com,cjenkins@steptoe.com

- **Gary Frederick Bendinger**
  gbendinger@sidley.com,nyefiling@sidley.com,gary-bendinger-4030@ecf.pacerpro.com

- **Stanley D Bernstein**
  bernstein@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Rebecca A. Beynon**
  rbeynon@kellogghansen.com

- **Brian Roger Blais**
  brian.blais@usdoj.gov,usanys.ecf@usdoj.gov,CaseView.ECF@usdoj.gov

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Kristen Leigh Bokhan**
  kristen.bokhan@kirkland.com

- **Adam Jerrod Bookman**
  adam.bookman@weil.com,adam-bookman-4279@ecf.pacerpro.com

- **Bruce Roger Braun**
  bbraun@sidley.com,nyefiling@sidley.com,efilingnotice@sidley.com,catherine.stewart@sidley.com,kbasaria@sidley.com,ntygesso@sidley.com,nconrad@sidley.com,bruce-braun-9612@ecf.pacerpro.com

- **Kristina Anne Bunting**
  kbunting@paulweiss.com,mao_fednational@paulweiss.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com,SCaesar@rgrdlaw.com,5233378420@filings.docketbird.com,kmccormack@rgrdlaw.com,lmix@rgrdlaw.com

- **Alexandra Rebecca Clark**
  aclark@pkbllp.com

- **Neil Harris Conrad**
  nconrad@sidley.com,efilingnotice@sidley.com,neil-conrad-4222@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,smiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com,bdentremont@bermandevalerio.com,ecf@bermandevalerio.com,bmccarthy@bermandevalerio.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,5593753420@filings.docketbird.com

- **H. Miriam Farber**
  mfarber@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,miriam-farber-7421@ecf.pacerpro.com,manattyoffice@shearman.com

- **Meagan Alicia Farmer**
  mfarmer@gardylaw.com
- **Reid Mason Figel**
  rfigel@kellogghansen.com,esavoie@kellogghansen.com,cparra@kellogghansen.com
- **Christopher Lee Filburn**
  cfilburn@paulweiss.com,mao_fednational@paulweiss.com
- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,2249257420@filings.docketbird.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Adam Fotiades**
  afotiades@zuckerman.com
- **Molly Bruder Fox**
  mbfox@steptoe.com
- **Christopher Louis Garcia**
  christopher.garcia@weil.com,mco.ecf@weil.com,evert.christensen@weil.com,christopher-garcia-1339@ecf.pacerpro.com,nymao@ecf.pacerpro.com
- **James Philip Gillespie**
  jgillespie@kirkland.com,kevin.mccarthy@kirkland.com,kenymanagingclerk@kirkland.com
- **Daniel Zachary Goldman**
  dgoldman@pkbllp.com
- **Andrew Edward Goldsmith**
  agoldsmith@kellogghansen.com,ecfnotices@kellogghansen.com,ggoldfeder@kellogghansen.com,ecf-2ff5a29c9f5d@ecf.pacerpro.com
- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com
- **Douglas W. Greene**
  dgreene@bakerlaw.com,agougisha@bakerlaw.com,bhlitdocket@bakerlaw.com
- **Theresa Hsin-Yi Gue**
  tgue@pkbllp.com
- **Adam Selim Hakki**
  ahakki@shearman.com,managing-attorney-5081@ecf.pacerpro.com,Courtalert@shearman.com,manattyoffice@shearman.com,adam-hakki-1816@ecf.pacerpro.com
- **John Louis Hardiman**
  hardimanj@sullcrom.com,john-hardiman-9552@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com
- **David Charles Harrison**
  dharrison@lowey.com
- **Barbara J. Hart**
  bhart@lowey.com
- **Steven P. Harte**
  steven@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com
- **James Ormerod Heyworth , V**
  jheyworth@sidley.com,nyefiling@sidley.com,james-heyworth-0340@ecf.pacerpro.com
- **William Scott Holleman**
  ScottH@johnsonfistel.com,paralegal@johnsonfistel.com
- **Geoffrey Coyle Jarvis**
  gjarvis@ktmc.com,9343632420@filings.docketbird.com,mswift@ktmc.com
- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com
- **Rebecca M Katz**
  rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com
- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com
- **Michael Anthony Keough**
  mkeough@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com
- **Phillip C. Kim**
  pkim@rosenlegal.com
- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Alexia Dorothea Korberg**
  akorberg@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Larry Howard Krantz**
  lkrantz@krantzberman.com

- **Eric Albin Larson**
  elarson@mmmlaw.com,eeckard@mmmlaw.com

- **Angel P. Lau**
  alau@rgrdlaw.com,8467512420@filings.docketbird.com,tdevries@rgrdlaw.com

- **Justin David Lerer**
  jlerer@paulweiss.com,mao_fednational@paulweiss.com

- **Michelle Lynn Levin**
  mlevin@steptoe.com,bhamerschlag@Steptoe.com,ehartman@steptoe.com,cjenkins@steptoe.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,daniel-lewis-6070@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,jsnematzadeh@pomlaw.com

- **Neil Robert Lieberman**
  nlieberman@hsgllp.com,crodriguez@hsgllp.com,Managingclerk@hsgllp.com

- **Howard Theodore Longman**
  tsvi@aol.com,hlongman@ssbny.com

- **Morgan Paige Lucas**
  mlucas@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Dermot Lynch**
  dlynch@zuckerman.com

- **John Phillip MacNaughton**
  jpm@mmmlaw.com,wew@mmmlaw.com,elarson@mmmlaw.com

- **Michael David Margulies**
  mmargulies@carltonfields.com

- **Jerry Lee Marks**
  jmarks@milbank.com

- **Rita Kathleen Maxwell**
  rita.maxwell@bracewelllaw.com,mco@bracewelllaw.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Glen Garrett McGorty**
  gmcgorty@crowell.com

- **Donald Alan Migliori**
  dmigliori@motleyrice.com,kdotson@motleyrice.com

- **Michael Campion Miller**
  mmiller@steptoe.com,ocorn@Steptoe.com,ehartman@steptoe.com,bhamerschlag@steptoe.com

- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com

- **Erin Jennifer Morgan**
  ejmorgan@paulweiss.com,mao_fednational@paulweiss.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com,sturman@sturman.ch

- **Daniel P. Moylan**
  dmoylan@zuckerman.com,jlinton@zuckerman.com,cvandergriff@zuckerman.com

- **Beth Mueller**
  beth.mueller@kirkland.com,lroberts@kirkland.com,kenymanagingclerk@kirkland.com

- **Mark Francis Murphy**
  mmurphy@steptoe.com

- **Sean Michael Nadel**
  snadel@kellogghansen.com

- **William H. Narwold**
  bnarwold@motleyrice.com,glevin@motleyrice.com,lmclaughlin@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com

- **Shawn Patrick Naunton**
  snaunton@zuckerman.com,lgehlbach@zuckerman.com

- **Gregory Mark Nespole**
  gnespole@zlk.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Ohring**
  johring@milbank.com,DMarcou@milbank.com,mprostko@milbank.com,TQuinn@milbank.com,JKammerman@milbank.com,milbank@ecf.courtdrive.com,jon-ohring-4945@ecf.pacerpro.com,dhooks1@milbank.com,klandis@milbank.com,AutoDocketECF@milbank.com,ggreen@milbank.com,MGrier@milbank.com,molsson@milb

- **Bradley E Oppenheimer**
  boppenheimer@kellogghansen.com,ecf-780f0d54d6a1@ecf.pacerpro.com,gfording@kellogghansen.com

- **Guy Petrillo**
  gpetrillo@pkbllp.com

- **Ashley M. Price**
  APrice@rgrdlaw.com,e_file_sd@rgrdlaw.com,9561670420@filings.docketbird.com,lmix@rgrdlaw.com

- **Kingdar Prussien**
  kprussien@milbank.com

- **Arlen Pyenson**
  apyenson@crowell.com

- **Fei-Lu Qian**
  fqian@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Leah Margaret Quadrino**
  lquadrino@steptoe.com,pparker@steptoe.com

- **Daniel Brett Rehns**
  drehns@hrsclaw.com,efilings@hrsclaw.com

- **Kenneth Mark Rehns**
  krehns@saxenawhite.com,krehns@cohenmilstein.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Lorin L. Reisner**
  LReisner@paulweiss.com,mao_fednational@paulweiss.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Ann Kimmel Ritter**
  aritter@motleyrice.com,glevin@motleyrice.com,kweil@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,jcaringal@rgrdlaw.com

- **Lara Elizabeth Romansic**
  lromansic@steptoe.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,9858910420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter George Safirstein**
  psafirstein@safirsteinmetcalf.com,sfeerick@safirsteinmetcalf.com

- **Michael Gerard Scavelli**
  mscavelli@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Jed Mastren Schwartz**
  jschwartz@milbank.com,jed-schwartz-8050@ecf.pacerpro.com,milbank@ecf.courtdrive.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,3827167420@filings.docketbird.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph R. Seidman**
  seidman@bernlieb.com

- **Jonathan Lucas Shapiro**
  jshapiro@kasowitz.com,courtnotices@kasowitz.com,autodocket@kasowitz.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com,4243953420@filings.docketbird.com,landracchio@rgrdlaw.com

- **Thomas Michael Skelton**
  tskelton@lowey.com

- **Richard William Slack**
  richard.slack@weil.com,mco.ecf@weil.com,richard-slack-7880@ecf.pacerpro.com,adam.bookman@weil.com,Patrick.Branson@weil.com,nymao@ecf.pacerpro.com,evert.christensen@weil.com,Raquel.Kellert@weil.com

- **Patrick C Smith**
  psmith@dehay.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Luigi Spadafora**
  spadafora.l@wssllp.com

- **Kendra L Stead**
  kstead@sidley.com,efilingnotice@sidley.com,tcollier@sidley.com,jdent@sidley.com,kendra-stead-0480@ecf.pacerpro.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com,michael-h-steinberg-5026@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Johnson Stewart**
  elizabeth.stewart@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,elizabeth-stewart-0821@ecf.pacerpro.com,manattyoffice@shearman.com

- **Daniel Ben Tehrani**
  Daniel.Tehrani@usdoj.gov,CaseView.ECF@usdoj.gov

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Matthew Tracy**
  tracy.m@wssllp.com

- **Nicholas Tygesson**
  ntygesso@sidley.com

- **Anil Karim Vassanji**
  avassanji@fklaw.com

- **Melanie Elizabeth Walker**
  mewalker@sidley.com,melanie-walker-7174@ecf.pacerpro.com,efilingnotice@sidley.com

- **Reid Weingarten**
  rweingarten@steptoe.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,joshua-rubin-1257@ecf.pacerpro.com,exec@weisslawllp.com

- **Theodore Von Wells , Jr**
  twells@paulweiss.com,mao_fednational@paulweiss.com

- **Collin White**
  cwhite@kellogghansen.com

- **Regis C. Worley , Jr**
  rworley@rgrdlaw.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com,9404133420@filings.docketbird.com,scaesar@rgrdlaw.com

- **Genevieve Graeme York-Erwin**
  YorkErwinG@lanepowell.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ar Capital LLC**
,

**Dwight Phillip Bostwick**
Zuckerman Spaeder, LLP
1800 M Street, N.W., Ste. 1000
Washington, DC 20036-5802

**Scott Alexander Edelman**
Milbank LLP
55 Hudson Yards
New York City, NY 10001-2163

**Kevin Patton**
,

**William Taylor**
Zuckerman Spaeder LLP
1800 M Street, N.W
Washington, DC 20036

**David C. Walton**
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West Broadway
Suite 1900
San Diego, CA 92101

**Abby M. Wenzel**
,