# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | Civil Action No.: 1:15-mc-00040-AKH |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | **ORAL ARGUMENT REQUESTED** |
| ALL ACTIONS | |
| JET CAPITAL MASTER FUND, L.P., et al., | |
| Plaintiffs, | Civil Action No. 1:15-cv-00307-AKH |
| vs. | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., et al., | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION TO PRECLUDE EXPERT WITNESS WALTER N. TOROUS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

I.      PLAINTIFFS' MOTION IS PREMISED ON THE INCORRECT ASSERTION
THAT THERE IS A BINDING TEST FOR PROVING MARKET EFFICIENCY
THAT THE JURY MUST APPLY.  THAT ASSERTION IS FLATLY
CONTRADICTED BY SECOND CIRCUIT PRECEDENT............................................ 4

II.     DR. TOROUS IS NOT OFFERING A LEGAL OPINION AND WILL NOT
USURP THE ROLE OF THE COURT OR THE JURY.................................................. 6

CONCLUSION.......................................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cammer v. Bloom*,
   711 F. Supp. 1264 (D.N.J. 1989) ...................................................................2, 3, 6

*In re Federal Home Loan Mortgage Corp. (Freddie Mac) Sec. Litig.*,
   281 F.R.D. 174 (S.D.N.Y. 2012) .........................................................................5, 6

*George v. China Automotive Systems, Inc.*,
   2013 WL 3357170 (S.D.N.Y. 2013) ....................................................................5, 6

*Krogman v. Sterritt*,
   202 F.R.D. 467 (N.D. Tex. 2001) ...........................................................................3

*Marx & Co., Inc. v. Diner's Club Inc.*,
   550 F.2d 505 (2d Cir. 1977)..................................................................................6, 7

*Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*,
   328 F.R.D. 86 (S.D.N.Y. 2018) ..............................................................................5

*Waggoner v. Barclays PLC*,
   875 F.3d 79 (2d Cir. 2017).....................................................................................4, 5

*Wal-Mart Stores, Inc. v. Dukes*¸
   564 U.S. 338 (U.S. 2011)..........................................................................................4

The undersigned Defendants, through their attorneys, respectfully submit this memorandum of law in opposition to Plaintiffs' motion to preclude expert witness Walter N. Torous (Dkt. No. 1063) and their memorandum of law in support (Dkt. No. 1064) (the "Motion").[1]

## PRELIMINARY STATEMENT

In this case, Plaintiffs are seeking to invoke the so-called "fraud-on-the-market" presumption of reliance so that they do not need to show that any members of the Class actually relied on the alleged misstatements and omissions that form the basis of their claims.  To do this, Plaintiffs must prove to the jury, by a preponderance of the evidence, that the markets for all of the securities at issue here—those issued by American Realty Capital Properties, Inc. (n/k/a VEREIT, Inc.) ("ARCP")—traded in "efficient markets" throughout the entirety of the Class Period.  In an attempt to satisfy their burden, Plaintiffs offer the opinion of Dr. Steven Feinstein ("Dr. Feinstein").

In response, Defendants offer the opinion of Dr. Walter N. Torous ("Dr. Torous"), Senior Lecturer at the Massachusetts Institute of Technology with a joint position at the Sloan School of Management and the Center for Real Estate.  Dr. Torous has opined that Dr. Feinstein's analyses are fundamentally flawed and do not prove that the relevant markets were efficient.

Plaintiffs do not dispute that Dr. Torous is a qualified expert.  Nor do Plaintiffs challenge the validity of Dr. Torous's tests and analyses, or argue, for example, that they are unreliable.  Rather, Plaintiffs' entire motion is premised on their incorrect assertions that there is some binding test for proving market efficiency that the jury will be forced to apply, and that Dr. Torous will provide a legal opinion that contradicts that binding law.  Plaintiffs are wrong on both counts.

---

[1] Plaintiffs in the *Jet Capital* action rely on, and incorporate by reference, the arguments in the Motion in a separate motion that they have filed seeking to exclude Dr. Torous.  (*See Jet Capital Master Fund, L.P. v. Am. Realty Capital Props., Inc.*, No. 15-cv-00307, Dkt. No. 305 (S.D.N.Y. Aug. 5, 2019).)  Accordingly, this Opposition applies equally to Jet Capital's motion.

*First*, the Supreme Court has made clear that whether or not a market is efficient is a factual determination for the jury to make. ***And the Second Circuit has unequivocally and repeatedly declined to adopt any particular test to determine the efficiency of a market***. Thus, a fundamental premise of Plaintiffs' motion is flatly incorrect, and the jury should be permitted to hear the evidence from both parties in order to come to a conclusion.

*Second*, Dr. Torous will not usurp the role of the Court because he will not instruct the jury on the legal requirements of market efficiency. Nor will he substitute his judgment for the jury's judgment. Rather, Dr. Torous will simply provide expert opinions from the view of a financial economist on what it means for a market to be efficient and why, from the perspective of a financial economist, the Plaintiffs have failed to demonstrate that the securities at issue traded in an efficient market. That is testimony that falls squarely within the province of an expert witness.

As explained in more detail below, Plaintiffs' motion to preclude Dr. Torous from testifying at trial should be denied.

## BACKGROUND

Plaintiffs served Dr. Feinstein's market efficiency report on March 15, 2017, in connection with class certification (the "Feinstein Efficiency Report"). (Ex. F1.)[2] In the Feinstein Efficiency Report, Feinstein opined that the market for ARCP's common stock was efficient at all times during the then-applicable class period. (*Id*. ¶ 17.) Feinstein's opinion was based on his analysis of the five factors discussed by the court in *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989) ("*Cammer*"), and three other factors discussed in *Krogman v. Sterritt*, 202 F.R.D. 467 (N.D. Tex. 2001) (collectively, the "*Cammer* and *Krogman* factors"). (*Id*. ¶ 18.) In analyzing the fifth

---

[2] Unless otherwise indicated, citations to "Ex. __" refer to exhibits to the Declaration of Jonathan Ohring in Support of Defendants' Opposition to Class Plaintiffs' Motion to Preclude Expert Witness Walter N. Torous, filed contemporaneously herewith.

*Cammer* factor (sometimes called "*Cammer* 5")[3], which Dr. Feinstein conceded was the only direct measure of whether or not a market was efficient (the others being "indirect" measures), Dr. Feinstein performed two event studies.  (*Id*.)

Separately, Dr. Feinstein also opined that the various markets for ARCP's preferred stock and notes were efficient.  (*Id*. at ¶ 19-20.)  Feinstein acknowledged that many of the *Cammer* and *Krogman* factors did not apply to those securities.  (*Id*. at ¶¶ 185-288.)  But for each, he analyzed— or at least attempted to analyze—the fifth *Cammer* factor.  (*Id*. at ¶¶ 55-57, 70-72.)

In accordance with the schedule for expert discovery governing this case, on June 3, 2019, Defendants served Dr. Torous's Report as a rebuttal to the Feinstein Efficiency Report.  (Ex. F2.) In his report, Dr. Torous opines that  (i) consistent with academic research, the indirect *Cammer* and *Krogman* factors, *i.e.*, the factors other than the fifth *Cammer* factor—are insufficient from an economic perspective to establish market efficiency, and (ii) Dr. Feinstein's analyses of the fifth *Cammer* factor for all of ARCP's securities were fundamentally flawed and unreliable.  (*Id*.)  In addition, Dr. Torous points out significant additional flaws in Dr. Feinstein's evaluation of ARCP's notes and preferred stock.  (*Id*.)

---

[3] The fifth *Cammer* factor requires Plaintiffs to demonstrate a "cause and effect relationship between unexpected corporate events or financial releases and an immediate response in the stock price."  *Cammer*, 711 F. Supp. at 1287.

## ARGUMENT

I.   **PLAINTIFFS' MOTION IS PREMISED ON THE INCORRECT ASSERTION THAT THERE IS A BINDING TEST FOR PROVING MARKET EFFICIENCY THAT THE JURY MUST APPLY.   THAT ASSERTION IS FLATLY CONTRADICTED BY SECOND CIRCUIT PRECEDENT.**

In an attempt to discredit Dr. Torous, and to make it seem as if he will provide the jury with an opinion that is contrary to settled law, Plaintiffs claim that Dr. Torous's "condemnation of, and disregard for, the seven indirect *Cammer/Krogman* factors flatly contradicts binding Second Circuit precedent."  (Mot. at 1.)[4]  But Plaintiffs' assertion— that a jury is ***required*** to consider the indirect *Cammer/Krogman* factors—is belied by the very authority Plaintiffs rely on. In *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017), the Second Circuit made clear that it has never adopted the *Cammer* and *Krogman* factors as the test for market efficiency, stating unequivocally:  "We have repeatedly—and recently—declined to adopt a particular test for market efficiency."  *Id.* at 94.  A fundamental premise of Plaintiffs' motion (that there is a specific test for market efficiency in the Second Circuit) is faulty, and the motion should be denied on that basis alone.

In support of their attempted obfuscation, Plaintiffs cite two cases in which courts—at the class certification stage—have found, in the exercise of their discretion, that the market for a particular security was efficient based on the "seven indirect *Cammer/Krogman*" factors, as Plaintiffs label them.  But, contrary to Plaintiffs' assertion, those cases do not stand for the proposition that if the jury determines that the "seven indirect *Cammer/Krogman*" factors are

---

[4] The Supreme Court has made clear that whether a plaintiff can prove that the market for a security is efficient is an issue of fact for the jury, and not an issue of law.  *Wal-Mart Stores, Inc. v. Dukes¸* 564 U.S. 338, 351 n.6 (2011) (stating that to invoke the fraud-on-the-market presumption at class certification, "the plaintiffs seeking 23(b)(3) certification must prove that their shares were traded on an efficient market, an issue they will surely have to prove ***again*** at trial in order to make out their case on the merits") (emphasis added).

satisfied for a particular security, the jury must find that the market for that security was efficient.

Rather, they represent district courts making factual findings about market efficiency at the class

certification phase (or a reviewing court determining that such a finding was within the range of

reasonable outcomes within which the district court could exercise its discretion at the class

certification phase).  *See Waggoner*, 875 F.3d at 92-93 (reviewing the district court's market

efficiency determination ***at the class certification phase***); *Menaldi v. Och-Ziff Capital Mgmt. Grp.*

*LLC*, 328 F.R.D. 86, 90-96 (S.D.N.Y. 2018) (evaluating market efficiency ***at the class certification***

***phase***).

Indeed, it would be just as reasonable (in fact, more so) for the jury to determine that if the

fifth *Cammer* factor is not satisfied—the one factor that both Dr. Feinstein and Dr. Torous agree

is the most important (Ex. F3 at 49:11-17) (Q. And wouldn't you agree that the fifth empirical

factor is the most important one?  A. Generally speaking, yes.")—then the market is not efficient.[5]

That is the conclusion that the late Judge Cedarbaum reached in *In re Federal Home Loan*

*Mortgage Corp. (Freddie Mac) Securities Litigation*, when she wrote:

> Although the ***less important*** *Cammer* and *Krogman* factors support an inference of
> efficiency, these factors cannot substitute for evidence of a cause-and-effect relationship
> between unexpected news and market price.  ***This is the critical factor—the sine qua non***
> ***of efficiency***.  It speaks to the 'essence' of the efficient market hypothesis, and it is the
> foundation of the fraud on the market theory.  The other *Cammer* and *Krogman* factors do
> not directly address the question of efficiency.  Without evidence of the prompt effect of
> unexpected news on market price, the market cannot be called efficient.

281 F.R.D. 174, 182 (S.D.N.Y. 2012) (internal citations omitted) (emphasis added).  Similarly,

Judge Forrest placed an equal amount of emphasis on the fifth *Cammer* factor in *China Automotive*

*Systems*, finding that the plaintiffs did not prove an efficient market, even though the defendants'

---

[5] In fact, the Second Circuit in *Waggoner* stated that the fifth *Cammer* factor "has been considered the most important *Cammer* factor in certain cases because it assesses ***the essence of an efficient market and the*** ***foundation for the fraud on the market theory***."  *Waggoner*, 875 F.3d at 94 (internal quotes omitted) (emphasis added).

expert, like Dr. Torous, did not dispute the less important factors and opined that the fifth *Cammer* factor is what demonstrates whether the market is efficient.  2013 WL 3357170, at *9 (S.D.N.Y. July 3, 2013).  Tellingly, Plaintiffs fail to cite any decision that holds it would be improper for a jury to find that a market was inefficient when the "seven indirect *Cammer*/*Krogman*" factors are satisfied.

Finally, Dr. Torous's opinion is also consistent with the opinions of other well-known experts in the academic field of financial economics.  (Ex. F4 at 9) ("Financial economists do not rely on the indirect factors for good reason:  The indirect factors are insufficient to establish market efficiency") (internal quotes omitted).[6]

## II.    DR. TOROUS IS NOT OFFERING A LEGAL OPINION AND WILL NOT USURP THE ROLE OF THE COURT OR THE JURY.

In a further attempt to obfuscate Dr. Torous's opinions, Plaintiffs claim that he will be offering a legal opinion and "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it."  (Mot. at 4.)  Dr. Torous will do no such thing.  He will not be offering a legal opinion.  Nor will he be instructing the jury as to what the law requires to determine whether a market is efficient.  Indeed, as discussed above, the Second Circuit has made clear that there is no binding legal test for market efficiency.

Plaintiffs rely heavily on *Marx & Co., Inc. v. Diner's Club Inc.*, 550 F.2d 505 (2d Cir. 1977), for the proposition that experts should not be allowed to testify on the law.  But that case has nothing to do with Dr. Torous's testimony.  In *Marx*, the expert was a lawyer who gave "his

---

[6] Plaintiffs also criticize Dr. Torous for allegedly "reject[ing] the premise that a security traded on the NYSE or the NASDAQ is presumed to be efficient."  (Mot. at 4.)  But "this factor is not dispositive when [market] efficiency is disputed."  *In re Freddie Mac Sec. Litig.*, 281 F.R.D. at 178.  Indeed, the *Cammer* court itself noted that "[i]t would be illogical to apply a presumption of reliance merely because a security is traded within a certain 'whole market,' without considering the trading characteristics of the individual stock itself."  *Cammer*, 711 F. Supp. at 1281.

opinion as to the legal obligations of the parties under the contract," and "legal opinions as to the meaning of the contract terms at issue." *Id*. at 508-09.  That is entirely different from Dr. Torous's anticipated testimony.  For example, consistent with Second Circuit authority and Dr. Feinstein's own opinion, Dr. Torous will testify that from a financial economist point of view, the only test that demonstrates whether a market is efficient is the fifth *Cammer* factor.  And Dr. Torous will opine on the reasons why Dr. Feinstein's tests on the fifth *Cammer* factor were flawed.  Again, there can be no real dispute that Dr. Torous's testimony regarding Plaintiffs' expert's tests is permissible.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Plaintiffs' motion to preclude Dr. Torous from testifying.

Dated: August 21, 2019
        New York, New York

**MILBANK LLP**

By:    */s/ Scott A. Edelman*
        Scott A. Edelman
        Antonia M. Apps
        Jed M. Schwartz
        Jonathan Ohring
        55 Hudson Yards
        New York, New York 10001
        Telephone: (212) 530-5000

        Jerry L. Marks
        2029 Century Park East, 33rd Floor
        Los Angeles, CA 90067-3019
        Telephone: (424) 386-4000

*Attorneys for Defendants American Realty Capital Properties, Inc. (n/k/a VEREIT, Inc.) and ARC Properties Operating Partnership, L.P. (n/k/a VEREIT Operating Partnership, L.P.)*

**KIRKLAND & ELLIS LLP**

By:    */s/ James P. Gillespie*
        James P. Gillespie
        Beth Mueller
        1301 Pennsylvania Avenue, NW
        Washington, D.C. 20004
        Telephone: (202) 389-5000

*Attorneys for Defendant David Kay*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:    */s/ Theodore V. Wells Jr.*
        Theodore V. Wells Jr.
        Daniel J. Kramer
        Lorin L. Reisner
        Audra J. Soloway
        Christopher L. Filburn
        1285 Avenue of the Americas
        New York, NY 10019-6064
        Telephone: (212) 373-3000

*Attorneys for Defendant Nicholas S. Schorsch*

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

By:    */s/ Reid M. Figel*
        Reid M. Figel
        Rebecca A. Beynon
        Andrew E. Goldsmith
        Bradley E. Oppenheimer
        1615 M Street N.W., Suite 400
        Washington, D.C. 20036
        Telephone: (202) 326-7900

*Attorneys for Defendants AR Capital LLC, ARC Properties Advisors LLC, Scott J. Bowman, Peter M. Budko, Brian D. Jones, William K. Kahane, and Edward M. Weil*

**PETRILLO KLEIN & BOXER LLP**

By:  */s/ Guy Petrillo*
     Guy Petrillo
     Dan Goldman
     655 Third Avenue, 22nd Floor
     New York, NY 10017
     Telephone: (212) 370-0330

*Attorneys for Defendant Lisa Beeson*

**SHEARMAN & STERLING LLP**

By:  */s/ Adam S. Hakki*
     Adam S. Hakki
     Daniel Lewis
     Grace J. Lee
     599 Lexington Avenue
     New York, NY 10022
     Telephone: (212) 848-4000

*Attorneys for Underwriter Defendants*

**WEIL, GOTSHAL & MANGES LLP**

By:  */s/ Christopher L. Garcia*
     Christopher L. Garcia
     Richard W. Slack
     Evert. J. Christensen, Jr.
     Adam J. Bookman
     Justin M. DiGennaro
     767 Fifth Avenue
     New York, NY 10153
     Telephone: (212) 310-8000

*Attorneys for Defendants Thomas A. Andruskevich, Leslie D. Michelson, Governor Edward G. Rendell, and William G. Stanley*

**MORRIS, MANNING & MARTIN LLP**

By:  */s/ John P. MacNaughton*
     John P. MacNaughton
     Eric A. Larson
     1600 Atlanta Financial Center
     343 Peachtree Road, N.E.
     Atlanta, GA 30326
     Telephone: (404) 233-7000

*Attorneys for Defendant Scott P. Sealy,  Sr.*

**STEPTOE & JOHNSON LLP**

By:  */s/ Michael C. Miller*
     Michael C. Miller
     Michael G. Scavelli
     1114 Avenue of the Americas
     New York, NY 10036
     Telephone: (212) 506-3900

*Attorneys for Defendant Brian Block*

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By:  */s/ Matthew Tracy*
     Matthew Tracy
     Luigi Spadafora
     45 Broadway, 19th Floor
     New York, New York 10006
     Telephone: (212) 221-6900

*Attorneys for Defendant Realty Capital Securities, LLC*

**ZUCKERMAN SPAEDER LLP**

By:    */s/ Adam L. Fotiades*
        Adam L. Fotiades
        1800 M Street NW, Suite 1000
        Washington, DC 20036-5807
        Telephone: (202) 778-1800

        Daniel P. Moylan
        100 East Pratt Street, Suite 2440
        Baltimore, MD 21202-1031
        Telephone: (410) 332-0444

*Attorneys for Defendant Lisa McAlister*