UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | : : : | Civil Action No. 1:15-mc-00040-AKH |
| ———————————————— | : | CLASS ACTION |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : : | |
| ———————————————— x | | |

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................................1

II.     SUMMARY OF THE LITIGATION ....................................................................3

III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............6

        A.      Terms of the Proposed Settlement .........................................................6

        B.      The Standards for Reviewing a Proposed Settlement for Preliminary
                Approval ................................................................................................8

        C.      Preliminary Approval of the Proposed Settlement Should Be Granted................10

                1.      Lead Plaintiff and Its Counsel Have Vigorously Represented the
                        Class............................................................................................10

                2.      The Proposed Settlement Is Adequate in Light of the Costs, Risks,
                        and Delay of Trial and Post Trial Appeal ...................................12

                3.      The Proposed Settlement Was Negotiated at Arm's-Length....................12

                4.      The Proposed Method for Distributing Relief Is Effective.......................13

                5.      Attorneys' Fees and Expenses ..................................................13

                6.      There Are No Side Agreements Other than Opt Outs ..............................14

                7.      Class Members Are Treated Equitably by the Plan of Allocation............15

        D.      The Proposed Settlement Meets the *Grinell* Factors ...............................15

                1.      The Complexity, Expense, Risks and Likely Duration of the
                        Litigation Supports Approval of the Proposed Settlement ......................15

                2.      The Reaction of the Class to the Proposed Settlement ..............................16

                3.      The Stage of the Proceedings.....................................................17

                4.      The Risk of Establishing Liability and Damages .....................................18

                5.      The Risks of Maintaining the Class Action Through Trial.......................19

                6.      The Ability of Defendants to Withstand a Greater Judgment....................20

                7.      The Reasonableness of the Proposed Settlement in Light of the
                        Best Possible Recovery and the Attendant Risks of Litigation ................20

**Page**

IV.  THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE
FORM OF THE PROOF OF CLAIM ARE APPROPRIATE...........................................21

    A.  The Scope of the Notice Program Is Adequate Under Rule 23(e)(2)(C)(ii)..........21

    B.  The Proposed Form of Notice Comports with the Requirements of Due
Process, the PSLRA, and Rule 23 and Is the Same or Similar to the
Form(s) of Notice Routinely Approved by Courts in This District.......................23

V.  PROPOSED SCHEDULE ............................................................................................25

VI.  CONCLUSION.............................................................................................................26

- ii -

# TABLE OF AUTHORITIES

Page

## CASES

*Carlson v. Xerox Corp.*,
  596 F. Supp. 2d 400 (D. Conn. 2009),
  *aff'd*, 355 F. App'x 523 (2d Cir. 2009)..................................................................14

*Charron v. Pinnacle Grp. N.Y. LLC*,
  874 F. Supp. 2d 179 (S.D.N.Y. 2012),
  *aff'd sub nom. Charron v. Wiener*,
  731 F.3d 241 (2d Cir. 2013)...........................................................................24

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001)..............................................................................20

*Deangelis v. Corzine*,
  151 F. Supp. 3d 356 (S.D.N.Y. 2015)..............................................................8

*Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974)......................................................................10, 18

*Dover v. British Airways, PLC (UK)*,
  No. 12 CV 5567 (RJD) (CLP), 2018 U.S. Dist. LEXIS 174513
  (E.D.N.Y. Oct. 9, 2018)...............................................................................9, 12

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005)....................................................................19

*Hicks v. Morgan Stanley & Co.*,
  No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890
  (S.D.N.Y. Oct. 24, 2005) ................................................................................15

*In re Alloy, Inc. Sec. Litig.*,
  No. 03 Civ. 1597 (WHP), 2004 U.S. Dist. LEXIS 24129
  (S.D.N.Y. Dec. 2, 2004)...........................................................................15, 18

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04 Civ. 8141 (DAB), 2012 WL 345509
  (S.D.N.Y. Feb. 2, 2012) .................................................................................14

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
  MDL No. 1500, 2006 U.S. Dist. LEXIS 17588
  (S.D.N.Y. Apr. 6, 2006)........................................................................16, 18, 21

*In re Fuwei Films Sec. Litig.*,
  634 F. Supp. 2d 419 (S.D.N.Y. 2009)...............................................................19

- iii -

**Page**

*In re Gilat Satellite Networks, Ltd.*,
  No. CV-02-1510 (CPS), 2007 U.S. Dist. LEXIS 29062
  (E.D.N.Y. Apr. 19, 2007)..................................................................................23

*In re Global Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ...............................................................17, 20

*In re Indep. Energy Holdings PLC Sec. Litig.*,
  No. 00 Civ. 6689 (SAS), 2003 U.S. Dist. LEXIS 17090
  (S.D.N.Y. Sept. 29, 2003)..............................................................................21

*In re Intercept Pharm., Inc. Sec. Litig.*,
  No. 1:14-cv-01123-NRB, slip op. (S.D.N.Y. May 23, 2016)................................25

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  327 F.R.D. 483 (S.D.N.Y. 2018) ....................................................................20

*In re Luxottica Grp. S.p.A., Sec. Litig.*,
  No. CV 01-3285 (JBW)(MDG), 2005 U.S. Dist. LEXIS 27765
  (E.D.N.Y. Nov. 15, 2005)...............................................................................23

*In re Merck & Co.*,
  MDL No. 1658 (SRC), 2016 U.S. Dist. LEXIS 150769
  (D.N.J. June 28, 2016) ..................................................................................14

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  No. 02 MDL 1484 (JFK), 2007 U.S. Dist. LEXIS 9450
  (S.D.N.Y. Feb. 1, 2007).................................................................................21

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  330 F.R.D. 11 (E.D.N.Y. 2019)...........................................................9, 10, 21, 24

*In re Prudential Sec. Ltd. P'ships Litig.*,
  164 F.R.D. 362 (S.D.N.Y. 1996),
  *aff'd sub nom. Toland v. Prudential Sec. P'ship Litig.*,
  107 F.3d 3 (2d Cir. 1996) ..............................................................................23

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  461 F. Supp. 2d 383 (D. Md. 2006) ................................................................14

*In re Stock Exchs. Options Trading Antitrust Litig.*,
  No. 99 Civ. 0962 (RCC), 2006 U.S. Dist. LEXIS 87825
  (S.D.N.Y. Dec. 4, 2006).................................................................................24

4825-5982-1734.v6

**Page**

*In re Tyco Int'l, Ltd.*,
   535 F. Supp. 2d 249 (D.N.H. 2007) .................................................................14

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
   No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807
   (S.D.N.Y. Mar. 8, 2019) ...................................................................................12

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972) .............................................................................20

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005) ...............................................................................21

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §77z-1(a)(7)(A)-(F) ...........................................................................................25
   §78j(b) ...............................................................................................................19
   §78u-4(a)(4) ...............................................................................................3, 7, 14
   §78u-4(a)(7)(A)-(F) ..........................................................................................25

Federal Rules of Civil Procedure
   Rule 23 ........................................................................................................23, 24
   Rule 23(e) .....................................................................................................8, 10
   Rule 23(e)(1) ......................................................................................................9
   Rule 23(e)(2) ...........................................................................................9, 10, 15
   Rule 23(e)(2)(A) ...............................................................................................11
   Rule 23(e)(2)(C)(i) ...........................................................................................12
   Rule 23(e)(2)(C)(ii) ..........................................................................................13
   Rule 23(e)(2)(C)(iii) .........................................................................................13
   Rule 23(e)(2)(C)(iv) .........................................................................................14
   Rule 23(e)(2)(D) ...............................................................................................15
   Rule 23(e)(3) ......................................................................................................9

4825-5982-1734.v6

## I.      INTRODUCTION

Lead Plaintiff[1] respectfully submits this memorandum in support of its motion for preliminary approval of the settlement reached in this Litigation (the "Settlement").[2]

As memorialized in the Stipulation submitted herewith, the proposed Settlement provides a recovery for the Class of $1,025,000,000.00 in cash to resolve this securities class action against all defendants, including American Realty Capital Properties, Inc. (n/k/a "VEREIT Inc.") ("ARCP" or the "Company") and ARC Properties Operating Partnership, L.P. (n/k/a VEREIT Operating Partnership, L.P.) ("ARCP OP" and with ARCP collectively "ARCP"); Nicholas S. Schorsch; Brian S. Block; AR Capital, LLC ("AR Capital"); and Grant Thornton LLP ("GT") (collectively, the "Defendants").  The proposed Settlement constitutes one of the largest securities fraud class action settlements ever – the 14th largest recovery since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

As explained further herein, the proposed Settlement is the result of a comprehensive assessment of the strengths and weaknesses of the claims asserted in the Litigation following nearly five years of exhaustive litigation.  The proposed Settlement reflects the risk of proceeding to trial, and most importantly, provides an excellent recovery for the Class with certainty and without further delay, as explained below.[3]  The proposed Settlement was reached by counsel and parties with a

---

[1]     The "Lead Plaintiff" is Teachers Insurance and Annuity Association of America, College Retirement Equities Fund, TIAA-CREF Equity Index Fund, TIAA-CREF Real Estate Securities Fund, TIAA-CREF Large Cap Value Index Fund, TIAA-CREF Small Cap Blend Index Fund, TIAA-CREF Life Real Estate Securities Fund, TIAA-CREF Life Equity Index Fund, and TIAA-CREF Bond Index Fund (collectively, "TIAA").

[2]     Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2019, filed concurrently herewith.

[3]     "Class" is all Persons who purchased or otherwise acquired ARCP Securities between February 28, 2013 and October 29, 2014.  Excluded from the Class are:  Defendants, members of the

- 1 -

keen understanding of the merits of the case after the completion of extensive discovery (including the review of over 12 million pages of documents, and the taking of over 60 fact and expert depositions), contested class certification briefing and argument (including 12 depositions taken of the proposed class representatives and the parties' market efficiency expert witnesses), summary judgment, and pre-trial briefing (including dozens of motions *in limine* and *Daubert* motions). The Settling Parties negotiated the proposed Settlement with the assistance of the Hon. Layn Phillips (Ret.), one of the nation's foremost mediators. The mediator's tireless efforts enabled the Settling Parties to reach a resolution of this Litigation following numerous all-day mediation sessions that took place over the course of the Litigation.

By this motion, Lead Plaintiff seeks entry of an order: (1) granting preliminary approval of the proposed Settlement; (2) approving the form and manner of notice of the proposed Settlement to be sent to the Class; and (3) setting a hearing date for final approval of the proposed Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees, litigation costs, charges, and

---

immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Third-Party Underwriter Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Third-Party Underwriter Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Third-Party Underwriter Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in ARCP Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition. In other words, the Third-Party Underwriter Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities. The Class also excludes any person or entity that entered into a settlement agreement or otherwise provided a release to any Defendant relating to or arising from the purchase or other acquisition of ARCP Securities prior to October 29, 2014. Also excluded from the Class is any Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court in connection with the Notice of Pendency of Class Action previously provided to the Class.

expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (the "Settlement Hearing"), and establishing a schedule for various deadlines relevant thereto ("Notice Order").

As shown below, the proposed Settlement is not only fair, reasonable, and adequate under the standards governing class action settlements, it represents an exceptional result for the Class, and warrants this Court's preliminary approval.

## II.    SUMMARY OF THE LITIGATION

This Litigation arose following ARCP's October 29, 2014 disclosure that investors should no longer rely upon the Company's publicly filed financial statements and other financial information for certain periods. The Company revealed errors in the calculation of the metric used to measure ARCP's operating performance, Adjusted Funds From Operations ("AFFO"), and that these errors were intentionally made and not corrected for the three and six months periods ended June 30, 2014.

Lead Plaintiff brought claims under both the Securities Act of 1933 ("Securities Act") and Securities Exchange Act of 1934 ("Exchange Act") alleging, among other things, that ARCP's 2012, 2013, and 2014 year-end financial statements were materially misstated. Specifically, Lead Plaintiff alleged that ARCP had fraudulently inflated its Funds From Operations ("FFO") and AFFO by changing its calculation methodology to add back expenses attributable to non-shareholders while representing to investors that it continued to report FFO and AFFO results that were limited to ARCP shareholders. Lead Plaintiff also alleged that ARCP's systemically deficient internal controls enabled ARCP to routinely violate Generally Accepted Accounting Principles ("GAAP"). All of this conduct is alleged to have resulted in the material misstatement of key financial metrics and thereby artificially inflated the prices of ARCP Securities throughout the Class Period.

On January 20, 2015, TIAA filed a 131-page Class Action Complaint for Violations of the Federal Securities Laws. The Court issued an order appointing TIAA as lead plaintiff on February

- 3 -

13, 2015.  ECF No. 105.  After two rounds of extensive briefing and oral argument on 25 separate motions to dismiss filed by Defendants, TIAA filed the operative Third Amended Class Action Complaint for Violations of the Federal Securities Laws on September 30, 2016.  ECF No. 312. Thereafter, the parties engaged in extensive document discovery, which included the production by defendants of more than 11.5 million pages of documents.  Lead Plaintiff also conducted wide-ranging but targeted third-party discovery, gathering an additional 700,000 pages of evidence.

On March 15, 2017, Lead Plaintiff filed a motion for class certification.  ECF No. 367. Much like the motions to dismiss, extensive briefing was submitted on the issue of class certification.  Class-related discovery included the deposition of Lead Plaintiff, and other proposed class representatives, as well as the parties' respective expert witnesses on market efficiency issues. On August 24, 2017, the Court heard evidence during an extensive evidentiary hearing, including live testimony from experts for both Plaintiffs and Defendants.  The Court issued its order certifying the Class on August 31, 2017.  ECF No. 505.  Following the issuance of the Court's Class Certification Order, Defendants filed petitions under Fed. R. Civ. P. 23(f) with the Second Circuit seeking interlocutory review of the Court's class certification decision.  On January 24, 2018, the Second Circuit issued an order denying Defendants' petitions.

Fact depositions commenced on January 22, 2018 and concluded on December 28, 2018.  In less than a year, Lead Plaintiff deposed 44 fact witnesses – with the vast majority of the depositions spanning multiple days.  In total, Lead Plaintiff took 75 days of deposition testimony from percipient witnesses.  Moreover, in preparation for fact depositions, Lead Counsel reviewed approximately 12 million pages of documents produced during the Litigation.

Leaving no stone unturned, Defendants filed 12 separate motions for summary judgments on February 8, 2019, as well as a motion to de-certify the Class.  ECF Nos. 624, 631, 639, 643, 644,

651, 655, 662, 663, 671, 673, 678.  Their motions for summary judgment and motion to de-certify spanned hundreds of pages of briefing, with over 1,500 purported Rule 56.1 statements of fact and more than 1,100 exhibits filed in support of their motions.  Lead Plaintiff also filed a motion for partial summary judgment.  On April 17, 2019, the Court held a full-day hearing on these motions, and on May 10, 2019, the Court rendered a decision largely denying Defendants' motions for summary judgment, denying Defendants' motion to de-certify the Class, and granting partial summary judgment in favor of Lead Plaintiff and the Class.  ECF No. 851.

After resolution of their dispositive motions, the parties commenced expert discovery.  Lead Plaintiff tendered four expert witnesses.  Defendants responded with 17 experts.  The parties deposed all 21 experts during June and July 2019 – with several depositions lasting multiple days.

In advance of the scheduled two weeks of pre-trial hearings that were set to begin before the Court on September 9, 2019, the parties filed extensive evidentiary motions.  Defendants filed 32 motions *in limine*, a motion for severance, 9 *Daubert* motions, and a motion for summary judgment on traceability.  Lead Plaintiff opposed all 43 defense motions and filed 12 motions *in limine*, as well as *Daubert* motions as to 10 of Defendants' 17 experts.  ECF Nos. 907, 910, 917, 921, 924, 933, 946, 964, 972, 982, 989, 995, 1045, 1046, 1051, 1053, 1057, 1060, 1063, 1066.  Additionally, the parties exchanged witness and exhibit lists in anticipation of the January 2020 trial.

Throughout the course of the Litigation, the parties have engaged in discussions about resolving the alleged claims.  The parties met several times in person with the mediator, and also convened numerous telephonic settlement conferences.  Ultimately, the parties met again on August 15, 2019.  With Judge Phillips' assistance during the August 15, 2019 meeting, and in protracted telephonic negotiations that followed, the parties ultimately reached agreement to settle on

- 5 -

September 8, 2019.  The parties then negotiated the terms of the Stipulation and other supporting documents, which are submitted herewith.

## III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.    Terms of the Proposed Settlement

As set forth in the Stipulation, the proposed Settlement resolves the Class's claims against all Defendants.  The Stipulation provides that Defendants will pay the Settlement Amount of $1,025,000,000.00 in cash.  Specifically, within ten calendar days of the later of entry of the Notice Order, and entry of an order preliminarily approving the settlement in *Witchko v. Schorsch*, No. 1:15-cv-06043-AKH (the "Derivative Action"), the entire $1,025,000,000.00 Settlement Amount (plus the interest associated therewith at the rate of 2.5% per annum from October 15, 2019 until the date the proposed Settlement is paid into the escrow account) will be paid to the Escrow Agent, and the funds will be invested in instruments backed by the full faith and credit of the U.S. Government or an Agency thereof, or fully insured by the U.S. Government or an Agency thereof.  Stipulation, ¶¶2.2-2.3, 2.8.  In addition, within 10 days of entry of the Notice Order, VEREIT shall provide to Lead Counsel the identity of the settling parties that entered into a settlement agreement or otherwise provided a release to any Defendant relating to or arising from the purchase or other acquisition of ARCP Securities prior to October 29, 2014 and the language memorializing the releases therein, and the scope of any release(s) provided.  Notice Order, ¶14.  Finally, within 10 days of entry of the Notice Order, VEREIT shall provide to the Claims Administrator (to the extent that it is in VEREIT's possession), the anonymized underlying trading data of such settling parties and releasors.  *Id*.

Notice to the Class and the cost of settlement administration ("Notice and Administration Costs") will be funded by the Settlement Fund.  Stipulation, ¶2.12.  Lead Plaintiff proposes a

nationally-recognized class action settlement administrator, Gilardi & Co. LLC ("Gilardi").  The Court approved the appointment of Gilardi to provide the Notice of Pendency of Class Action, and the work already performed by Gilardi to prepare and send the Notice of Pendency will be useful in providing the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release ("Proof of Claim") (collectively, "Claim Package") to Class Members. *See* ECF No. 905. The proposed notice plan and plan for claims processing is discussed below in §IV and in the Declaration of Michael Joaquin Regarding Notice and Claims Process ("Joaquin Declaration"), filed concurrently herewith.

Lead Counsel will submit an application with its opening papers in support of final approval of the proposed Settlement for an award of attorneys' fees upon entry of an order approving the proposed Settlement in an amount not to exceed 13% of the Settlement Amount and payment of expenses, costs, and charges resulting from the prosecution of the Litigation not to exceed $6 million, which application may include award requests by Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, each with interest earned thereon.

Once Notice and Administration Costs, Taxes, Tax Expenses, Court-approved attorneys' fees and expenses, and any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) have been paid from the Settlement Fund, the remaining amount, the Net Settlement Fund, shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10.00.

The Plan of Allocation treats all Class Members equitably.  The recovery to individual Class Members will depend on the type and number of ARCP Securities purchased or acquired and when and at what price such purchases or acquisitions were made.  In the unlikely event that 100% of the eligible Securities purchased or acquired by Class Members participate in the proposed Settlement,

- 7 -

the estimated average gross recovery per ARCP common share will be approximately $1.72, the estimated average gross recovery per preferred share will be $1.35, and the estimated average gross recovery per $100 face value of ARCP debt securities will be $6.91 for the TAA Notes, $9.04 for the TAB Notes, $2.24 for the QAA/QAB Notes, $2.78 for the QAC/QAD Notes, and $5.27 for the QAE/QAF Notes.

TIAA and VEREIT have entered into a Supplemental Agreement which provides that if prior to the Settlement Hearing, the number of valid requests for exclusion equals or exceeds a certain amount, ARCP shall have the option to terminate the proposed Settlement.  Stipulation, ¶7.3.

In exchange for the benefits provided under the Stipulation, Class Members will release any and all claims against the Defendants that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, which arise out of or relate in any way to (a) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings representations, omissions, or events that were or could have been alleged in the Litigation, and (b) the purchase or acquisition of ARCP Securities during the Class Period.  *Id.*, ¶1.30.

Considering the uncertainty and risk associated with trial and post-trial appeals, the $1,025,000,000.00 recovery is an exceptional result for the Class as it provides a significant benefit to the Class both in absolute terms and as a percentage of maximum estimated recoverable damages.

### B.  The Standards for Reviewing a Proposed Settlement for Preliminary Approval

"The claims . . . of a certified class – or a class proposed to be certified for purposes of settlement – may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). The approval process typically takes place in two stages.  In the first stage, a court provides preliminary approval of the settlement, and authorizes notice of the settlement to be given to the class. *See Deangelis v.*

- 8 -

*Corzine*, 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015).  This is what Lead Plaintiff seeks via this motion.  In the second stage, which will come only if the Court grants this motion, "the court holds a fairness hearing to 'determine whether the settlement's terms are fair, adequate, and reasonable.'" *Dover v. British Airways, PLC (UK)*, No. 12 CV 5567 (RJD) (CLP), 2018 U.S. Dist. LEXIS 174513 at *8 (E.D.N.Y. Oct. 9, 2018) (citation omitted).

Pursuant to Rule 23(e)(1), as recently amended, the question at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) ("*Payment Card*").  Rule 23(e)(2) provides:

> (2)     ***Approval of the Proposal***.  If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>     (A)     the class representatives and class counsel have adequately represented the class;
>
>     (B)     the proposal was negotiated at arm's length;
>
>     (C)     the relief provided for the class is adequate, taking into account:
>
>         (i)     the costs, risks, and delay of trial and appeal;
>
>         (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
>         (iii)     the terms of any proposed award of attorney's fees, including timing of payment; and
>
>         (iv)     any agreement required to be identified under Rule 23(e)(3); and
>
>     (D)     the proposal treats class members equitably relative to each other.

Overlapping with the factors listed in Rule 23(e) are the nine so-called *Grinnell* factors identified by the Second Circuit that district courts should consider in deciding whether to grant final approval of a class action settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). The Rule 23(e) factors are not intended to "displace" any previously adopted factors, but "rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Advisory Committee Notes to the 2018 Amendments to the Federal Rules of Civil Procedure. *See also Payment Card*, 330 F.R.D. at 29. As discussed below, the proposed Settlement provides for $1,025,000,000.00 in cash and easily satisfies each of the factors identified under Rule 23(e)(2), as well as each of the *Grinnell* factors, such that notice of the proposed Settlement should be sent to the Class in advance of a final Settlement Hearing.

## C.   Preliminary Approval of the Proposed Settlement Should Be Granted

As explained below, Lead Plaintiff has met all of the requirements imposed by Rule 23(e)(2) and, for this reason, respectfully requests that the Court grant preliminary approval.

### 1.   Lead Plaintiff and Its Counsel Have Vigorously Represented the Class

The proposed Settlement of $1,025,000,000.00 – the 14th largest securities class action settlement ever – provides a significant recovery for the Class. To begin, the proposed Settlement greatly exceeds maximum recoverable damages had Lead Plaintiff merely relied on the

- 10 -

Government's theory of the case.  The Government prosecuted ARCP's former CFO, Brian Block, for what it alleged to be a two-month accounting-fraud scheme limited to concealing accounting errors made in calculating AFFO and AFFO per share for the first quarter of 2014.  If Lead Plaintiff had proceeded solely under that same theory, liability and damages would have been limited to a July 2014-October 29, 2014 Class Period – the maximum recoverable damages to the Class would have been a modest fraction of the $1.025 billion achieved via this proposed Settlement.  Lead Plaintiff secured more than $1 billion for the Class by prosecuting the full scope of Defendants' alleged misconduct, which extended far beyond the U.S. Department of Justice's ("DOJ") single-defendant, one-quarter error-concealment case.

Moreover, Lead Plaintiff's commitment and diligent prosecution of the case provides for a recovery for the Class well beyond the recoveries secured by the opt-out plaintiffs for the same alleged misconduct.  As of April 8, 2019, as represented by VEREIT – the new corporate name for ARCP – "the Company has now settled claims brought by plaintiffs holding shares of common stock and swaps referencing common stock representing approximately 35.3 percent of VEREIT's outstanding shares of common stock held at the end of the period covered by the various pending shareholder actions for a total of approximately $245.4 million."  VEREIT Press Release, 4/8/19 (attached as Ex. 1 hereto).  Based on the opt out settlements, analysts predicted a $450 million settlement for the Class case.  The proposed Settlement achieved by Lead Plaintiff is more than twice that amount.

Lead Plaintiff and its counsel have adequately represented the Class as required by Rule 23(e)(2)(A) by diligently prosecuting this action on its behalf over the course of the last five years, conducting an extensive investigation of the Class's claims, defeating Defendants' motions to dismiss, undertaking comprehensive document and deposition discovery, obtaining class

- 11 -

certification, defeating summary judgment motions, retaining qualified experts, preparing for trial, and engaging in extensive mediation efforts.  This $1,025,000,000.00 proposed Settlement provides a far greater recovery for the victims of Defendants' alleged fraud than the recoveries achieved by the DOJ, the U.S. Securities and Exchange Commission ("SEC"), and the individual action plaintiffs – combined.

### 2.       The Proposed Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Post Trial Appeal

In assessing the proposed Settlement, the Court should balance the benefits afforded to the Class – including the immediate, certain recovery – against the significant cost, risk, and delay of proceeding with this Litigation.  *See* Fed. R. Civ. P. 23(e)(2)(C)(i).  Indeed, securities class actions present numerous hurdles to proving liability that are difficult for plaintiffs to meet.  Although Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants are meritorious, Defendants' defenses, and their loss causation and damages arguments, posed substantial risks that made recovery uncertain.  From the outset, Lead Counsel and Lead Plaintiff appreciated the unique and significant risks inherent in this Litigation.  *See* §§D.4-D.6 below.

### 3.       The Proposed Settlement Was Negotiated at Arm's-Length

There can be no question that the proposed Settlement is the result of arm's-length negotiation in which there is no hint of collusion.  As this Court is well aware, the parties battled over every aspect of this case during the last five years; there are over 1,200 docket entries.  At no point did Defendants concede Lead Plaintiff's claims were meritorious.  The parties negotiated the proposed Settlement before an experienced mediator, including in-person mediation sessions and negotiations.  The mediation process provides compelling evidence that the proposed Settlement is not the product of collusion between the parties.  *See Dover*, 2018 U.S. Dist. LEXIS 174513, at *10-*11 (the parties' participation in mediation is evidence of arm's-length negotiations); *N.J.*

- 12 -

*Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807, at *6, *13-*14 (S.D.N.Y. Mar. 8, 2019) (same).

### 4.     The Proposed Method for Distributing Relief Is Effective

As demonstrated below, the method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective.  The notice plan includes direct mail notice to all those who can be identified with reasonable effort, supplemented by the publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service.  In addition, the case-specific website established during the Notice of Pendency phase of the Litigation will be updated and settlement-related documents will be added thereto.

The claims process includes a standard claim form which requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation.  The Plan of Allocation will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants.  The Plan of Allocation was prepared by Lead Plaintiff's damages expert and is based on Lead Plaintiff's theories of liability and the Securities Act and Exchange Act.  The Plan of Allocation utilizes a methodology that is substantively the same as plans that have been approved and successfully used to allocate recoveries in other securities class actions. A thorough claim review process, including how deficiencies are addressed, is also explained in the Joaquin Declaration.  Joaquin Declaration, ¶¶25-27.  Thus, Lead Plaintiff proposes a thorough and comprehensive claims administration process.

### 5.     Attorneys' Fees and Expenses

Rule 23(e)(2)(C)(iii) addresses the attorneys' fee award Lead Counsel intends to seek and the timing of payment.  As stated in the Notice, Lead Counsel intends to request fees not to exceed 13% of the Settlement Amount, plus interest, be paid at the time the Court makes its award.  The request

- 13 -

will be in line with fees and awards in large PSLRA securities class action settlements. *See, e.g.*, *In re Tyco Int'l, Ltd.*, 535 F. Supp. 2d 249 (D.N.H. 2007) (awarding 14.5% fee on $3.2 billion recovery); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383 (D. Md. 2006) (awarding fees of 12% of $1.1 billion recovery); *In re Merck & Co.*, MDL No. 1658 (SRC), 2016 U.S. Dist. LEXIS 150769 (D.N.J. June 28, 2016) (awarded fees of 20% of $830 million recovery); *In re Am. Int'l Grp., Inc. Sec. Litig.*, No. 04 Civ. 8141 (DAB), 2012 WL 345509 (S.D.N.Y. Feb. 2, 2012) (awarding fees of 13.25% of $725 million recovery); and *Carlson v. Xerox Corp.*, 596 F. Supp. 2d 400, 414 (D. Conn. 2009) (awarded fees of 16% of $750 million recovery), *aff'd*, 355 F. App'x 523 (2d Cir. 2009).  To put this figure in perspective as to the facts and circumstances of this case, when VEREIT announced this proposed Settlement; it acknowledged that it had paid $220,000,000 in legal fees and expenses to defend itself in connection with the wrongdoing that arose out of the alleged financial fraud at issue in this case.  Lead Counsel will also seek an award of litigation expenses, charges, and costs, plus interest thereon not to exceed $6 million or approximately .006% of the settlement amount, which request may include payments pursuant to 15 U.S.C. §78u-4(a)(4).

### 6.     There Are No Side Agreements Other than Opt Outs

Rule 23(e)(2)(C)(iv) requires that the parties identify side agreements.  Lead Plaintiff and VEREIT have entered into a standard supplemental agreement which provides that if Class Members opt out of the proposed Settlement such that the number of shares of ARCP Securities represented by such opt outs equals or exceeds a certain amount, VEREIT shall have the option to terminate the proposed Settlement.  Stipulation, ¶7.3.

### 7.    Class Members Are Treated Equitably by the Plan of Allocation

As reflected in the Plan of Allocation (*id*., Ex. A-1 at 7-19), which tracks Lead Plaintiff's damages theories, the proposed Settlement treats Class Members equitably relative to each other, based on the timing of their purchase or acquisition of ARCP Securities during the Class Period, and any subsequent disposition of those Securities by providing that each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund based on their recognized losses. Accordingly, Rule 23(e)(2)(D) is satisfied.

Each factor identified under Rule 23(e)(2) is satisfied.  Given the litigation risks involved and the complexity of the underlying issues, as well as the skill and tenacity of the more than one dozen defense firms involved in the Litigation, the $1,025,000,000.00 recovery is remarkable.  Such a recovery could not have been achieved without the full commitment by TIAA and its experienced counsel.  Thus, Lead Plaintiff and Lead Counsel respectfully submit that the proposed Settlement is fair, reasonable, and adequate, and satisfies each of the Rule 23(e)(2) factors such that Notice of the proposed Settlement should be provided to the Class.

### D.    The Proposed Settlement Meets the *Grinell* Factors

### 1.    The Complexity, Expense, Risks and Likely Duration of the Litigation Supports Approval of the Proposed Settlement

Courts have consistently recognized that the complexity, expense, and likely duration of the litigation are critical factors in evaluating the reasonableness of a securities class action settlement. *See, e.g.*, *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890, at *6 (S.D.N.Y. Oct. 24, 2005); *In re Alloy, Inc. Sec. Litig.*, No. 03 Civ. 1597 (WHP), 2004 U.S. Dist. LEXIS 24129, at *6 (S.D.N.Y. Dec. 2, 2004) (approving settlement, noting action involved

- 15 -

complex securities fraud issues "that were likely to be litigated aggressively, at substantial expense to all parties").

Securities class actions brought under the federal securities laws can be notoriously complex and expensive to prosecute, and this case underscores that reality. *See, e.g.*, *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). Indeed, this case involved complex legal and factual issues concerning the application of GAAP, SEC Regulation G governing the disclosure of non-GAAP financial measures, ARCP's disclosures regarding its AFFO and AFFO per share, the adequacy of ARCP's directors' due diligence, whether GT satisfied its obligations under applicable auditing standards, whether ARCP's former officers acted with scienter, and whether the investment banks underwriting ARCP's debt and equity offerings adequately conducted their due diligence.

The trial of this action was scheduled to begin January 21, 2020, after recently being continued from September 9, 2019. The trial would likely have lasted many weeks, involved complicated facts, and been expensive. No doubt an appeal would have followed, likely taking years to complete, regardless of the outcome. Accordingly, this factor weighs strongly in favor of preliminary approval of the proposed Settlement.

### 2. The Reaction of the Class to the Proposed Settlement

Lead Plaintiff has participated throughout the prosecution of the case and was actively involved in the decision to enter into settlement negotiations and the proposed Settlement. While notice regarding the proposed Settlement has not yet been mailed or otherwise distributed to potential Class Members, notice of the pendency of the litigation has been provided to the Class. While the time to seek exclusion from the Class does not expire until October 28, 2019, as of the date of this memorandum, 183,102 notice postcards were mailed to potential Class Members and

- 16 -

nominees, and a Summary Notice was published in *The Wall Street Journal* and in a press release over *Business Wire*.  *See* Joaquin Declaration, ¶¶5-6.  From this extensive notice program, to date only three Class Members have opted out of the Class (excluding the individual action plaintiffs who have separately settled their claims with Defendants).  If any objections to the proposed Settlement are received after notice of the proposed Settlement is disseminated, they will be addressed by Lead Counsel in connection with the forthcoming motion for final approval of the proposed Settlement.

### 3.    The Stage of the Proceedings

The volume and substance of Lead Plaintiff's and its counsel's knowledge of the merits and potential weaknesses of the claims alleged are unquestionably adequate to support the proposed Settlement.  Lead Plaintiff and Lead Counsel developed a deep understanding of the strengths and weaknesses of the claims after litigating this case for nearly five years.  Lead Counsel conducted extensive document discovery, obtained class certification over vigorous opposition, and opposed (and largely prevailed) on 12 different summary judgment motions.  The parties also briefed and opposed numerous motions *in limine* and *Daubert* motions, as well as an additional motion for summary judgment, all of which remain pending.  The trial of this Litigation was initially scheduled to begin in September 2019 before that date was continued.  The accumulation of information resulting from this fact and expert discovery and trial preparation permitted Lead Plaintiff and its counsel to be particularly well informed about the strengths and weaknesses of the case and to effectively engage in effective settlement discussions supporting preliminary (and final) approval of the Settlement.  *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("the question is whether the parties had adequate information about their claims").

- 17 -

#### 4.      The Risk of Establishing Liability and Damages

In assessing the proposed Settlement, the Court should balance the benefits afforded to the Class – including the immediacy and certainty of a recovery – against the risk of trial.  *See Grinnell*, 495 F.2d at 463.  Securities class actions present hurdles to proving liability that are difficult for plaintiffs to meet.  *See AOL Time Warner*, 2006 U.S. Dist. LEXIS 17588, at *39 (noting that "[t]he difficulty of establishing liability is a common risk of securities litigation"); *Alloy*, 2004 U.S. Dist. LEXIS 24129, at *5-*6 (same).

While Lead Plaintiff believes that its claims would be borne out by the evidence presented at trial, it also recognizes it faced hurdles proving liability at trial.  Defendants have moved to exclude Lead Plaintiff's experts and certain of its evidence and repeatedly articulated defenses to the claims that the jury may have accepted at trial.   Among other things, Defendants have strenuously contended that ARCP's disclosures of AFFO and AFFO per share were not in violation of any SEC rule or regulation; that the GAAP violations outlined in the restatement of financial statements issued by ARCP were the result of the application of the judgment of ARCP's new management and do not reflect errors in the application of GAAP during the Class Period; that at all times ARCP's directors, GT, and underwriters conducted adequate due diligence, complying with their obligations under the law; and that no Defendant acted with scienter.  If Defendants prevailed on any one of these grounds, Lead Plaintiff's entire case could be lost.

In addition, although Lead Plaintiff was confident it would support its claims with qualified and persuasive expert testimony, jury reactions to competing experts are inherently difficult to predict, and Defendants' experienced experts would attempt to support their various defenses to liability.  Lead Plaintiff also faced the possibility that the Court would limit or exclude its experts' testimony, as those *Daubert* motions were briefed and awaiting argument when the proposed

- 18 -

Settlement was reached.  This risk, if realized, would have further complicated Lead Plaintiff's chance of success in further proceedings.

Finally, Lead Plaintiff faced risks in establishing damages at trial.  Defendants have steadfastly maintained a negative causation defense on Lead Plaintiff's §11 claims.  *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 444 (S.D.N.Y. 2009).  With respect to Lead Plaintiff's assertion of compensable damages under §10(b) of the Exchange Act,  Defendants have argued that ARCP's methodology for calculating AFFO was disclosed and known to market participants, (a "truth-on-the-market" defense), and that no information concerning AFFO and AFFO per share disclosed by ARCP during the Class Period was false or misleading.  Defendants also argued that the wrongful conduct that allegedly caused the Class's damage was much narrower than the conduct alleged by Lead Plaintiff, and as a result, the purported damages suffered were much lower than Lead Plaintiff claimed.  As with contested liability issues, issues relating to negative causation and damages would have likely come down to an unpredictable and hotly disputed "battle of the experts."

Accordingly, in the absence of a settlement, there was a very real risk that the Class would have recovered an amount significantly less than the total Settlement Amount – or even nothing at all.  Thus, the $1,025,000,000.00 recovery now, particularly when viewed in the context of the risks and the uncertainties of trial, weighs heavily in favor of preliminary approval of the proposed Settlement.

### 5.    The Risks of Maintaining the Class Action Through Trial

Although the Class was certified, the Court could have revisited certification at any time – presenting a continuous risk that this case, or particular claims, might not be maintained on a class-wide basis through trial.  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) ("the

- 19 -

risk that the case might be not certified is not illusory").  Defendants moved to de-certify the Class in connection with their summary judgment motions, and likely would have continued to challenge class certification through trial and beyond (if necessary).  This proposed Settlement eliminates all further risks with respect to class certification.

### 6. The Ability of Defendants to Withstand a Greater Judgment

A court may also consider a defendant's ability to withstand a judgment greater than that secured by settlement, although it is not generally a determinative factor.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 495 (S.D.N.Y. 2018) (explaining rationale of factor).  Here, if Lead Plaintiff was able to secure a judgment (a far from certain outcome, as discussed above), ARCP could likely withstand a judgment that exceeded the Settlement Amount.[4] But placing undue emphasis on this factor would place at risk the significant recovery earmarked for Class Members.  This factor alone cannot undermine the others that together militate in favor of preliminary approval.  *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001) (upholding district court's decision that "this factor, standing alone, does not suggest that the settlement is unfair"); *LIBOR*, 327 F.R.D. at 495 (viewing the factor similarly).

### 7. The Reasonableness of the Proposed Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation

The Court must determine whether the proposed Settlement falls within a "range of reasonableness" – a range which "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Global Crossing*, 225 F.R.D. at 461

---

[4]    ARCP is not the only entity contributing to the Settlement Amount, however, and securing additional amounts from the other individuals and entities who are committing funds to the proposed Settlement posed a difficult and additional risk to the Class.

(noting that "the certainty of [a] settlement amount has to be judged in [the] context of the legal and practical obstacles to obtaining a large recovery"); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 U.S. Dist. LEXIS 17090, at *12-*13 (S.D.N.Y. Sept. 29, 2003) (noting few trials result in full amount of damages claimed).

In addition, in considering the reasonableness of the proposed Settlement, the Court should consider that the proposed Settlement provides for payment to the Class now, rather than a speculative payment years down the road.  *See AOL Time Warner*, 2006 U.S. Dist. LEXIS 17588, at *44 (where settlement fund is in escrow earning interest, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery").  Nevertheless, the proposed Settlement here represents a great recovery under the circumstances here – approximately 50% of Lead Plaintiff's estimated recoverable damages of approximately $2.018 billion.

Given the risks at trial, the size of the recovery strongly supports preliminary approval.

## IV.   THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE FORM OF THE PROOF OF CLAIM ARE APPROPRIATE

### A.   The Scope of the Notice Program Is Adequate Under Rule 23(e)(2)(C)(ii)

There are no "rigid rules" that apply when determining the adequacy of notice for a class action settlement.  Rather, when measuring the adequacy of a notice under either the Due Process Clause or the Federal Rules, the court should look to its reasonableness.  *Payment Card*, 330 F.R.D. at 58 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005)).  Accordingly, "[n]otice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members."  *In re*

*Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 U.S. Dist. LEXIS 9450, at *27 (S.D.N.Y. Feb. 1, 2007).

The notice plan is discussed herein and in the accompanying Joaquin Declaration and includes direct mail notice to all those who can be identified with reasonable effort supplemented by the publication of the Summary Notice in *The Wall Street Journal* and over the *Business Wire*. Gilardi will utilize time-tested methods to ensure Class Members who hold ARCP Securities in their own names as well as those who hold ARCP Securities in street name will receive a copy of the Claim Package.  First, Gilardi obtained the names of Class Members who hold ARCP Securities in their own names from ARCP's stock transfer agent in connection with the Notice of Pendency, and conducted a wide-ranging notification program of banks, brokers, and nominees.  Gilardi will utilize these names and addresses and send Claim Packages directly to these Class Members.  Joaquin Declaration, ¶8.  Gilardi will also re-contact the brokers, banks, and other institutions known as Nominee Holders.  Based on experience locating Class Members who hold stock in street name, Gilardi has developed a list of approximately 250 Nominee Holders to whom it will send a Claim Package and cover letter.  *Id.*, ¶9.[5]  Lastly, Gilardi will update the website created for purposes of the Notice of Pendency and post documents regarding the proposed Settlement and Claim Package, and maintain the toll-free number which Class Members can call to make inquiries about the proposed Settlement.  *Id.*, ¶¶18-19.  Through these efforts, based on experience, Gilardi estimates that the overwhelming majority of the investors that are potential Class Members will be provided notice.  *Id.*, ¶20.

---

[5]  Gilardi will also send a Claim Package and cover letter to the approximately 4,500 financial institutions registered with the SEC as potential Nominee Holders.  Joaquin Declaration, ¶10.  In addition, Gilardi will send additional copies of the Claim Package to those Nominee Holders who indicate they will directly send the Claim Package to their clients who may be Class Members.  *Id.*, ¶12.

Notice programs such as the one proposed by Lead Counsel have been approved as adequate under the Due Process Clause and Rule 23 in a multitude of class action settlements. *See, e.g.*, *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2007 U.S. Dist. LEXIS 29062, at *41-*42 (E.D.N.Y. Apr. 19, 2007) (approving proposed notice program where notice mailed to shareholders of record listed on transfer records and to "more than 2500 of the largest banks, brokerages, and other nominees"); *In re Luxottica Grp. S.p.A., Sec. Litig.*, No. CV 01-3285 (JBW)(MDG), 2005 U.S. Dist. LEXIS 27765, at *5 (E.D.N.Y. Nov. 15, 2005) (approving notice program, consisting of broker mailing and summary notice publication in *The Wall Street Journal* and *The New York Times*); *In re Prudential Sec. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996) (approving proposed notice and noting mailing of notice to each identifiable class member's last known address is "a procedure that has been given wide-spread approval in other class actions"), *aff'd sub nom. Toland v. Prudential Sec. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996).

**B.     The Proposed Form of Notice Comports with the Requirements of Due Process, the PSLRA, and Rule 23 and Is the Same or Similar to the Form(s) of Notice Routinely Approved by Courts in This District**

As outlined in the proposed Notice Order, the Claims Administrator will notify Class Members of the proposed Settlement by mailing the Claim Package to all Class Members who can be identified with reasonable effort.  The Notice will advise Class Members of the essential terms of this proposed Settlement and the Plan of Allocation and provide information regarding Lead Counsel's motion for attorneys' fees and expenses.  The Notice also will provide specifics on the date, time, and place of the Settlement Hearing and detail the procedure for objecting to the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and expenses.

In addition to mailing the Claim Package, the Claims Administrator will provide for the publication of the Summary Notice in *The Wall Street Journal* and once over a national newswire

- 23 -

service.  The Notice and related Settlement papers will also be posted on a dedicated website, www.ARCPSecuritiesLitigation.com.

Similar to other notice programs, the form and manner of providing notice to the Class satisfy the requirements of due process, Rule 23, and the PSLRA.  The content of a notice is generally found to be reasonable if "the average class member understands the terms of the proposed settlement and the options provided to class members thereunder."  *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962 (RCC), 2006 U.S. Dist. LEXIS 87825, at *22 (S.D.N.Y. Dec. 4, 2006); *see also Payment Card*, 330 F.R.D. at 58 ("'Courts in [the Second] Circuit have explained that a Rule 23 Notice will satisfy due process when it "describe[s] the terms of the settlement generally,"' 'inform[s] the class about the allocation of attorneys' fees, and provide[s] specific information regarding the date, time, and place of the final approval hearing.'") (quoting *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 191 (S.D.N.Y. 2012), *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013)).

With respect to cases filed under the PSLRA, the settlement notice must include: (1) the amount of the settlement proposed for distribution, determined in the aggregate and on an average per share basis; (2) if the parties do not agree on the average amount of damages per share recoverable in the event plaintiff prevailed, a statement from each party concerning the issue(s) on which the parties disagree; (3) a statement indicating which parties or counsel intend to apply for an award of fees and costs (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought; (4) the name, telephone number, and address of one or more representatives of counsel for the class who will be reasonably available to answer questions concerning any matter contained in the notice of settlement; (5) a brief statement explaining the reasons why the parties are proposing the settlement; and (6) such other

- 24 -

information as may be required by the court.  *See* 15 U.S.C. §77z-1(a)(7)(A)-(F); 15 U.S.C. §78u-4(a)(7)(A)-(F).

The proposed Notice contains all of the information required by the PSLRA.  *See* Notice (Exhibit A-1 to the Stipulation).  The information is also provided in a format that is accessible to the reader.  In addition, the Notice advises recipients that they have the right to object to any aspect of the proposed Settlement, the Plan of Allocation, or the fee and expense application.  Furthermore, the Notice provides recipients with the contact information for the Claims Administrator, Gilardi, and Lead Counsel.  Finally, the proposed format is the same or similar to formats that have been approved by courts in this jurisdiction, which also supports its approval.  *See, e.g.*, *In re Intercept Pharm., Inc. Sec. Litig.*, No. 1:14-cv-01123-NRB, slip op. at 2-3, Order Preliminarily Approving Settlement and Providing for Notice (S.D.N.Y. May 23, 2016) (attached as Ex. 2 hereto).

## V.    PROPOSED SCHEDULE

If the Court grants preliminary approval of the proposed Settlement, Lead Plaintiff respectfully submits the following procedural schedule for the Court's review:

| Event | Time for Compliance |
|---|---|
| Deadline for commencing the mailing of the Notice and Proof of Claim to Class Members (the "Notice Date") | 21 calendar days after entry of the Notice Order |
| Deadline for publishing the Summary Notice in *The Wall Street Journal* and over a national newswire service | 7 calendar days after the Notice Date |
| Filing of memoranda in support of approval of the Settlement and Plan of Allocation, and in support of Lead Counsel's application for an award of attorneys' fees and expenses | 35 calendar days prior to the Settlement Hearing |
| Deadline for filing objections or submitting exclusion requests | 21 calendar days prior to the Settlement Hearing |

- 25 -

| Event | Time for Compliance |
|---|---|
| Filing of reply memoranda in further support of the Settlement and Plan of Allocation, and in support of Lead Counsel's application for an award of attorneys' fees and expenses | 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | Approximately 100 calendar days after entry of the Notice Order, at the Court's convenience |
| Deadline for submitting Proofs of Claim | 90 calendar days after the Notice Date |

## VI.     CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court enter the Notice Order in connection with this proposed Settlement, which will provide: (1) preliminary approval of the proposed Settlement; (2) approval of the form and manner of notice of the proposed Settlement to the Class; and (3) a hearing date and time to consider final approval of the proposed Settlement and related matters.

DATED:  September 30, 2019                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        DARREN J. ROBBINS
                                        MICHAEL J. DOWD
                                        JASON A. FORGE
                                        JONAH H. GOLDSTEIN
                                        DEBRA J. WYMAN
                                        JESSICA T. SHINNEFIELD


                                               s/Debra J. Wyman
                                        DEBRA J. WYMAN

- 26 -

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
miked@rgrdlaw.com
jforge@rgrdlaw.com
jonahg@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com

Lead Counsel for TIAA and the Class

- 27 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 30, 2019, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  debraw@rgrdlaw.com

**Mailing Information for a Case 1:15-mc-00040-AKH In re American Realty Capital Properties, Inc. Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Robin L. Alperstein**
  ralperstein@beckerglynn.com,esteckhan@beckerglynn.com,hhill@beckerglynn.com

- **Antonia Marie Apps**
  aapps@milbank.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Adam M. Apton**
  aapton@zlk.com

- **Karim Basaria**
  kbasaria@sidley.com

- **Khristoph Becker**
  kbecker@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Gary Frederick Bendinger**
  gbendinger@sidley.com,nyefiling@sidley.com,gary-bendinger-4030@ecf.pacerpro.com

- **Stanley D Bernstein**
  bernstein@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Rebecca A. Beynon**
  rbeynon@kellogghansen.com

- **Brian Roger Blais**
  brian.blais@usdoj.gov,usanys.ecf@usdoj.gov,CaseView.ECF@usdoj.gov

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Kristen Leigh Bokhan**
  kristen.bokhan@kirkland.com

- **Adam Jerrod Bookman**
  adam.bookman@weil.com,adam-bookman-4279@ecf.pacerpro.com

- **Bruce Roger Braun**
  bbraun@sidley.com,nyefiling@sidley.com,efilingnotice@sidley.com,catherine.stewart@sidley.com,kbasaria@sidley.com,ntygesso@sidley.com,nconrad@sidley.com,braun-9612@ecf.pacerpro.com

- **Kristina Anne Bunting**
  kbunting@paulweiss.com,mao_fednational@paulweiss.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com,SCaesar@rgrdlaw.com,5233378420@filings.docketbird.com,kmccormack@rgrdlaw.com,lmix@rgrdlaw.com

- **Alexandra Rebecca Clark**
  aclark@pkbllp.com

- **Neil Harris Conrad**
  nconrad@sidley.com,efilingnotice@sidley.com,neil-conrad-4222@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,smiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com,bdentremont@bermandevalerio.com,ecf@bermandevalerio.com,bmccarthy@bermandevalerio.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,5593753420@filings.docketbird.com

- **H. Miriam Farber**
  mfarber@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,miriam-farber-7421@ecf.pacerpro.com,manattyoffice@shearman.com

- **Meagan Alicia Farmer**
  mfarmer@gardylaw.com

- **Reid Mason Figel**
  rfigel@kellogghansen.com,fli@kellogghansen.com,cparra@kellogghansen.com

- **Christopher Lee Filburn**
  cfilburn@paulweiss.com,mao_fednational@paulweiss.com

- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,2249257420@filings.docketbird.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Adam Fotiades**
  afotiades@zuckerman.com

- **Molly Bruder Fox**
  mbfox@steptoe.com

- **Christopher Louis Garcia**
  christopher.garcia@weil.com,mco.ecf@weil.com,evert.christensen@weil.com,christopher-garcia-1339@ecf.pacerpro.com,nymao@ecf.pacerpro.com

- **James Philip Gillespie**
  jgillespie@kirkland.com,kevin.mccarthy@kirkland.com,kenymanagingclerk@kirkland.com

- **Daniel Zachary Goldman**
  dgoldman@pkbllp.com

- **Andrew Edward Goldsmith**
  agoldsmith@kellogghansen.com,ecfnotices@kellogghansen.com,ggoldfeder@kellogghansen.com,ecf-2ff5a29c9f5d@ecf.pacerpro.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Douglas W. Greene**
  dgreene@bakerlaw.com,agougisha@bakerlaw.com,bhlitdocket@bakerlaw.com

- **Theresa Hsin-Yi Gue**
  tgue@pkbllp.com

- **John Gueli**
  jgueli@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com,john-gueli-5051@ecf.pacerpro.com

- **Adam Selim Hakki**
  ahakki@shearman.com,managing-attorney-5081@ecf.pacerpro.com,Courtalert@shearman.com,manattyoffice@shearman.com,adam-hakki-1816@ecf.pacerpro.com

- **John Louis Hardiman**
  hardimanj@sullcrom.com,john-hardiman-9552@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **David Charles Harrison**
  dharrison@lowey.com

- **Barbara J. Hart**
  bhart@lowey.com

- **Steven P. Harte**
  steven@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **James Ormerod Heyworth , V**
  jheyworth@sidley.com,nyefiling@sidley.com,james-heyworth-0340@ecf.pacerpro.com

- **William Scott Holleman**
  holleman@bespc.com,ecf@bespc.com

- **Geoffrey Coyle Jarvis**
  gjarvis@ktmc.com,9343632420@filings.docketbird.com,mswift@ktmc.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com

- **Rebecca M Katz**
  rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com

- **Michael Anthony Keough**
  mkeough@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Robert Klipper**
  rklipper@kellogghansen.com,jmarine@kellogghansen.com

- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Alexia Dorothea Korberg**
  akorberg@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Larry Howard Krantz**
  lkrantz@krantzberman.com

- **Eric Albin Larson**
  elarson@mmmlaw.com,eeckard@mmmlaw.com

- **Angel P. Lau**
  alau@rgrdlaw.com,8467512420@filings.docketbird.com,tdevries@rgrdlaw.com

- **Grace Jheeyoung Lee**
  grace.lee@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,grace-lee-
  3889@ecf.pacerpro.com,manattyoffice@shearman.com,mariusz.jedrzejewski@shearman.com

- **Justin David Lerer**
  jlerer@paulweiss.com,mao_fednational@paulweiss.com

- **Michelle Lynn Levin**
  mlevin@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,daniel-lewis-
  6070@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Neil Robert Lieberman**
  nlieberman@hsgllp.com,crodriguez@hsgllp.com,Managingclerk@hsgllp.com

- **Howard Theodore Longman**
  tsvi@aol.com,hlongman@ssbny.com

- **Morgan Paige Lucas**
  mlucas@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **John Phillip MacNaughton**
  jpm@mmmlaw.com,wew@mmmlaw.com,elarson@mmmlaw.com

- **Michael David Margulies**
  mmargulies@carltonfields.com

- **Jerry Lee Marks**
  jmarks@milbank.com

- **Rita Kathleen Maxwell**
  rita.maxwell@bracewelllaw.com,mco@bracewelllaw.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Glen Garrett McGorty**
  gmcgorty@crowell.com

- **Donald Alan Migliori**
  dmigliori@motleyrice.com,kdotson@motleyrice.com

- **Michael Campion Miller**
  mmiller@steptoe.com,spu@steptoe.com,ocorn@Steptoe.com,ehartman@steptoe.com

- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com

- **Erin Jennifer Morgan**
  ejmorgan@paulweiss.com,mao_fednational@paulweiss.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com,sturman@sturman.ch

- **Daniel P. Moylan**
  dmoylan@zuckerman.com,jlinton@zuckerman.com,cvandergriff@zuckerman.com

- **Beth Mueller**
  beth.mueller@kirkland.com,lroberts@kirkland.com,kenymanagingclerk@kirkland.com

- **Mark Francis Murphy**
  mmurphy@steptoe.com

- **Sean Michael Nadel**
  snadel@kellogghansen.com

- **William H. Narwold**
  bnarwold@motleyrice.com,glevin@motleyrice.com,lmclaughlin@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com

- **Shawn Patrick Naunton**
  snaunton@zuckerman.com,lgehlbach@zuckerman.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,jtash@zlk.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Ohring**
  johring@milbank.com,DMarcou@milbank.com,mprostko@milbank.com,TQuinn@milbank.com,JKammerman@milbank.com,milbank@ecf.courtdrive.com,jon-ohring-4945@ecf.pacerpro.com,dhooks1@milbank.com,klandis@milbank.com,AutoDocketECF@milbank.com,ggreen@milbank.com,MGrier@milbank.com,molsson@milb

- **Bradley E Oppenheimer**
  boppenheimer@kellogghansen.com,ecf-780f0d54d6a1@ecf.pacerpro.com,ggoldfeder@kellogghansen.com

- **Guy Petrillo**
  gpetrillo@pkbllp.com

- **Ashley M. Price**
  APrice@rgrdlaw.com,e_file_sd@rgrdlaw.com,9561670420@filings.docketbird.com,lmix@rgrdlaw.com

- **Kingdar Prussien**
  kprussien@milbank.com

- **Arlen Pyenson**
  apyenson@crowell.com

- **Fei-Lu Qian**
  fqian@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Leah Margaret Quadrino**
  lquadrino@steptoe.com,pparker@steptoe.com

- **Daniel Brett Rehns**
  drehns@hrsclaw.com,efilings@hrsclaw.com

- **Kenneth Mark Rehns**
  krehns@saxenawhite.com,krehns@cohenmilstein.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Lorin L. Reisner**
  LReisner@paulweiss.com,mao_fednational@paulweiss.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Ann Kimmel Ritter**
  aritter@motleyrice.com,glevin@motleyrice.com,kweil@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,jcaringal@rgrdlaw.com

- **Lara Elizabeth Romansic**
  lromansic@steptoe.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,9858910420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter George Safirstein**
  psafirstein@safirsteinmetcalf.com,sfeerick@safirsteinmetcalf.com

- **Michael Gerard Scavelli**
  mscavelli@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Jed Mastren Schwartz**
  jschwartz@milbank.com,jed-schwartz-8050@ecf.pacerpro.com,milbank@ecf.courtdrive.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,3827167420@filings.docketbird.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph R. Seidman**
  seidman@bernlieb.com

- **Jonathan Lucas Shapiro**
  jshapiro@kasowitz.com,courtnotices@kasowitz.com,autodocket@kasowitz.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com,4243953420@filings.docketbird.com,landracchio@rgrdlaw.com

- **Thomas Michael Skelton**
  tskelton@lowey.com

- **Richard William Slack**
  richard.slack@weil.com,mco.ecf@weil.com,richard-slack-
  7880@ecf.pacerpro.com,adam.bookman@weil.com,Patrick.Branson@weil.com,nymao@ecf.pacerpro.com,evert.christensen@weil.com,Raquel.Kellert@weil.com

- **Patrick Kevin Slyne**
  pkslyne@ssbny.com

- **Patrick C Smith**
  psmith@dehay.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Luigi Spadafora**
  spadafora.l@wssllp.com

- **Kendra L Stead**
  kstead@sidley.com,efilingnotice@sidley.com,tcollier@sidley.com,jdent@sidley.com,kendra-stead-0480@ecf.pacerpro.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com,michael-h-steinberg-5026@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Johnson Stewart**
  elizabeth.stewart@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,elizabeth-stewart-
  0821@ecf.pacerpro.com,manattyoffice@shearman.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Daniel Ben Tehrani**
  Daniel.Tehrani@usdoj.gov,CaseView.ECF@usdoj.gov

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Matthew Tracy**
  tracy.m@wssllp.com

- **Nicholas Tygesson**
  ntygesso@sidley.com

- **Anil Karim Vassanji**
  avassanji@fklaw.com

- **Melanie Elizabeth Walker**
  mewalker@sidley.com,melanie-walker-7174@ecf.pacerpro.com,efilingnotice@sidley.com

- **Reid Weingarten**
  rweingarten@steptoe.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,joshua-rubin-1257@ecf.pacerpro.com,exec@weisslawllp.com

- **Theodore Von Wells , Jr**
  twells@paulweiss.com,mao_fednational@paulweiss.com

- **Collin White**
  cwhite@kellogghansen.com

- **Regis C. Worley , Jr**
  rworley@rgrdlaw.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com,9404133420@filings.docketbird.com,scaesar@rgrdlaw.com

- **Genevieve Graeme York-Erwin**
  gyorkerwin@bakerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ar Capital LLC
,

Dwight          Phillip Bostwick
Zuckerman Spaeder, LLP
1800  M  Street,   N.W.,   Ste. 1000
Washington, DC 20036-5802

Scott           Alexander Edelman
Milbank LLP
55 Hudson Yards
New York City, NY 10001-2163

Kevin Patton
,

William          Taylor
Zuckerman Spaeder LLP
1800 M Street, N.W
Washington, DC 20036

David          C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101

Abby M. Wenzel
,
```