EXECUTION COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x |  |  |
| In re AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | : : : | Civil Action No. 1:15-mc-00040-AKH CLASS ACTION |
| ———————————————— | : |  |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : : | |
| ———————————————— x |  |  |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated September 30, 2019 (the "Stipulation"), is made and entered into by and among the following: (i) Lead Plaintiff TIAA ("TIAA"), on behalf of itself and the Class, by and through Lead Counsel in the Litigation; and (ii) VEREIT, Inc. (f/k/a American Realty Capital Properties, Inc. ("ARCP")) ("VEREIT, Inc.") and ARC Properties Operating Partnership, L.P. (n/k/a VEREIT Operating Partnership, L.P.) ("VEREIT OP" and, with VEREIT, Inc., collectively "VEREIT"); Nicholas S. Schorsch ("Schorsch"); Brian S. Block ("Block"); David Kay ("Kay"); Lisa P. McAlister ("McAlister"); Scott J. Bowman; Peter M. Budko ("Budko"); Brian D. Jones; William M. Kahane ("Kahane"); Edward M. Weil ("Weil"); Lisa Beeson ("Beeson"); Scott P. Sealy, Sr.; Thomas A. Andruskevich; Leslie D. Michelson; Edward G. Rendell; William G. Stanley; Bruce D. Frank; AR Capital, LLC ("AR Capital"); ARC Properties Advisors, LLC ("ARC Advisors"); Realty Capital Securities, LLC; Grant Thornton LLP ("Grant Thornton"); and Barclays Capital Inc., BMO Capital Markets Corp., Capital One Securities, Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Janney Montgomery Scott, LLC, JMP Securities LLC, J.P. Morgan Securities LLC, KeyBanc Capital Markets Inc., Ladenburg Thalmann & Co. Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities USA LLC (f/k/a Mizuho Securities USA Inc.), Morgan Stanley & Co. LLC, Piper Jaffray & Co., PNC Capital Markets LLC, RBS Securities Inc., Robert W. Baird & Co. Incorporated, and Wells Fargo Securities, LLC (collectively, the "Third-Party Underwriter Defendants" and with all other defendants listed in this clause (ii), collectively, the "Defendants"), by and through their counsel of record in the Litigation.[1]  The Stipulation is intended to fully, finally, and forever resolve, discharge,

---

[1]     All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

EXECUTION COPY

and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

The Litigation is currently pending in the United States District Court for the Southern District of New York before the Honorable Alvin K. Hellerstein (the "Court").  The initial complaint in this action was filed on October 30, 2014.  On February 13, 2015, the Court appointed TIAA as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

Plaintiffs' Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") was filed on September 30, 2016.  The Complaint alleges that the Defendants violated the Securities Act of 1933 and/or the Securities Exchange Act of 1934 by making materially false and misleading statements or omitting to state material facts necessary to make statements made by Defendants in public filings and other public statements not misleading.  Among other things, Plaintiffs allege that VEREIT improperly and artificially inflated its reported Adjusted Funds From Operations ("AFFO"), a common measurement of REIT performance.  Plaintiffs further allege that when the true facts regarding the alleged misstatements were revealed, artificial inflation was removed from the price of ARCP Securities damaging members of the Class.  Defendants deny each and all of Plaintiffs' allegations.  Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

The parties vigorously litigated this case for nearly five years.  The parties briefed and argued two rounds of motions to dismiss the Class's claims.  After the Court denied the motions to dismiss in substantial part, the parties engaged in extensive fact and class-related discovery which included the exchange of over 12 million pages of documents and the taking of more than 50 depositions,

including Class Representatives, Defendants, and non-parties.  Additionally, after briefing and a full-day evidentiary hearing where the Court heard evidence from the parties' respective expert witnesses concerning the applicability of the fraud-on-the-market reliance presumption and the Plaintiffs' ability to construct a damages model in this matter, the Court certified the Class on August 31, 2017. On that same day, the Court also granted summary judgment in favor of Defendants on Count VII of the Complaint, a claim under Section 11 of the Securities Act of 1933 based on a September 2014 registration of senior notes.  After the close of fact discovery on December 28, 2018, the parties briefed and argued 13 motions for summary judgment, which were granted in part and denied in part on May 10, 2019.  After summary judgment was resolved, the parties then engaged in expert discovery, exchanging reports from, and deposing, 21 experts who submitted reports.  In advance of the trial in this matter, set for January 21, 2020, the parties also briefed 45 motions *in limine* and 17 motions to exclude expert testimony under *Daubert*.

During the course of the Litigation, the parties engaged a neutral third-party mediator and held direct settlement discussions.  Over a period of nearly three years, Lead Counsel met in person with the mediator and counsel for one or more Defendants on multiple occasions, and convened various teleconferences.  On August 21, 2019, the Settling Parties agreed to settle the Litigation in return for a cash payment of $1,025,000,000 for the benefit of the Class, including a $738.5 million payment by VEREIT, $225 million payment by or caused by AR Capital, ARC Advisors, Schorsch, Budko, Kahane, and Weil (inclusive of the thirty-one million, nine hundred seventy-two thousand, nine hundred and thirty-four dollars ($31,972,934) already deemed to be in VEREIT's custody, which $31,972,934 VEREIT will cause to be contributed to the Settlement Fund), $12.5 million payment by Block and $49 million payment by Grant Thornton, subject to approval by the Court.

This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties.

## II.     LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Lead Plaintiff and Lead Counsel recognize the expense and risk of continued proceedings necessary to prosecute the Litigation against Defendants through trial and post-trial appeals.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damages, or that Plaintiffs or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.  Defendants' decision to settle the Litigation is based on the conclusion that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation,

- 4 -

and that it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.[2]

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1. Definitions

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1 "AR Capital Parties" means AR Capital, ARC Advisors, Schorsch, Budko, Kahane, and Weil.

1.2 "AR Capital Parties' Counsel" means Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), or any successor counsel to any or all of the AR Capital Parties should Kellogg and/or Paul, Weiss no longer be providing counsel to any or all of the AR Capital Parties in connection with the matters herein.

---

[2] Notwithstanding the foregoing, McAlister, and only McAlister, acknowledges, as she has at other times in the Litigation, her plea of guilty to certain offenses in *United States v. Lisa McAlister*, 16-cr-00653 (S.D.N.Y.), and does not intend anything in the foregoing to be inconsistent with her plea.

1.3     "ARCP Securities" means the common stock, preferred stock, and debt securities of American Realty Capital Properties, Inc. (n/k/a VEREIT, Inc.) or ARC Properties Operating Partnership, L.P. (n/k/a VEREIT Operating Partnership, L.P.).

1.4     "Authorized Claimant" means any Class Member who submits a valid claim that is accepted for payment by the Claims Administrator.

1.5     "Block's Counsel" means Steptoe & Johnson LLP, or any successor counsel to Block should Steptoe & Johnson LLP no longer be providing counsel to Block in connection with the matters herein.

1.6     "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.7     "Claims Administrator" means Gilardi & Co. LLC.

1.8     "Class" means all Persons who purchased or otherwise acquired ARCP Securities between February 28, 2013 and October 29, 2014.  Excluded from the Class are:  Defendants, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Third-Party Underwriter Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Third-Party Underwriter Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Third-Party Underwriter Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in

ARCP Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition.  In other words, the Third-Party Underwriter Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities.  The Class also excludes any person or entity that entered into a settlement agreement or otherwise provided a release to any Defendant relating to or arising from the purchase or other acquisition of ARCP Securities prior to October 29, 2014.  Also excluded from the Class is any Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court in connection with the Notice of Pendency of Class Action previously provided to the Class.

1.9     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.8 above.

1.10     "Class Period" means the period between February 28, 2013 and October 29, 2014.

1.11     "Class Representatives" means Lead Plaintiff together with Sheet Metal Workers' National Pension Fund, Union Asset Management Holding AG, Corsair Select 100 L.P., Corsair Select Master Fund, Ltd., Corsair Capital Partners L.P., Corsair Select L.P., Corsair Capital Partners 100 L.P., Corsair Capital Investors, Ltd., the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Police Officers' Variable Supplements Fund, the Board of Education Retirement System of the City of New York, the Teachers' Retirement System of the City of New York, the Teachers' Retirement System of the City of New York Variable A, the New York City Fire Department Pension Fund, the New York City Fire Officers' Variable Supplements Fund, the New York City Fire Fighters' Variable Supplements Fund, the City of Tampa General Employees Retirement Fund, the IRA FBO John Esposito, Noah Bender, Simon Abadi, Paul Matten and Mitchell and Bonnie Ellis.

1.12     "Defendants' Counsel" means, collectively, the law firms of Milbank LLP ("Milbank"); Morris, Manning & Martin, LLP; Becker, Glynn, Muffly, Chassin & Hosinski LLP; Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.; Shearman & Sterling LLP; Steptoe & Johnson LLP; Weil, Gotshal & Manges LLP; Kirkland & Ellis LLP; Zuckerman Spaeder LLP; Petrillo Klein

& Boxer LLP; Winget, Spadafora & Schwartzberg LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; and Sidley Austin LLP.

1.13    "Derivative Action" means the action captioned *Witchko v. Schorsch*, No. 1:15-cv-06043-AKH pending in the United States District Court for the Southern District of New York.

1.14    "Derivative Settlement" means the settlement entered into by the parties in the Derivative Action pursuant to a stipulation submitted to the Court contemporaneously herewith.

1.15    "Effective Date," or the date upon which this Settlement becomes "effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.16    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.17    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an

order issued with respect to: (i) attorneys' fees, costs, or expenses or awards to Lead Plaintiff or

other Class Representatives, (ii) the Plan of Allocation (as submitted or subsequently modified), or

(iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way

delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise

preclude the Judgment from becoming Final.

1.18    "Grant Thornton's Counsel" means Sidley Austin LLP or any successor counsel to

Grant Thornton should Sidley Austin no longer be providing counsel to Grant Thornton in

connection with the matters herein.

1.19    "Judgment" means the Order and Final Judgment to be rendered by the Court,

substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may

be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of

the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the

terms of this Stipulation.

1.20    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.21    "Lead Plaintiff" means Teachers Insurance and Annuity Association of America,

College Retirement Equities Fund, TIAA-CREF Equity Index Fund, TIAA-CREF Real Estate

Securities Fund, TIAA-CREF Large Cap Value Index Fund, TIAA-CREF Small Cap Blend Index

Fund, TIAA-CREF Life Real Estate Securities Fund, TIAA-CREF Life Equity Index Fund, and

TIAA-CREF Bond Index Fund.

1.22    "Litigation" means the consolidated actions captioned *In re American Realty Capital

Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH pending in the United States District Court for

the Southern District of New York.

1.23    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded

attorneys' fees, expenses, costs and charges (including awards to Plaintiffs pursuant to 15 U.S.C.

§78u-4(a)(4) in connection with their representation of the Class), and interest thereon; (ii) Notice

and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.24    "Person(s)" means an individual, corporation (including all its divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.25    "Plaintiffs" means Lead Plaintiff and Class Representatives.

1.26    "Plaintiffs' Counsel" means Lead Counsel and any attorney or firm who has appeared in the Litigation on behalf of any of the Plaintiffs or the Class.

1.27    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.28    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.  A Class Member must complete and submit the Proof of Claim and Release should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.29    "Related Parties" means each Defendant's respective present and former parents, subsidiaries, divisions, controlling persons, associates, entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies,

members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors,
successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees,
administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in
their capacity as such.

1.30    "Released Claims" means any and all rights, liabilities, suits, debts, obligations,
demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and
causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether
accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal,
state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether
class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i)
the purchase or other acquisition of ARCP Securities by Lead Plaintiff or any other Class Member
during the period between February 28, 2013 and October 29, 2014; and (ii) the allegations,
transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations,
omissions, or events that were or could have been alleged or asserted in the Litigation.  Released
Claims do not include claims to enforce the Settlement, any shareholder derivative claims on behalf
of ARCP, or governmental agency actions against the Released Persons.

1.31    "Released Defendants' Claims" means any and all claims and causes of action of
every nature and description whatsoever, including both known claims and Unknown Claims, that
arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the
claims against Defendants in the Litigation, except for claims relating to the enforcement of the
Settlement.

1.32    "Released Persons" means each and all of the Defendants and their Related Parties.

1.33    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Counsel and
each and every plaintiff, Class Member, and counsel to any plaintiff, and each of their respective

past or present trustees, officers, directors, partners, employees, contractors, accountants, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class, or any purchaser or acquirer of any ARCP Securities which settled, compromised or otherwise resolved any claims against any Released Persons related to such purchaser's or acquirer's acquisition of ARCP Securities.

1.34    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.35    "Settlement Amount" means One Billion Twenty-five Million Dollars (U.S. $1,025,000,000.00) to be paid by check(s) and/or wire transfer(s) to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.36    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.37    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.38    "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

1.39    "Supplemental Agreement" means the Supplemental Agreement dated September 8, 2019 between TIAA and VEREIT.

1.40    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.41   "Unknown Claims" means (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Persons, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive,

compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

1.42    "VEREIT's Counsel" means Milbank LLP ("Milbank"), or any successor counsel to VEREIT should Milbank no longer be providing counsel to VEREIT in connection with the matters herein.

**2.    The Settlement**

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment becoming Final; (b) subject to approval of the Derivative Settlement by the Court; and (c) in full and final disposition of the Litigation with respect to the Releasing Plaintiff Parties and Released Persons and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

2.2    Certain Defendants shall pay the Settlement Amount of one billion twenty-five million dollars ($1,025,000,000).  The contributions to the Settlement Amount will be as follows:

    i.    VEREIT shall contribute seven hundred thirty-eight million five hundred thousand dollars ($738,500,000);

    ii.    AR Capital, ARC Advisors, Schorsch, Budko, Kahane, and Weil shall contribute, or cause to be contributed, two hundred twenty-five million dollars ($225,000,000) (inclusive of the thirty-one million, nine hundred seventy-two thousand, nine hundred and thirty-four dollars ($31,972,934) already deemed to be in VEREIT's custody, which $31,972,934 VEREIT will cause to be contributed to the Settlement Fund);

    iii.    Block shall contribute twelve million five hundred thousand dollars ($12,500,000); and

    iv.    Grant Thornton shall contribute forty-nine million dollars ($49,000,000).

2.3    Within ten (10) calendar days of the later of (i) entry of an order permitting notice to be provided to the Class in connection with the Class Settlement pursuant to Federal Rule of Civil Procedure 23, and (ii) entry of an order permitting notice to be provided in connection with the Derivative Settlement pursuant to Federal Rule of Civil Procedure 23.1, Defendants listed in ¶ 2.2 (i-

iv), and only those Defendants, shall pay the Settlement Amount to the Escrow Agent plus the interest associated therewith at the rate of 2.5% per annum, which shall begin accruing on October 15, 2019 with respect to a particular Defendant for any portion of the Settlement Amount that such Defendant has not paid to the Escrow Agent by that date, and shall cease accruing with respect to such Defendant on the date the Settlement Amount is paid to the Escrow Agent.

2.4     In the event any Defendant fails to make the contribution(s) provided for in ¶2.2 within the time period provided for in ¶2.3, Lead Plaintiff shall have the right to terminate and cancel the Settlement on behalf of itself and the Class with respect to: (i) the Settlement in its entirety; or (ii) any Defendant that fails to make the contribution amount as provided for in ¶2.2 within the time period as provided for in ¶2.3.   Lead Plaintiff may terminate and cancel the Settlement in toto or as to a particular Defendant by providing written notice of its election to do so to the other parties to this Stipulation.

2.5     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 within the time period set forth in ¶2.3, the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.6     Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶¶2.2 and 2.3, Defendants shall have no obligation to make any other payments into the Escrow Account, to any Class Member or to Plaintiffs pursuant to the Stipulation.

### a.     Condition Precedent

2.7     The Settlement is conditioned on the Court granting final approval of each of the Settlement and the Derivative Settlement, and approval of the Settlement (but not the Derivative Settlement) becoming Final.  Approval of the Settlement becomes Final when the conditions set forth in ¶1.17 are satisfied.  Approval of the Derivative Settlement becomes final within the meaning of this ¶2.7 when the District Court enters judgment approving the Derivative Settlement, but does not require the exhaustion of any appeals or the time for such appeals having run.

### b.     The Escrow Agent

2.8     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  Provided the Escrow Agent invests the Settlement Fund as set forth herein, the Escrow Agent shall have no liability whatsoever with respect to any investment decision made in connection with the Settlement Fund.

2.9     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of VEREIT's Counsel, Grant Thornton's Counsel, AR Capital Parties' Counsel, Block's Counsel, and Lead Counsel.

2.10    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation and shall incur no liability whatsoever for doing so.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.11    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.12    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, costs and expenses actually incurred in connection with providing notice of the Settlement to the Class by mail, publication, and other means, locating Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any, up to a maximum of $2.25 million ("Notice and Administration Expenses").  The $2.25 million maximum only applies to such costs and expenses paid prior to the Effective Date.  After the Effective Date, Lead Counsel may pay all of the costs and expenses actually incurred in connection with the administration of the Settlement Fund without further order of the Court.  In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurers.

2.13     It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for any Notice and Administration Expenses.

### c.     Taxes

2.14     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.14, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all

informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.14(a) hereof) shall be consistent with this ¶2.14 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.14(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.14 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.14) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The

Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.14.

2.15   The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  If this Settlement is finally approved, the Defendants will have no ability to get back any of the Settlement Fund for any reason.

### d.   Termination of Settlement

2.16   In the event that the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment does not become Final or the Derivative Settlement is not granted final approval by the Court, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.12 and 2.14 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

2.17   VEREIT may elect to terminate the Settlement in the event that valid requests for exclusion from the Class exceed a criteria previously agreed upon in the Supplemental Agreement. If the Court requires the filing of the Supplemental Agreement, VEREIT and TIAA shall request that it be filed under seal, and no party to this Stipulation will oppose that request.

### 3.   Preliminary Approval Order and Settlement Hearing

3.1   Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court forthwith for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the

general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the Court issues preliminary approval of the proposed Settlement, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.3     The Settling Parties agree that they will request that the Court hold a hearing on final approval of the Settlement prior to any hearing on final approval of the Derivative Settlement.

**4.      Releases**

4.1     Upon the Effective Date, as defined in ¶1.15 hereof, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, the Class and Plaintiffs' Counsel. Claims to enforce the terms of this Stipulation are not released.

4.5    In the event that the Settlement becomes Final, and approval of the Derivative Settlement is reversed or vacated on appeal, each of the contributions into the Settlement Fund listed in ¶2.2 (i-iv) shall be deemed to have been made solely by and wholly attributable to VEREIT and, in such event, VEREIT shall retain the right to pursue against such contributing parties listed in ¶2.2 (i-iv) any contribution or similar claims relating to the contributions to the Settlement Fund, provided, however, that VEREIT shall not be permitted to pursue any claim for prior advancement or indemnification of attorney's fees or other expenses incurred in connection with the Litigation or any other proceeding other than the Derivative Action.

4.6    Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Persons shall be permanently enjoined, barred and restrained from

commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Persons with respect to claims between or among those Released Persons, including but not limited to the Supplementary Agreements as defined in the stipulation submitted to the Court contemporaneously herewith in connection with the Derivative Settlement.

5.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Persons and Defendants' Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Plaintiffs, any other Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the

management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel and awards to Plaintiffs (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as provided for herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons

- 25 -

concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against any Plaintiff, Plaintiffs' Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's claim to the Net Settlement Fund.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

5.11    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Persons with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Persons from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against any Released Persons, any Plaintiff, any counsel to any Plaintiff or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

### 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  In addition, Plaintiffs may request awards in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Plaintiffs'

Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid, then Lead Counsel, including its partners, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders who received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from VEREIT's Counsel, Grant Thornton's Counsel, AR Capital Parties' Counsel, or Block's Counsel, or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund, in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be distributed from the Settlement Fund in accordance with ¶7.4.  Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiffs' Counsel receiving an award of fees and expenses or Plaintiff receiving an award pursuant to 15 U.S.C. §78u-4(a)(4), as a condition of receiving such fees, expenses or award on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of any fees, expenses and/or costs paid to them from the Settlement Fund together with the interest earned thereon.  Without limitation, Plaintiffs' Counsel and Plaintiffs and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Plaintiffs' Counsel, summarily issue orders, including, but

- 29 -

not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or any of its partners, shareholders, or members fail to timely repay fees, interest and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order directing notice to the Class, as required by ¶3.1 hereof;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)    the Judgment has become Final, as defined in ¶1.17 hereof; and

(e)    the Court has granted final approval of the Derivative Settlement.

7.2    Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4, 7.5 and 7.6 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Settlement.

7.3    Each of Lead Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order; (b) the Court's refusal to approve the Settlement; (c) the Court's refusal to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; (e) the Court's refusal to grant final approval of the Derivative Settlement; or (f) the failure of the Effective Date to occur for any reason.  Only VEREIT possesses the right to terminate the Settlement in the event that valid requests for exclusion from the Class exceed the criteria set forth in the Supplemental Agreement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of

the Court concerning the Plan of Allocation or the amount of any attorney's fees, expenses, and interest awarded by the Court to Lead Counsel or costs and expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

      7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, within ten (10) business days after written notification of such event is sent by VEREIT's Counsel, Grant Thornton's Counsel, AR Capital Parties' Counsel, Block's Counsel, or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.12 and/or 2.14 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.12 and/or 2.14 hereof, shall be distributed by the Escrow Agent as follows: 4.7805% to Grant Thornton; 18.832% to be distributed pursuant to joint instructions by VEREIT and the AR Capital Parties to be issued consistent with a separate agreement reached between VEREIT and the AR Capital Parties; 0.4905% to Block; 0.729% to be distributed pursuant to joint instructions by VEREIT and Block to be issued consistent with a separate agreement reached between VEREIT and Block; and the remainder distributed to VEREIT.  Such distributions shall be made pursuant to written instructions from (i) Grant Thornton's Counsel as to the portion of the Settlement Fund to be distributed to Grant Thornton, (ii) a joint letter executed by VEREIT's Counsel and the AR Capital Parties' Counsel for the 18.832% portion of the Settlement Fund, (iii) Block's Counsel as to the portion of the Settlement Fund to be distributed to Block, (iv) a joint letter executed by VEREIT's Counsel and Block's Counsel for the 0.729% portion of the Settlement Fund, and (v) VEREIT's Counsel as to all other

portions of the Settlement Fund.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶7.4.  Such payments shall be pursuant to written instructions from (i) Grant Thornton's Counsel as to the portion of the Settlement Fund to be distributed to Grant Thornton, (ii) a joint letter executed by VEREIT's Counsel and the AR Capital Parties' Counsel for the 18.832% portion of the Settlement Fund, (iii) Block's Counsel as to the portion of the Settlement Fund to be distributed to Block, (iv) a joint letter executed by VEREIT's Counsel and Block's Counsel for the 0.729% portion of the Settlement Fund, and (v) VEREIT's Counsel as to all other portions of the Settlement Fund.

7.5     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of August 21, 2019.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.42, 2.12-2.14, 2.16-2.17, 6.3-6.4, 7.4-7.6, and 9.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.6     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.12 or 2.14.  In addition, any amounts already incurred pursuant to ¶¶2.12 or 2.14 hereof at the time of such termination or cancellation but which have not been paid, shall be

paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.16 and 7.4 hereof.

**8.    No Admission of Wrongdoing**

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants;

(b)    shall be referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than in such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(d)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is

approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(e)      shall be construed against Defendants, Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.      Miscellaneous Provisions

9.1      The Settling Parties:  (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3      Defendants and/or the Released Persons may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under

any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     Other than the Supplemental Agreement, this Stipulation and the Exhibits attached hereto constitute the entire agreement between Lead Plaintiff, on the one hand, and Defendants, on the other hand, as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Lead Plaintiff, on the one hand, and Defendants, on the other hand.  No representations, warranties, or inducements have been made between the Lead Plaintiff, on the one hand, and Defendants on the other hand, concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.  For the avoidance of doubt, this Stipulation does not modify the terms or conditions of any agreements between or among Defendants, including but not limited to the Supplementary Agreements as defined in the stipulation submitted to the Court contemporaneously herewith in connection with the Derivative Settlement.

9.8     Except as provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

9.9     Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by UPS overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
655 West Broadway, Suite 1900
San Diego, CA  92101

*If to VEREIT or to VEREIT's Counsel*:

MILBANK LLP
JED M. SCHWARTZ
55 Hudson Yards
New York, NY 10001

*If to Grant Thornton's Counsel:*

SIDLEY AUSTIN LLP
BRUCE R. BRAUN
One South Dearborn
Chicago, IL 60603
bbraun@sidley.com

*If to AR Capital Parties' Counsel:*

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
AUDRA J. SOLOWAY
1285 Avenue of the Americas
New York, NY 10019

KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
REID M. FIGEL
1615 M Street, NW, Suite 400
Washington, DC 20036

*If to Block's Counsel:*

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
1114 Avenue of the Americas
New York, NY  10036

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.15     The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16     Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.17     This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.19     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.20     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.21    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 30, 2019.

EXECUTION COPY

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
JONAH H. GOLDSTEIN
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD

_____

DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
miked@rgrdlaw.com
jonahg@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com

Lead Counsel for Lead Plaintiff and the Class

MILBANK LLP
SCOTT A. EDELMAN
ANTONIA M. APPS
JED M. SCHWARTZ
JONATHAN OHRING

_____

ANTONIA M. APPS

- 41 -

EXECUTION COPY

55 Hudson Yards
New York, NY  10001-2163
Telephone:  212/530-5000

MILBANK LLP
JERRY L. MARKS
2029 Century Park East
33rd Floor
Los Angeles, CA US 90067-3019

Attorneys for Defendants American Realty Capital
Properties, Inc. (n/k/a VEREIT, Inc.) and ARC
Properties Operating Partnership, L.P. (n/k/a
VEREIT Operating Partnership, L.P.)

MORRIS, MANNING & MARTIN, LLP
JOHN P. MacNAUGHTON

KELLOGG, HANSEN, TODD, FIGEL &
 FREDERICK, P.L.L.C.
REID M. FIGEL
REBECCA A. BEYNON
ANDREW E. GOLDSMITH
BRADLEY E. OPPENHEIMER

_____
JOHN P. MacNAUGHTON

_____
REID M. FIGEL

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA  30326
Telephone: 404/504-7689

1615 M Street, NW, Suite 400
Washington, DC  20036
Telephone:  202/326-7900

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, NY  10171
Telephone: 212/888-3033

Attorneys for Defendant Scott P. Sealy,
Sr.

Attorneys for Defendants AR Capital, LLC, ARC
Properties Advisors, LLC, Edward M. Weil, Peter
M. Budko, Brian D. Jones, William M. Kahane,
and Scott J. Bowman

- 42 -

EXECUTION COPY

55 Hudson Yards
New York, NY 10001-2163
Telephone: 212/530-5000

MILBANK LLP
JERRY L. MARKS
2029 Century Park East
33rd Floor
Los Angeles, CA US 90067-3019

Attorneys for Defendants American Realty Capital
Properties, Inc. (n/k/a VEREIT, Inc.) and ARC
Properties Operating Partnership, L.P. (n/k/a
VEREIT Operating Partnership, L.P.)

| | |
|---|---|
| MORRIS, MANNING & MARTIN, LLP<br>JOHN P. MacNAUGHTON | KELLOGG, HANSEN, TODD, FIGEL &<br>  FREDERICK, P.L.L.C.<br>REID M. FIGEL<br>REBECCA A. BEYNON<br>ANDREW E. GOLDSMITH<br>BRADLEY E. OPPENHEIMER |

_____          _____
JOHN P. MacNAUGHTON                         REID M. FIGEL

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
Telephone: 404/504-7689

1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: 202/326-7900

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, NY 10171
Telephone: 212/888-3033

Attorneys for Defendant Scott P. Sealy,
Sr.

Attorneys for Defendants AR Capital, LLC, ARC
Properties Advisors, LLC, Edward M. Weil, Peter
M. Budko, Brian D. Jones, William M. Kahane,
and Scott J. Bowman

- 42 -

SHEARMAN & STERLING LLP
ADAM S. HAKKI
DANIEL C. LEWIS
H. MIRIAM FARBER

_____
DANIEL C. LEWIS

599 Lexington Avenue
New York, NY 10022
Telephone: 212/848-4000

Attorneys for Third-Party Underwriter
Defendants

WEIL, GOTSHAL & MANGES LLP
CHRISTOPHER L. GARCIA
RICHARD W. SLACK
EVERT J. CHRISTENSEN, JR.
ADAM BOOKMAN
RAQUEL KELLERT

_____
CHRISTOPHER L. GARCIA

767 Fifth Avenue
New York, NY 10153
Telephone: 212/310-8000

Attorneys for Defendants Thomas A.
Andruskevich, Bruce D. Frank, Leslie D.
Michelson, Edward G. Rendell and
William G. Stanley

ZUCKERMAN SPAEDER LLP
ADAM L. FOTIADES

_____
ADAM L. FOTIADES

1800 M Street, NW, Suite 1000
Washington, DC 20036
Telephone: 202/778-1800

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
MICHAEL G. SCAVELLI

_____
MICHAEL C. MILLER

1114 Avenue of the Americas
New York, NY 10036
Telephone: 212/506-3900

Attorneys for Defendant Brian S. Block

KIRKLAND & ELLIS LLP
JAMES P. GILLESPIE
BETH MUELLER

_____
JAMES P. GILLESPIE

1301 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202/389-5000

Attorneys for Defendant David S. Kay

PETRILLO KLEIN & BOXER LLP
GUY PETRILLO
DANIEL Z. GOLDMAN

_____
GUY PETRILLO

655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone: 212/370-0330

EXECUTION COPY

SHEARMAN & STERLING LLP
ADAM S. HAKKI
DANIEL C. LEWIS
H. MIRIAM FARBER

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
MICHAEL G. SCAVELLI

_____
DANIEL C. LEWIS

599 Lexington Avenue
New York, NY  10022
Telephone: 212/848-4000

Attorneys for Third-Party Underwriter
Defendants

_____
MICHAEL C. MILLER

1114 Avenue of the Americas
New York, NY  10036
Telephone:  212/506-3900

Attorneys for Defendant Brian S. Block

WEIL, GOTSHAL & MANGES LLP
CHRISTOPHER L. GARCIA
RICHARD W. SLACK
EVERT J. CHRISTENSEN, JR.
ADAM BOOKMAN
RAQUEL KELLERT

KIRKLAND & ELLIS LLP
JAMES P. GILLESPIE
BETH MUELLER

_____
CHRISTOPHER L. GARCIA

767 Fifth Avenue
New York, NY  10153
Telephone: 212/310-8000

Attorneys for Defendants Thomas A.
Andruskevich, Bruce D. Frank, Leslie D.
Michelson, Edward G. Rendell and
William G. Stanley

_____
JAMES P. GILLESPIE

1301 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202/389-5000

Attorneys for Defendant David S. Kay

- 43 -

SHEARMAN & STERLING LLP
ADAM S. HAKKI
DANIEL C. LEWIS
H. MIRIAM FARBER

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
MICHAEL G. SCAVELLI

---

DANIEL C. LEWIS

599 Lexington Avenue
New York, NY 10022
Telephone: 212/848-4000

Attorneys for Third-Party Underwriter
Defendants

MICHAEL C. MILLER

1114 Avenue of the Americas
New York, NY 10036
Telephone: 212/506-3900

Attorneys for Defendant Brian S. Block

WEIL, GOTSHAL & MANGES LLP
CHRISTOPHER L. GARCIA
RICHARD W. SLACK
EVERT J. CHRISTENSEN, JR.
ADAM BOOKMAN
RAQUEL KELLERT

KIRKLAND & ELLIS LLP
JAMES P. GILLESPIE
BETH MUELLER

---

CHRISTOPHER L. GARCIA

767 Fifth Avenue
New York, NY 10153
Telephone: 212/310-8000

Attorneys for Defendants Thomas A.
Andruskevich, Bruce D. Frank, Leslie D.
Michelson, Edward G. Rendell and
William G. Stanley

JAMES P. GILLESPIE

1301 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202/389-5000

Attorneys for Defendant David S. Kay

ZUCKERMAN SPAEDER LLP
ADAM L. FOTIADES

PETRILLO KLEIN & BOXER LLP
GUY PETRILLO
DANIEL Z. GOLDMAN

---

ADAM L. FOTIADES

1800 M Street, NW, Suite 1000
Washington, DC 20036
Telephone: 202/778-1800

GUY PETRILLO

655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone: 212/370-0330

EXECUTION COPY

SHEARMAN & STERLING LLP
ADAM S. HAKKI
DANIEL C. LEWIS
H. MIRIAM FARBER

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
MICHAEL G. SCAVELLI

---

DANIEL C. LEWIS

599 Lexington Avenue
New York, NY  10022
Telephone: 212/848-4000

Attorneys for Third-Party Underwriter
Defendants

WEIL, GOTSHAL & MANGES LLP
CHRISTOPHER L. GARCIA
RICHARD W. SLACK
EVERT J. CHRISTENSEN, JR.
ADAM BOOKMAN
RAQUEL KELLERT

---

CHRISTOPHER L. GARCIA

767 Fifth Avenue
New York, NY  10153
Telephone: 212/310-8000

Attorneys for Defendants Thomas A.
Andruskevich, Bruce D. Frank, Leslie D.
Michelson, Edward G. Rendell and
William G. Stanley

ZUCKERMAN SPAEDER LLP
ADAM L. FOTIADES

---

ADAM L. FOTIADES

1800 M Street, NW, Suite 1000
Washington, DC  20036
Telephone: 202/778-1800

---

MICHAEL C. MILLER

1114 Avenue of the Americas
New York, NY  10036
Telephone: 212/506-3900

Attorneys for Defendant Brian S. Block

KIRKLAND & ELLIS LLP
JAMES P. GILLESPIE
BETH MUELLER

---

*James P. Gillespie (DC)*

JAMES P. GILLESPIE

1301 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202/389-5000

Attorneys for Defendant David S. Kay

PETRILLO KLEIN & BOXER LLP
GUY PETRILLO
DANIEL Z. GOLDMAN

---

GUY PETRILLO

655 Third Avenue, 22nd Floor
New York, NY  10017
Telephone: 212/370-0330

EXECUTION COPY

SHEARMAN & STERLING LLP
ADAM S. HAKKI
DANIEL C. LEWIS
H. MIRIAM FARBER

STEPTOE & JOHNSON LLP
MICHAEL C. MILLER
MICHAEL G. SCAVELLI

---

### DANIEL C. LEWIS

599 Lexington Avenue
New York, NY  10022
Telephone: 212/848-4000

Attorneys for Third-Party Underwriter
Defendants

### MICHAEL C. MILLER

1114 Avenue of the Americas
New York, NY  10036
Telephone: 212/506-3900

Attorneys for Defendant Brian S. Block

WEIL, GOTSHAL & MANGES LLP
CHRISTOPHER L. GARCIA
RICHARD W. SLACK
EVERT J. CHRISTENSEN, JR.
ADAM BOOKMAN
RAQUEL KELLERT

KIRKLAND & ELLIS LLP
JAMES P. GILLESPIE
BETH MUELLER

---

### CHRISTOPHER L. GARCIA

767 Fifth Avenue
New York, NY  10153
Telephone: 212/310-8000

Attorneys for Defendants Thomas A.
Andruskevich, Bruce D. Frank, Leslie D.
Michelson, Edward G. Rendell and
William G. Stanley

### JAMES P. GILLESPIE

1301 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202/389-5000

Attorneys for Defendant David S. Kay

ZUCKERMAN SPAEDER LLP
ADAM L. FOTIADES

PETRILLO KLEIN & BOXER LLP
GUY PETRILLO
DANIEL Z. GOLDMAN

---

### ADAM L. FOTIADES

1800 M Street, NW, Suite 1000
Washington, DC  20036
Telephone: 202/778-1800

### GUY PETRILLO

655 Third Avenue, 22nd Floor
New York, NY  10017
Telephone: 212/370-0330

EXECUTION COPY

| | |
|---|---|
| SHEARMAN & STERLING LLP | STEPTOE & JOHNSON LLP |
| ADAM S. HAKKI | MICHAEL C. MILLER |
| DANIEL C. LEWIS | MICHAEL G. SCAVELLI |
| H. MIRIAM FARBER | |

| | |
|---|---|
| DANIEL C. LEWIS | MICHAEL C. MILLER |
| 599 Lexington Avenue | 1114 Avenue of the Americas |
| New York, NY 10022 | New York, NY 10036 |
| Telephone: 212/848-4000 | Telephone: 212/506-3900 |
| Attorneys for Third-Party Underwriter Defendants | Attorneys for Defendant Brian S. Block |

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | KIRKLAND & ELLIS LLP |
| CHRISTOPHER L. GARCIA | JAMES P. GILLESPIE |
| RICHARD W. SLACK | BETH MUELLER |
| EVERT J. CHRISTENSEN, JR. | |
| ADAM BOOKMAN | |
| RAQUEL KELLERT | |

| | |
|---|---|
| CHRISTOPHER L. GARCIA | JAMES P. GILLESPIE |
| 767 Fifth Avenue | 1301 Pennsylvania Avenue, NW |
| New York, NY 10153 | Washington, DC 20004 |
| Telephone: 212/310-8000 | Telephone: 202/389-5000 |
| Attorneys for Defendants Thomas A. Andruskevich, Bruce D. Frank, Leslie D. Michelson, Edward G. Rendell and William G. Stanley | Attorneys for Defendant David S. Kay |

| | |
|---|---|
| ZUCKERMAN SPAEDER LLP | PETRILLO KLEIN & BOXER LLP |
| ADAM L. FOTIADES | GUY PETRILLO |
| | DANIEL Z. GOLDMAN |

| | |
|---|---|
| ADAM L. FOTIADES | GUY PETRILLO |
| 1800 M Street, NW, Suite 1000 | 655 Third Avenue, 22nd Floor |
| Washington, DC 20036 | New York, NY 10017 |
| Telephone: 202/778-1800 | Telephone: 212/370-0330 |

- 43 -

Daniel P. Moylan
100 East Pratt Street, Suite 2440
Baltimore, MD  21202-1031
Telephone: 410/332-0444

Attorneys for Defendant Lisa P.
McAlister

WINGET, SPADAFORA
  & SCHWARTZBERG LLP
LUIGI SPADAFORA
MATTHEW TRACY



——————————————————
        MATTHEW TRACY

45 Broadway, 19th Floor
New York, NY  10003
Telephone: 212/221-6900

Attorneys for Defendant Realty Capital
Securities, LLC

SIDLEY AUSTIN LLP
BRUCE R. BRAUN
MELANIE E. WALKER
KENDRA L. STEAD

——————————————————
        BRUCE R. BRAUN
One South Dearborn
Chicago, IL  60603
Telephone: 312/853-7000

SIDLEY AUSTIN LLP
GARY F. BENDINGER
787 Seventh Avenue
New York, NY  10019
Telephone: 212/839-5300

Attorneys for Defendant Grant Thornton,
LLP

Attorneys for Defendant Lisa Beeson

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
THEODORE V. WELLS, JR.
DANIEL J. KRAMER
LORIN L. REISNER
AUDRA J. SOLOWAY
CHRISTOPHER L. FILBURN

——————————————————
        CHRISTOPHER L. FILBURN

1285 Avenue of the Americas
New York, NY  10019
Telephone:  212/373-3000

Attorneys for Defendant Nicholas S. Schorsch

- 44 -

EXECUTION COPY

Daniel P. Moylan
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Telephone: 410/332-0444

Attorneys for Defendant Lisa P.
McAlister

WINGET, SPADAFORA
 & SCHWARTZBERG LLP
LUIGI SPADAFORA
MATTHEW TRACY

Attorneys for Defendant Lisa Beeson

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
THEODORE V. WELLS, JR.
DANIEL J. KRAMER
LORIN L. REISNER
AUDRA J. SOLOWAY
CHRISTOPHER L. FILBURN

---

MATTHEW TRACY

45 Broadway, 19th Floor
New York, NY 10003
Telephone: 212/221-6900

Attorneys for Defendant Realty Capital
Securities, LLC

SIDLEY AUSTIN LLP
BRUCE R. BRAUN
MELANIE E. WALKER
KENDRA L. STEAD

---

CHRISTOPHER L. FILBURN

1285 Avenue of the Americas
New York, NY 10019
Telephone: 212/373-3000

Attorneys for Defendant Nicholas S. Schorsch

---

BRUCE R. BRAUN

One South Dearborn
Chicago, IL 60603
Telephone: 312/853-7000

SIDLEY AUSTIN LLP
GARY F. BENDINGER
787 Seventh Avenue
New York, NY 10019
Telephone: 212/839-5300

Attorneys for Defendant Grant Thornton,
LLP

EXECUTION COPY

Daniel P. Moylan
100 East Pratt Street, Suite 2440
Baltimore, MD  21202-1031
Telephone: 410/332-0444

Attorneys for Defendant Lisa P.
McAlister

WINGET, SPADAFORA
 & SCHWARTZBERG LLP
LUIGI SPADAFORA
MATTHEW TRACY

Attorneys for Defendant Lisa Beeson

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
THEODORE V. WELLS, JR.
DANIEL J. KRAMER
LORIN L. REISNER
AUDRA J. SOLOWAY
CHRISTOPHER L. FILBURN

---

MATTHEW TRACY

45 Broadway, 19th Floor
New York, NY  10003
Telephone: 212/221-6900

Attorneys for Defendant Realty Capital
Securities, LLC

SIDLEY AUSTIN LLP
BRUCE R. BRAUN
MELANIE E. WALKER
KENDRA L. STEAD

---

BRUCE R. BRAUN
One South Dearborn
Chicago, IL  60603
Telephone: 312/853-7000

SIDLEY AUSTIN LLP
GARY F. BENDINGER
787 Seventh Avenue
New York, NY  10019
Telephone: 212/839-5300

Attorneys for Defendant Grant Thornton,
LLP

---

CHRISTOPHER L. FILBURN

1285 Avenue of the Americas
New York, NY  10019
Telephone:  212/373-3000

Attorneys for Defendant Nicholas S. Schorsch

- 44 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 30, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  debraw@rgrdlaw.com

**Mailing Information for a Case 1:15-mc-00040-AKH In re American Realty Capital Properties, Inc. Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Robin L. Alperstein**
  ralperstein@beckerglynn.com,esteckhan@beckerglynn.com,hhill@beckerglynn.com

- **Antonia Marie Apps**
  aapps@milbank.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Adam M. Apton**
  aapton@zlk.com

- **Karim Basaria**
  kbasaria@sidley.com

- **Khristoph Becker**
  kbecker@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Gary Frederick Bendinger**
  gbendinger@sidley.com,nyefiling@sidley.com,gary-bendinger-4030@ecf.pacerpro.com

- **Stanley D Bernstein**
  bernstein@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Rebecca A. Beynon**
  rbeynon@kellogghansen.com

- **Brian Roger Blais**
  brian.blais@usdoj.gov,usanys.ecf@usdoj.gov,CaseView.ECF@usdoj.gov

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Kristen Leigh Bokhan**
  kristen.bokhan@kirkland.com

- **Adam Jerrod Bookman**
  adam.bookman@weil.com,adam-bookman-4279@ecf.pacerpro.com

- **Bruce Roger Braun**
  bbraun@sidley.com,nyefiling@sidley.com,efilingnotice@sidley.com,catherine.stewart@sidley.com,kbasaria@sidley.com,ntygesso@sidley.com,nconrad@sidley.com,b
  braun-9612@ecf.pacerpro.com

- **Kristina Anne Bunting**
  kbunting@paulweiss.com,mao_fednational@paulweiss.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com,SCaesar@rgrdlaw.com,5233378420@filings.docketbird.com,kmccormack@rgrdlaw.com,lmix@rgrdlaw.com

- **Alexandra Rebecca Clark**
  aclark@pkbllp.com

- **Neil Harris Conrad**
  nconrad@sidley.com,efilingnotice@sidley.com,neil-conrad-4222@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,smiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com,bdentremont@bermandevalerio.com,ecf@bermandevalerio.com,bmccarthy@bermandevalerio.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,5593753420@filings.docketbird.com

- **H. Miriam Farber**
  mfarber@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,miriam-farber-
  7421@ecf.pacerpro.com,manattyoffice@shearman.com

- **Meagan Alicia Farmer**
  mfarmer@gardylaw.com

- **Reid Mason Figel**
  rfigel@kellogghansen.com,fli@kellogghansen.com,cparra@kellogghansen.com

- **Christopher Lee Filburn**
  cfilburn@paulweiss.com,mao_fednational@paulweiss.com

- **Robert Craig Finkel**
  rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,2249257420@filings.docketbird.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Adam Fotiades**
  afotiades@zuckerman.com

- **Molly Bruder Fox**
  mbfox@steptoe.com

- **Christopher Louis Garcia**
  christopher.garcia@weil.com,mco.ecf@weil.com,evert.christensen@weil.com,christopher-garcia-1339@ecf.pacerpro.com,nymao@ecf.pacerpro.com

- **James Philip Gillespie**
  jgillespie@kirkland.com,kevin.mccarthy@kirkland.com,kenymanagingclerk@kirkland.com

- **Daniel Zachary Goldman**
  dgoldman@pkbllp.com

- **Andrew Edward Goldsmith**
  agoldsmith@kellogghansen.com,ecfnotices@kellogghansen.com,ggoldfeder@kellogghansen.com,ecf-2ff5a29c9f5d@ecf.pacerpro.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Douglas W. Greene**
  dgreene@bakerlaw.com,agougisha@bakerlaw.com,bhlitdocket@bakerlaw.com

- **Theresa Hsin-Yi Gue**
  tgue@pkbllp.com

- **John Gueli**
  jgueli@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com,john-gueli-5051@ecf.pacerpro.com

- **Adam Selim Hakki**
  ahakki@shearman.com,managing-attorney-5081@ecf.pacerpro.com,Courtalert@shearman.com,manattyoffice@shearman.com,adam-hakki-1816@ecf.pacerpro.com

- **John Louis Hardiman**
  hardimanj@sullcrom.com,john-hardiman-9552@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **David Charles Harrison**
  dharrison@lowey.com

- **Barbara J. Hart**
  bhart@lowey.com

- **Steven P. Harte**
  steven@blocksq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **James Ormerod Heyworth , V**
  jheyworth@sidley.com,nyefiling@sidley.com,james-heyworth-0340@ecf.pacerpro.com

- **William Scott Holleman**
  holleman@bespc.com,ecf@bespc.com

- **Geoffrey Coyle Jarvis**
  gjarvis@ktmc.com,9343632420@filings.docketbird.com,mswift@ktmc.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com

- **Rebecca M Katz**
  rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com

- **Michael Anthony Keough**
  mkeough@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Robert Klipper**
  rklipper@kellogghansen.com,jmarine@kellogghansen.com

- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Alexia Dorothea Korberg**
  akorberg@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Larry Howard Krantz**
  lkrantz@krantzberman.com

- **Eric Albin Larson**
  elarson@mmmlaw.com,eeckard@mmmlaw.com

- **Angel P. Lau**
  alau@rgrdlaw.com,8467512420@filings.docketbird.com,tdevries@rgrdlaw.com

- **Grace Jheeyoung Lee**
  grace.lee@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,grace-lee-3889@ecf.pacerpro.com,manattyoffice@shearman.com,mariusz.jedrzejewski@shearman.com

- **Justin David Lerer**
  jlerer@paulweiss.com,mao_fednational@paulweiss.com

- **Michelle Lynn Levin**
  mlevin@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,daniel-lewis-6070@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Neil Robert Lieberman**
  nlieberman@hsgllp.com,crodriguez@hsgllp.com,Managingclerk@hsgllp.com

- **Howard Theodore Longman**
  tsvi@aol.com,hlongman@ssbny.com

- **Morgan Paige Lucas**
  mlucas@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **John Phillip MacNaughton**
  jpm@mmmlaw.com,wew@mmmlaw.com,elarson@mmmlaw.com

- **Michael David Margulies**
  mmargulies@carltonfields.com

- **Jerry Lee Marks**
  jmarks@milbank.com

- **Rita Kathleen Maxwell**
  rita.maxwell@bracewelllaw.com,mco@bracewelllaw.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Glen Garrett McGorty**
  gmcgorty@crowell.com

- **Donald Alan Migliori**
  dmigliori@motleyrice.com,kdotson@motleyrice.com

- **Michael Campion Miller**
  mmiller@steptoe.com,spu@steptoe.com,ocorn@Steptoe.com,ehartman@steptoe.com

- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com

- **Erin Jennifer Morgan**
  ejmorgan@paulweiss.com,mao_fednational@paulweiss.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com,sturman@sturman.ch

- **Daniel P. Moylan**
  dmoylan@zuckerman.com,jlinton@zuckerman.com,cvandergriff@zuckerman.com

- **Beth Mueller**
  beth.mueller@kirkland.com,lroberts@kirkland.com,kenymanagingclerk@kirkland.com

- **Mark Francis Murphy**
  mmurphy@steptoe.com

- **Sean Michael Nadel**
  snadel@kelloghansen.com

- **William H. Narwold**
  bnarwold@motleyrice.com,glevin@motleyrice.com,lmclaughlin@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com

- **Shawn Patrick Naunton**
  snaunton@zuckerman.com,lgehlbach@zuckerman.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,jtash@zlk.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Ohring**
  johring@milbank.com,DMarcou@milbank.com,mprostko@milbank.com,TQuinn@milbank.com,JKammerman@milbank.com,milbank@ecf.courtdrive.com,jon-ohring-4945@ecf.pacerpro.com,dhooks1@milbank.com,klandis@milbank.com,AutoDocketECF@milbank.com,ggreen@milbank.com,MGrier@milbank.com,molsson@milb

- **Bradley E Oppenheimer**
  boppenheimer@kelloghansen.com,ecf-780f0d54d6a1@ecf.pacerpro.com,ggoldfeder@kelloghansen.com

- **Guy Petrillo**
  gpetrillo@pkbllp.com

- **Ashley M. Price**
  APrice@rgrdlaw.com,e_file_sd@rgrdlaw.com,9561670420@filings.docketbird.com,lmix@rgrdlaw.com

- **Kingdar Prussien**
  kprussien@milbank.com

- **Arlen Pyenson**
  apyenson@crowell.com

- **Fei-Lu Qian**
  fqian@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Leah Margaret Quadrino**
  lquadrino@steptoe.com,pparker@steptoe.com

- **Daniel Brett Rehns**
  drehns@hrsclaw.com,efilings@hrsclaw.com

- **Kenneth Mark Rehns**
  krehns@saxenawhite.com,krehns@cohenmilstein.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Lorin L. Reisner**
  LReisner@paulweiss.com,mao_fednational@paulweiss.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Ann Kimmel Ritter**
  aritter@motleyrice.com,glevin@motleyrice.com,kweil@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,jcaringal@rgrdlaw.com

- **Lara Elizabeth Romansic**
  lromansic@steptoe.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,9858910420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter George Safirstein**
  psafirstein@safirsteinmetcalf.com,sfeerick@safirsteinmetcalf.com

- **Michael Gerard Scavelli**
  mscavelli@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Jed Mastren Schwartz**
  jschwartz@milbank.com,jed-schwartz-8050@ecf.pacerpro.com,milbank@ecf.courtdrive.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,3827167420@filings.docketbird.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph R. Seidman**
  seidman@bernlieb.com

- **Jonathan Lucas Shapiro**
  jshapiro@kasowitz.com,courtnotices@kasowitz.com,autodocket@kasowitz.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com,4243953420@filings.docketbird.com,landracchio@rgrdlaw.com

- **Thomas Michael Skelton**
  tskelton@lowey.com

- **Richard William Slack**
  richard.slack@weil.com,mco.ecf@weil.com,richard-slack-
  7880@ecf.pacerpro.com,adam.bookman@weil.com,Patrick.Branson@weil.com,nymao@ecf.pacerpro.com,evert.christensen@weil.com,Raquel.Kellert@weil.com

- **Patrick Kevin Slyne**
  pkslyne@ssbny.com

- **Patrick C Smith**
  psmith@dehay.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Luigi Spadafora**
  spadafora.l@wssllp.com

- **Kendra L Stead**
  kstead@sidley.com,efilingnotice@sidley.com,tcollier@sidley.com,jdent@sidley.com,kendra-stead-0480@ecf.pacerpro.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com,michael-h-steinberg-5026@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Johnson Stewart**
  elizabeth.stewart@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,elizabeth-stewart-
  0821@ecf.pacerpro.com,manattyoffice@shearman.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Daniel Ben Tehrani**
  Daniel.Tehrani@usdoj.gov,CaseView.ECF@usdoj.gov

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Matthew Tracy**
  tracy.m@wssllp.com

- **Nicholas Tygesson**
  ntygesso@sidley.com

- **Anil Karim Vassanji**
  avassanji@fklaw.com

- **Melanie Elizabeth Walker**
  mewalker@sidley.com,melanie-walker-7174@ecf.pacerpro.com,efilingnotice@sidley.com

- **Reid Weingarten**
  rweingarten@steptoe.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,joshua-rubin-1257@ecf.pacerpro.com,exec@weisslawllp.com

- **Theodore Von Wells , Jr**
  twells@paulweiss.com,mao_fednational@paulweiss.com

- **Collin White**
  cwhite@kellogghansen.com

- **Regis C. Worley , Jr**
  rworley@rgrdlaw.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com,9404133420@filings.docketbird.com,scaesar@rgrdlaw.com

- **Genevieve Graeme York-Erwin**
  gyorkerwin@bakerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ar Capital LLC
,

Dwight          Phillip Bostwick
Zuckerman Spaeder, LLP
1800  M  Street,  N.W.,  Ste. 1000
Washington, DC 20036-5802

Scott           Alexander Edelman
Milbank LLP
55 Hudson Yards
New York City, NY 10001-2163

Kevin Patton
,

William         Taylor
Zuckerman Spaeder LLP
1800 M Street, N.W
Washington, DC 20036

David           C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101

Abby M. Wenzel
,
```