UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re AMERICAN REALTY CAPITAL            :    Civil Action No. 1:15-mc-00040-AKH
PROPERTIES, INC. LITIGATION              :
                                         :    CLASS ACTION
———————————————————           :
                                         :
This Document Relates To:                :
                                         :
    ALL ACTIONS.                         :
———————————————————— x

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO:   **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK, PREFERRED STOCK, OR DEBT SECURITIES OF AMERICAN REALTY CAPITAL PROPERTIES, INC. ("ARCP", NOW KNOWN AS VEREIT, INC.) OR ARC PROPERTIES OPERATING PARTNERSHIP, L.P. (NOW KNOWN AS VEREIT OPERATING PARTNERSHIP, L.P.) ("ARCP SECURITIES") DURING THE PERIOD BETWEEN FEBRUARY 28, 2013 AND OCTOBER 29, 2014 (THE "CLASS PERIOD")**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY JANUARY 23, 2020.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit for $1,025,000,000.00 in cash (the "Settlement") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated September 30, 2019 (the "Stipulation"), by and between Lead Plaintiff Teachers Insurance and Annuity Association of America, College Retirement Equities Fund, TIAA-CREF Equity Index Fund, TIAA-CREF Real Estate Securities Fund, TIAA-CREF Large Cap Value Index Fund, TIAA-CREF Small Cap Blend Index Fund, TIAA-CREF Life Real Estate Securities Fund, TIAA-CREF Life Equity Index Fund, and TIAA-CREF Bond Index Fund (collectively "TIAA" or "Lead Plaintiff"), on behalf of itself and the Class (as defined below), on the one hand, and Defendants ARCP (now known as VEREIT), AR Capital, LLC ("AR Capital"), ARC Properties Advisors, LLC, certain of ARCP's and AR Capital's current or former officers and directors, Grant Thornton LLP and the underwriters involved in four securities offerings by ARCP during the Class Period, on the other hand (collectively, "Defendants").[1]

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is different than the one you previously received advising you of the pendency of this Litigation.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

---

[1]   The Stipulation can be viewed and/or downloaded at www.ARCPSecuritiesLitigation.com.  All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim and Release must be postmarked (if mailed) or received (if submitted online) on or before January 23, 2020.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.   **Objections must be postmarked on or before December 31, 2019.** |
| **GO TO THE HEARING ON JANUARY 21, 2020, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be postmarked on or before December 31, 2019. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Person about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

- 2 -

## SUMMARY OF THIS NOTICE

### Description of the Litigation and the Class

This Notice relates to a proposed settlement of claims in a pending securities class action brought by ARCP investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements not misleading in public filings and other public statements during the Class Period. A more detailed description of the Litigation is set forth on pages ____ below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined on pages ____ below.

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $1,025,000,000.00 settlement fund has been established (the "Settlement Amount"). The Settlement Amount together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less (a) any taxes, (b) any Notice and Administration Expenses, and (c) any attorneys' fees and litigation costs, charges and expenses (including any awards to Plaintiffs of their costs and expenses in representing the Class) awarded by the Court, will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages ____ below. Based on Lead Plaintiff's estimate of the number of ARCP Securities eligible to recover, and Defendants' representations concerning previously settled claims, the average distribution under the Plan of Allocation is roughly $1.72 per common share, $1.35 per preferred share, and $6.91 per $100 face value of the TAA Notes, $9.04 per $100 face value of the TAB Notes, $2.24 per $100 face value of the QAA/QAB Notes, $2.78 per $100 face value of the QAC/QAD Notes, $5.27 per $100 face value of the QAE/QAF Notes, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Expenses, and allowable attorneys' fees and expenses (including any awards to Plaintiffs) as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages ____ below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per security, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of ARCP Securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of ARCP Securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of ARCP Securities at various times during the Class Period;

(6) the extent to which external factors influenced the price of ARCP Securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of ARCP Securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of ARCP Securities during the Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed thirteen percent (13%) of the Settlement Amount, plus costs, charges and expenses not to exceed $6 million, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. The requested fee is the result of a negotiation between Lead Counsel and Lead Plaintiff that was designed to align the interests of Lead Counsel and the Class in maximizing the net recovery for the Class. As part of the final approval submission, Lead Counsel intends to demonstrate that the requested fee is being made pursuant to the fee grid negotiated by the Lead Plaintiff prior to being appointed Lead Plaintiff and reflects the significant risks undertaken and effort expended by Lead Counsel in prosecuting the Action, as well as the result achieved for the Class. Lead Counsel intends to provide the Court with evidence establishing that the requested fee is fair and reasonable based upon, among other things: (i) the effort expended by counsel; (ii) the risks undertaken by counsel; (iii) the contingent nature of counsel's representation; (iv) the risks of establishing liability; (v) the risks of establishing causation and damages, (vi) the magnitude and complexity of the litigation, (vii) the quality of the representation, (viii) public policy considerations, and (ix) the Class' reaction to the fee request. The requested attorneys' fees, costs, charges and expenses amount to an average cost of approximately $0.23 per allegedly damaged ARCP common share, $0.18 per allegedly damaged preferred share and $0.94 per allegedly damaged $100 face value of the TAA Notes, $1.23 per allegedly damaged $100 face value of the TAB Notes, $0.30 per allegedly damaged $100 face value of the QAA/QAB Notes, $0.38 per allegedly damaged $100 face value of the QAC/QAD Notes, and $0.71 per allegedly damaged $100 face value of the QAE/QAF Notes. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

## Further Information

For further information regarding the Litigation or this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at _____, or visit the website www.ARCPSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damage, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Litigation.  For Defendants, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have concluded that further conduct of this Litigation could be expensive, protracted and distracting.

## WHAT IS THIS LAWSUIT ABOUT?

## THE ALLEGATIONS

The Litigation is currently pending before the Honorable Alvin K. Hellerstein in the United States District Court for the Southern District of New York (the "Court").  The initial complaint in this action was filed on October 30, 2014.  On February 13, 2015, the Court appointed TIAA as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

Lead Plaintiff's Third Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") alleges that Defendants variously violated §§11 and/or 15 of the Securities Act of 1933 and/or §§10(b) and 20(a) of the Securities Exchange Act of 1934.  More specifically, Lead Plaintiff alleges that ARCP failed to properly report Adjusted Funds From Operations ("AFFO"), a common measure of REIT performance, by improperly and artificially inflating AFFO, causing it to be overstated.  Lead Plaintiff further alleges that when the true facts regarding the alleged accounting improprieties were revealed, that artificial inflation was removed from the prices of ARCP Securities, causing the prices to drop and damaging members of the Class.

Defendants deny all of Lead Plaintiff's allegations.  Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

Each Defendant would raise numerous defenses at trial as applicable to the claims against them.  Among other things, Defendants would argue that: (i) Plaintiffs failed to show any materially false or misleading statements or omissions regarding ARCP's methodology for calculating AFFO; (ii) any misstatement or omission regarding ARCP's methodology for calculating AFFO would have been immaterial as a matter of law under the "truth on the market" doctrine because the actual methodology used to calculate AFFO was simultaneously disclosed in, and apparent on the face of,

ARCP's public filings; (iii) ARCP had discretion in how to calculate AFFO, a non-GAAP metric, and because the calculation of AFFO is a statement of financial opinion, Plaintiffs would be required, but unable, to show that statements regarding ARCP's methodology for calculating AFFO were both objectively and subjectively false at the time they were made; (iv) there is no evidence that Defendants acted intentionally or recklessly in connection with the alleged misstatements; (v) Plaintiffs failed to prove that certain Defendants had actual control over any alleged misstatement by ARCP; (vi) Plaintiffs failed to demonstrate an adequate causal relationship between the alleged misstatements or omissions and any losses they suffered; (vii) statements regarding ARCP's internal controls were statements of opinion, and Plaintiffs could not show that management did not objectively or subjectively believe those statements of opinion at the time they were made; (viii) the alleged misstatements in Grant Thornton's audit reports were statements of opinion, and Plaintiffs could not show that those opinion statements omitted known material facts that would render them misleading; (ix) Grant Thornton cannot be held liable for any alleged misstatements outside of the audited financial statements; (x) certain Defendants are shielded from any Section 11 liability by their exercise of due diligence; (xi) Plaintiffs' Section 11 claims based on certain equity offerings fail because Plaintiffs could not trace their shares to the allegedly false or misleading registration statements; (xii) Plaintiffs' claims based on forward-looking statements concerning ARCP's AFFO projections are legally inactionable and did not cause any losses; and (xiii) in the event of liability, damages would be significantly lower than the damages calculated by Plaintiffs' expert. Lead Plaintiff believed that it could overcome each of these defenses and prevail at trial. However, Lead Plaintiff understood that a jury may have agreed with some or all of the Defendants' anticipated defenses, which could have resulted in a much smaller recovery or no recovery at all.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO LEAD PLAINTIFF OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

### PROCEDURAL HISTORY

The Settling Parties vigorously litigated this case for nearly five years. They briefed and argued two rounds of motions to dismiss the Class's claims, and following rulings on the motions to dismiss, the Settling Parties engaged in extensive fact and class-related discovery which included the exchange of over 12 million pages of documents and the taking of more than 50 depositions. After full briefing and an evidentiary hearing, the Court certified the Class on August 31, 2017. After the close of fact discovery in December 2018, the Settling Parties briefed and argued 13 motions for summary judgment, which were granted in part and denied in part on May 10, 2019.

After summary judgment was resolved, the Settling Parties engaged in expert discovery, exchanging reports from and deposing 21 experts.

The Settling Parties were scheduled to begin the trial of this Litigation in January 2020. In anticipation of the trial, the Settling Parties briefed 45 motions *in limine* and 17 motions to exclude expert testimony. Those motions were scheduled for oral argument in mid-September 2019.

The Settling Parties also participated in multiple in-person mediation sessions as well as numerous telephonic conferences over several years with the Honorable Layn R. Phillips (Ret.), a retired United States District Court Judge and an experienced mediator. The Settling Parties engaged in good-faith, arm's-length negotiations during the earlier mediation sessions, but were unable to reach an agreement. The Settling Parties pursued pre-trial motion practice while settlement discussions continued through Judge Phillips. On September 8, 2019, the Settling Parties reached an agreement in principle to resolve the Litigation, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired ARCP Securities during the period between February 28, 2013 and October 29, 2014 and are not otherwise excluded, you are a Class Member. As set forth in the Stipulation, excluded from the Class are: Defendants, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Third-Party Underwriter Defendant[2] may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Third-Party Underwriter Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Third-Party Underwriter Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in ARCP Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition. In other words, the Third-Party Underwriter Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities.

Additionally, the Class excludes any person or entity that entered into any other settlement agreement or otherwise provided a release to any Defendant relating to or arising from the purchase or other acquisition of ARCP Securities prior to October 29, 2014. Also excluded from the Class is any Class Member who timely and validly requested exclusion in accordance with the requirements set by the Court in connection with the Notice of Pendency of Class Action previously provided to the Class.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you

---

[2] Third-Party Underwriter Defendants are defined as Barclays Capital Inc., BMO Capital Markets Corp., Capital One Securities, Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Janney Montgomery Scott, LLC, JMP Securities LLC, J.P. Morgan Securities LLC, KeyBanc Capital Markets Inc., Ladenburg Thalmann & Co. Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities USA LLC (f/k/a Mizuho Securities USA Inc.), Morgan Stanley & Co. LLC, Piper Jaffray & Co., PNC Capital Markets LLC, RBS Securities Inc., Robert W. Baird & Co. Incorporated, and Wells Fargo Securities, LLC.

wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before January 23, 2020.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $1,025,000,000.00. This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as attorneys' fees and expenses, and the payment of Plaintiffs' costs and expenses in representing the Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

### WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each ARCP Security purchased or otherwise acquired during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including when the ARCP Security was purchased or otherwise acquired and in what amounts, whether the securities were ever sold, and, if so, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many and which type of ARCP Security you purchased or otherwise acquired during the Class Period, and whether you sold any of those securities and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

In the event a Class Member has more than one purchase or acquisition or sale of ARCP Securities during the Class Period, all such purchases and sales shall be matched by security on a First-In, First-Out ("FIFO") basis. Sales will be matched against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

If a matched Class Period purchase and sale reflects a market gain, the recognized claim for the specific shares or notes involved in the transaction will be $0.00. The Claims Administrator

shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For each Class Period  purchase or acquisition of an ARCP Security that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.  To the extent a Class Member has a Recognized Loss Amount under the Exchange Act and the Securities Act resulting from the same purchase or acquisition of an ARCP Security, the Recognized Loss Amount will be the greater of the Exchange Act Recognized Loss Amount and the Securities Act Recognized Loss Amount.

2.      The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## EXCHANGE ACT RECOGNIZED LOSS AMOUNTS

3.      For the Exchange Act Securities, estimated damages and the Plan were developed based on event study analysis, which determines how much artificial inflation was in the prices of such securities on each day during the Class Period by measuring how much the prices declined as a result of disclosures that corrected the alleged misrepresentations and omissions. An Exchange Act Recognized Loss Amount is calculated for each Class Member who purchased Exchange Act Securities during the Class Period based on when that claimant purchased and sold shares, or retained shares beyond the end of the Class Period.

4.      Based on the formulas presented below, an "Exchange Act Recognized Loss Amount" will be calculated for each purchase or acquisition of ARCP Exchange Act Securities stock during the Class Period that is listed on the Proof of Claim and Release form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

**ARCP Common Stock**

5.      For each share of ARCP common stock purchased or otherwise acquired during the Class Period and:

(a)      Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

(b)      Sold after 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.32 per share; and (ii) the difference between the purchase price and the sale price.

(c)      Sold on October 30, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.95 per share; and (ii) the difference between the purchase price and the sale price.

(d)      Sold on October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $3.56 per share; and (ii) the difference between the purchase price and the sale price.

(e)      Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $4.61 per share; and (ii) the difference between the purchase price and the sale price.

(f)      Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $4.61 per share; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-1 below.

(g)      Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of (i) $4.61 per share; and (ii) the difference between the purchase price and $8.96 per share.[3]

**ARCP Preferred Stock**

6.      For each share of ARCP preferred stock purchased or otherwise acquired during the Class Period and:

(h)      Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

---

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Exchange Act Recognized Loss Amounts for ARCP common stock are reduced to an appropriate extent by taking into account the closing prices of ARCP common stock during the 90-day look-back period.  The mean (average) closing price for ARCP common stock during this 90-day look-back period was $8.96 per share as shown in Table-1.

(i)      Sold after 7:03 a.m. on October 29, 2014, or on October 30, 2014 or October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $1.25 per share; and (ii) the difference between the purchase price and the sale price.

(j)      Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.40 per share; and (ii) the difference between the purchase price and the sale price.

(k)      Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $2.40 per share; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-1 below.

(l)      Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $2.40 per share; and (ii) the difference between the purchase price and $22.21 per share.[4]

**ARCP TAA Note**

7.      For each $100 of par of the ARCP TAA Notes purchased or otherwise acquired during the Class Period and:

(m)      Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

(n)      Sold after 7:03 a.m. on October 29, 2014, or on October 30, 2014 or October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $6.37 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(o)      Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $13.60 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(p)      Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $13.60 per $100 of par; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average volume weighted average price ("VWAP") up to the date of sale as set forth in Table-1 below.

(q)      Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $13.60 per $100 of par; and (ii) the difference between the purchase price and $91.06 per $100 of par.[5]

---

[4]      Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for ARCP preferred stock are reduced to an appropriate extent by taking into account the closing prices of ARCP preferred stock during the 90-day look-back period. The mean (average) closing price for ARCP preferred stock during this 90-day look-back period was $22.21 per share as shown in Table-1.

**ARCP TAB Note**

8. For each $100 of par of the ARCP TAB Notes purchased or otherwise acquired during the Class Period and:

(r) Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

(s) Sold after 7:03 a.m. on October 29, 2014, or on October 30, 2014 or October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $9.39 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(t) Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $17.81 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(u) Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $17.81 per $100 of par; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average volume weighted average price ("VWAP") up to the date of sale as set forth in Table-1 below.

(v) Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $17.81 per $100 of par; and (ii) the difference between the purchase price and $90.42 per $100 of par.[6]

**ARCP QAA/QAB Note**

9. For each $100 of par of the ARCP QAA/QAB Notes purchased or otherwise acquired during the Class Period and:

(w) Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

---

[5] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for the ARCP TAA Notes are reduced to an appropriate extent by taking into account the VWAPs of the TAA Notes during the 90-day look-back period. The mean (average) VWAP for the TAA Notes during this 90-day look-back period was $91.06 per $100 of par as shown in Table-1.

[6] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for the ARCP TAB Notes are reduced to an appropriate extent by taking into account the VWAPs of the TAB Notes during the 90-day look-back period. The mean (average) VWAP for the TAB Notes during this 90-day look-back period was $90.42 per $100 of par as shown in Table-1.

(x)     Sold after 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $1.24 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(y)     Sold on October 30, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.26 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(z)     Sold on October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.60 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(aa)     Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $4.42 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(bb)     Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $4.42 per $100 of par; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average volume weighted average price ("VWAP") up to the date of sale as set forth in Table-1 below.

(cc)     Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $4.42 per $100 of par; and (ii) the difference between the purchase price and $95.32 per $100 of par.[7]

## ARCP QAC/QAD Note

10.     For each $100 of par of the ARCP QAC/QAD Notes purchased or otherwise acquired during the Class Period and:

(dd)     Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

(ee)     Sold after 7:03 a.m. on October 29, 2014, or on October 30, 2014 or October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $2.48 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(ff)     Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $5.47 per $100 of par; and (ii) the difference between the purchase price and the sale price.

---

[7]     Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for the ARCP QAA/QAB Notes are reduced to an appropriate extent by taking into account the VWAPs of the QAA/QAB Notes during the 90-day look-back period. The mean (average) VWAP for the QAA/QAB Notes during this 90-day look-back period was $95.32 per $100 of par as shown in Table-1.

(gg)    Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $5.47 per $100 of par; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average volume weighted average price ("VWAP") up to the date of sale as set forth in Table-1 below.

(hh)    Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $5.47 per $100 of par; and (ii) the difference between the purchase price and $94.08 per $100 of par.[8]

**ARCP QAE/QAF Note**

11.    For each $100 of par of the ARCP QAE/QAF Notes purchased or otherwise acquired during the Class Period and:

(ii)    Sold at or prior to 7:03 a.m. on October 29, 2014, the Exchange Act Recognized Loss Amount per share is zero.

(jj)    Sold after 7:03 a.m. on October 29, 2014, or on October 30, 2014 or October 31, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $5.98 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(kk)    Sold on November 3, 2014, the Exchange Act Recognized Loss Amount per share is the lesser of: (1) $10.37 per $100 of par; and (ii) the difference between the purchase price and the sale price.

(ll)    Retained at the end of November 3, 2014 and sold before January 30, 2015, the claim per share shall be the least of: (i) $10.37 per $100 of par; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average volume weighted average price ("VWAP") up to the date of sale as set forth in Table-1 below.

(mm)   Held as of the close of trading on January 30, 2015 or sold thereafter, the claim per share shall be the lesser of: (i) $10.37 per $100 of par; and (ii) the difference between the purchase price and $94.21 per $100 of par.[9]

---

[8]   Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for the ARCP QAC/QAD Notes are reduced to an appropriate extent by taking into account the VWAPs of the QAC/QAD Notes during the 90-day look-back period. The mean (average) VWAP for the QAC/QAD Notes during this 90-day look-back period was $94.08 per $100 of par as shown in Table-1.

[9]   Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for the ARCP QAE/QAF Notes are reduced to an appropriate extent by taking into account the VWAPs of the QAE/QAF Notes during the 90-day look-back period. The mean (average) VWAP for the QAE/QAF Notes during this 90-day look-back period was $94.21 per $100 of par as shown in Table-1.

## SECURITIES ACT RECOGNIZED LOSS AMOUNTS

12.     Securities Act claims were asserted with respect to ARCP Securities Act Securities purchased or otherwise acquired pursuant or traceable to the Registration Statements. The Section 11 Securities Act claims asserted in the action serve as the basis for the calculation of Securities Act Recognized Loss Amounts. Section 11 provides a statutory formula for the calculation of damages under that provision.  The formula set forth below, developed by Plaintiffs' damages expert generally tracks the statutory formula. For purposes of the calculations, October 30, 2014 is the date of suit, and is the proxy for the date of judgment.

13.     Based on the formulas stated below, a "Securities Act Recognized Loss Amount" will be calculated for each purchase/acquisition of ARCP Securities Act Securities.  If a Securities Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

14.     For the Securities Act Securities, a Securities Act Recognized Loss Amount will be calculated as set forth below for each purchase or other acquisition of a security pursuant or traceable to a Registration Statement. The calculation of a Securities Act Recognized Loss Amount will depend upon several factors, including (i) which security was purchased or otherwise acquired, and in what amounts; (ii) when the security was purchased or otherwise acquired; and (iii) whether the security was sold, and if so, when they were sold, and for what amounts.  The "value" of a security on the date on which a complaint was first filed alleging claims under Section 11 of the Securities Act is relevant for purposes of calculating damages for securities still held as of that date under Section 11(e).  Thus, "value" is measured by the closing price on October 30, 2014, which is the date the complaint was filed.  Consequently, in order to fairly allocate the Net Settlement Fund, for the securities that are the subject of claims under Section 11 the October 30, 2014 Closing Price shall be utilized in measuring the "value" of the securities.

## ARCP COMMON STOCK

### A.     The ARCT IV Merger

15.     For each share of ARCP common stock received in exchange for shares of ARCT IV, Inc. ("ARCT IV") in the merger between ARCP and ARCT IV (the "ARCT IV Merger"), and

(nn)     Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount per share is zero.

(a)     Held from the ARCT IV Merger and sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $12.87 per share, the issue price of the ARCP common stock registered in connection with the ARCT IV Merger) minus the sale price.

(b)     Held from the ARCT IV Merger through the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $12.87 per share, the issue price of the ARCP common stock registered in connection with the ARCT IV Merger) minus $9.42 per share, the price of ARCP common stock on October 30, 2014.

- 15 -

**B.     The Cole Merger**

16.     For each share of ARCP common stock received in exchange for shares of Cole, Inc. ("Cole") in the merger between ARCP and Cole (the "Cole Merger") purchased or otherwise acquired pursuant or traceable to the Registration Statement on Form S-4 dated December 23, 2013 and Proxy Statement/Prospectus dated December 23, 2013 Registration Statement, which registered and ultimately issued 520,443,854 shares of ARCP common stock, and

(qq)     Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount per share is zero.

(a)     Held from the Cole Merger and sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $13.35 per share, the issue price of the ARCP common stock registered in connection with Cole Merger) minus the sale price.

(b)     Held from the Cole Merger through the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $13.35 per share, the issue price of ARCP common stock registered in connection with Cole Merger) minus $9.42 per share, the price of ARCP common stock on October 30, 2014.

**C.     May 20, 2014 Follow-On Offering**

17.     For each share of ARCP common stock purchased or otherwise acquired pursuant or traceable to the March 14, 2013 Shelf Registration Statement on Form S-3ASR, preliminary Prospectus Supplement dated May 21, 2014, and Prospectus Supplement dated May 23, 2014, which registered and ultimately issued shares of ARCP common stock (the "Follow-On Offering"), and

(tt)     Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount per share is zero.

(a)     Held from the Follow-On Offering and sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $12.00 per share, the issue price of the ARCP common stock registered in connection with the Follow-On Offering) minus the sale price.

(b)     Held from the Follow-On Offering through the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $12.00 per share, the issue price of the ARCP common stock registered in connection with the Follow-On Offering) minus $9.42 per share, the price of ARCP common stock on October 30, 2014.

**ARCP Preferred Stock – ARCT IV Merger**

18.     For each share of ARCP Series F preferred stock purchased or otherwise acquired pursuant or traceable to the Registration Statement on Form S-4 dated December 3, 2013 and Proxy Statement/Prospectus dated December 4, 2013, which registered and ultimately issued shares of ARCP preferred stock, and

(ww)    Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount per share is zero.

(xx)    Sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $25.00 per share, the issue price of ARCP Series F preferred stock) minus the sale price.

(yy)    Held as of the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $25.00 per share, the issue price of ARCP Series F preferred stock) minus $22.34 per share, the price of ARCP Series F preferred stock on October 30, 2014.

**ARCP TAA Notes – July 25, 2013 Offering**

19.    For each $100 of par of ARCP TAA Notes purchased or otherwise acquired pursuant or traceable to the March 14, 2013 Shelf Registration Statement on Form S-3ASR, Prospectus Supplements dated July 23, 2013 and July 25, 2013, and Free Writing Prospectuses dated 23 July 2013, which registered and ultimately issued $310.0 million in face value of the TAA Notes, and

(zz)    Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount is zero.

(aaa)    Sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $99.50 per $100 of par, the VWAP of the TAA Notes on July 25, 2013) minus the sale price.

(bbb)    Held as of the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $99.50 per $100 of par, the VWAP of the TAA Notes on July 25, 2013) minus $94.00 per $100 of par, the VWAP of the TAA Notes on October 30, 2014.

**ARCP TAA Notes – December 5, 2013 Offering**

20.    For each $100 of par of ARCP TAA Notes purchased or otherwise acquired pursuant or traceable to the March 14, 2013 Shelf Registration Statement on Form S-3ASR, Prospectus Supplements dated December 5, 2013, December 6, 2013, and December 9, 2013, and Free Writing Prospectus dated December 5, 2013, which registered and reopened the TAA Notes offering for another $287.5 million in face value, and

(ccc)    Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount is zero.

(ddd)    Sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $100 per $100 of par, the VWAP of the TAA Notes on December 5, 2013) minus the sale price.

(eee)    Held as of the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $100 per $100 of par, the

VWAP of the TAA Notes on December 5, 2013) minus $94.00 per $100 of par, the VWAP of the TAA Notes on October 30, 2014.

**ARCP TAB Notes – December 5, 2013 Offering**

21.     For each $100 of par of ARCP TAB Notes purchased or otherwise acquired pursuant or traceable to the March 14, 2013 Shelf Registration Statement on Form S-3ASR, Prospectus Supplements dated December 5, 2013, December 6, 2013, and December 9, 2013, and Free Writing Prospectus dated December 5, 2013, which registered and ultimately issued $402.5 million in face value, and

(fff)     Sold at or prior to 7:03 a.m. on October 29, 2014, the Securities Act Recognized Loss Amount is zero.

(ggg)     Sold before the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $100 per $100 of par, the VWAP of the TAB Notes on December 5, 2013) minus the sale price.

(hhh)     Held as of the close of trading on October 30, 2014, the Securities Act Recognized Loss Amount per share is the purchase price (not to exceed $100 per $100 of par, the VWAP of the TAB Notes on December 5, 2013) minus $93.58 per $100 of par, the VWAP of the TAA Notes on October 30, 2014.

**TABLE-1**

**ARCP Securities Average Closing Prices and VWAPs**
**November 3, 2014 – January 30, 2015**

| Date | Common Stock | Preferred Stock | TAA Notes | TAB Notes | QAA/QAB Notes | QAC/QAD Notes | QAE/QAF Notes |
|------|------|------|------|------|------|------|------|
| 11/3/2014 | $7.85 | $20.91 | $85.51 | $83.88 | $95.86 | $93.88 | $93.09 |
| 11/4/2014 | $8.00 | $21.12 | $86.88 | $85.65 | $95.39 | $93.74 | $92.65 |
| 11/5/2014 | $8.24 | $21.28 | $88.15 | $87.22 | $95.32 | $93.88 | $92.96 |
| 11/6/2014 | $8.34 | $21.40 | $88.95 | $88.18 | $95.45 | $94.08 | $93.15 |
| 11/7/2014 | $8.43 | $21.47 | $89.32 | $88.73 | $95.53 | $94.22 | $93.72 |
| 11/10/2014 | $8.44 | $21.51 | $89.43 | $88.94 | $95.62 | $94.22 | $93.97 |
| 11/11/2014 | $8.47 | $21.57 | $89.49 | $89.03 | $95.62 | $94.22 | $93.97 |
| 11/12/2014 | $8.51 | $21.61 | $89.49 | $89.06 | $95.66 | $94.41 | $94.10 |
| 11/13/2014 | $8.54 | $21.64 | $89.50 | $89.05 | $95.74 | $94.41 | $94.34 |
| 11/14/2014 | $8.56 | $21.66 | $89.50 | $89.03 | $95.70 | $94.36 | $94.34 |
| 11/17/2014 | $8.58 | $21.68 | $89.50 | $89.03 | $95.70 | $94.32 | $94.30 |
| 11/18/2014 | $8.60 | $21.70 | $89.46 | $89.03 | $95.71 | $94.35 | $94.30 |
| 11/19/2014 | $8.61 | $21.71 | $89.42 | $89.03 | $95.72 | $94.40 | $94.32 |
| 11/20/2014 | $8.64 | $21.71 | $89.43 | $89.06 | $95.72 | $94.44 | $94.32 |

| Date | Common Stock | Preferred Stock | TAA Notes | TAB Notes | QAA/QAB Notes | QAC/QAD Notes | QAE/QAF Notes |
|---|---|---|---|---|---|---|---|
| 11/21/2014 | $8.66 | $21.73 | $89.51 | $89.16 | $95.73 | $94.52 | $94.32 |
| 11/24/2014 | $8.69 | $21.74 | $89.62 | $89.26 | $95.74 | $94.62 | $94.49 |
| 11/25/2014 | $8.71 | $21.74 | $89.71 | $89.37 | $95.75 | $94.61 | $94.49 |
| 11/26/2014 | $8.75 | $21.78 | $89.79 | $89.47 | $95.75 | $94.61 | $94.49 |
| 11/28/2014 | $8.78 | $21.81 | $89.79 | $89.47 | $95.75 | $94.61 | $94.63 |
| 12/1/2014 | $8.81 | $21.84 | $89.89 | $89.60 | $95.79 | $94.61 | $94.69 |
| 12/2/2014 | $8.83 | $21.87 | $89.96 | $89.60 | $95.80 | $94.61 | $94.69 |
| 12/3/2014 | $8.85 | $21.88 | $90.01 | $89.69 | $95.82 | $94.64 | $94.69 |
| 12/4/2014 | $8.87 | $21.90 | $90.07 | $89.69 | $95.84 | $94.68 | $94.72 |
| 12/5/2014 | $8.88 | $21.91 | $90.15 | $89.80 | $95.87 | $94.68 | $94.72 |
| 12/8/2014 | $8.89 | $21.92 | $90.24 | $89.80 | $95.87 | $94.68 | $94.77 |
| 12/9/2014 | $8.91 | $21.93 | $90.24 | $89.93 | $95.89 | $94.73 | $94.77 |
| 12/10/2014 | $8.92 | $21.93 | $90.34 | $90.05 | $95.89 | $94.73 | $94.82 |
| 12/11/2014 | $8.93 | $21.93 | $90.34 | $90.15 | $95.92 | $94.73 | $94.88 |
| 12/12/2014 | $8.93 | $21.93 | $90.42 | $90.23 | $95.92 | $94.80 | $94.96 |
| 12/15/2014 | $8.91 | $21.91 | $90.37 | $90.13 | $95.90 | $94.76 | $95.01 |
| 12/16/2014 | $8.87 | $21.88 | $90.32 | $89.94 | $95.82 | $94.65 | $94.93 |
| 12/17/2014 | $8.85 | $21.87 | $90.23 | $89.80 | $95.71 | $94.46 | $94.60 |
| 12/18/2014 | $8.83 | $21.85 | $90.15 | $89.67 | $95.58 | $94.22 | $94.27 |
| 12/19/2014 | $8.81 | $21.83 | $90.05 | $89.53 | $95.44 | $93.96 | $93.96 |
| 12/22/2014 | $8.79 | $21.82 | $89.98 | $89.44 | $95.32 | $93.77 | $93.96 |
| 12/23/2014 | $8.78 | $21.81 | $89.98 | $89.44 | $95.24 | $93.61 | $93.96 |

| Date | Common Stock | Preferred Stock | TAA Notes | TAB Notes | QAA/QAB Notes | QAC/QAD Notes | QAE/QAF Notes |
|---|---|---|---|---|---|---|---|
| 12/24/2014 | $8.77 | $21.81 | $89.95 | $89.41 | $95.18 | $93.61 | $93.96 |
| 12/26/2014 | $8.76 | $21.81 | $89.96 | $89.41 | $95.18 | $93.61 | $93.96 |
| 12/29/2014 | $8.75 | $21.81 | $89.93 | $89.39 | $95.16 | $93.53 | $93.73 |
| 12/30/2014 | $8.76 | $21.84 | $90.00 | $89.46 | $95.17 | $93.49 | $93.63 |
| 12/31/2014 | $8.76 | $21.86 | $90.00 | $89.54 | $95.18 | $93.46 | $93.58 |
| 1/2/2015 | $8.78 | $21.88 | $90.00 | $89.54 | $95.19 | $93.47 | $93.53 |
| 1/5/2015 | $8.78 | $21.91 | $90.06 | $89.60 | $95.21 | $93.49 | $93.49 |
| 1/6/2015 | $8.80 | $21.93 | $90.11 | $89.67 | $95.21 | $93.51 | $93.44 |
| 1/7/2015 | $8.82 | $21.95 | $90.18 | $89.67 | $95.22 | $93.54 | $93.44 |
| 1/8/2015 | $8.83 | $21.97 | $90.26 | $89.76 | $95.23 | $93.59 | $93.49 |
| 1/9/2015 | $8.85 | $21.99 | $90.34 | $89.85 | $95.24 | $93.65 | $93.54 |
| 1/12/2015 | $8.86 | $22.01 | $90.44 | $89.94 | $95.24 | $93.69 | $93.62 |
| 1/13/2015 | $8.87 | $22.03 | $90.52 | $90.02 | $95.24 | $93.69 | $93.70 |
| 1/14/2015 | $8.88 | $22.05 | $90.58 | $90.10 | $95.24 | $93.69 | $93.77 |

| Date | Common Stock | Preferred Stock | TAA Notes | TAB Notes | QAA/QA B Notes | QAC/QA D Notes | QAE/QAF Notes |
|---|---|---|---|---|---|---|---|
| 1/15/2015 | $8.89 | $22.06 | $90.65 | $90.18 | $95.22 | $93.72 | $93.84 |
| 1/16/2015 | $8.89 | $22.08 | $90.71 | $90.24 | $95.21 | $93.76 | $93.90 |
| 1/20/2015 | $8.89 | $22.10 | $90.71 | $90.24 | $95.20 | $93.80 | $93.90 |
| 1/21/2015 | $8.90 | $22.11 | $90.71 | $90.24 | $95.21 | $93.80 | $93.90 |
| 1/22/2015 | $8.91 | $22.13 | $90.78 | $90.30 | $95.23 | $93.86 | $93.98 |
| 1/23/2015 | $8.92 | $22.14 | $90.85 | $90.37 | $95.27 | $93.91 | $94.06 |
| 1/26/2015 | $8.93 | $22.16 | $90.91 | $90.37 | $95.28 | $93.98 | $94.06 |
| 1/27/2015 | $8.94 | $22.17 | $90.91 | $90.37 | $95.29 | $93.98 | $94.06 |
| 1/28/2015 | $8.95 | $22.19 | $90.97 | $90.37 | $95.29 | $93.98 | $94.14 |
| 1/29/2015 | $8.96 | $22.20 | $91.01 | $90.42 | $95.31 | $94.03 | $94.14 |
| 1/30/2015 | $8.96 | $22.21 | $91.06 | $90.42 | $95.32 | $94.08 | $94.21 |

A purchase, acquisition or sale of an ARCP Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of ARCP Securities during the Class Period shall not be deemed a purchase, acquisition or sale of ARCP Securities for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of ARCP Securities during the Class Period in exchange for securities of any other corporation or entity, other than American Realty Capital Trust IV, Inc. and Cole Real Estate Investments, Inc. (formerly known as Cole Credit Property Trust III, Inc.), shall not be deemed a purchase, acquisition or sale of ARCP Securities.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Plaintiff's counsel, or any of the Released Persons based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

### DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim and Release to the designated address, you need not contact Lead Counsel. If your address changes, please contact the Claims Administrator at:

> *ARCP Securities Litigation*
> c/o Gilardi & Co. LLC
> P.O. Box 43434
> Providence, RI 02940-3434
> Telephone: 1-866-558-9236
> www.ARCPSecuritiesLitigation.com

### THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Litigation will proceed as if the Stipulation had not been entered into.

### WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of Lead Plaintiff's claims. The parties also completed document, deposition, and expert discovery. Nevertheless, the Court has not reached any final decisions in connection with Lead Plaintiff's claims against Defendants. Instead, Lead Plaintiff and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Lead Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement. If Lead Plaintiff succeeded at the upcoming trial, Defendants would likely file appeals that would postpone final resolution of the case. Continuation of the Litigation against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Lead Plaintiff and Lead Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants are entering into this Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in any litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Debra J. Wyman
ROBBINS GELLER RUDMAN &
DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*ARCP Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43434
Providence, RI 02940-3434
Telephone: 1-866-558-9236
www.ARCPSecuritiesLitigation.com

## HOW WILL THE LEAD PLAINTIFF'S LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the amount of up to 13% of the Settlement Fund, plus payment of Plaintiffs' Counsel's costs, charges and expenses incurred in connection with this Litigation in an amount not to exceed $6 million, which may include awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and costs, charges and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this outstanding Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

No. If you did not exclude yourself from the Class in connection with the Notice of Pendency of Class Action, you remain a Class Member.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, charges and expenses, Plaintiffs' request for awards for representing the Class and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and ARCP's Counsel, at the addresses listed below **by December 31, 2019**. The Court's address is Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, c/o Debra J. Wyman; ARCP's Counsel's address is: Milbank LLP, 55 Hudson Yards, New York, NY 10001, c/o Jed M. Schwartz. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you did not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim and Release that accompanies this Notice. A Proof of Claim and Release is enclosed with this Notice and also may be downloaded at www.ARCPSecuritiesLitigation.com. Read the instructions carefully; fill out the Proof of Claim and Release; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than January 23, 2020.** The Proof of Claim and Release may be submitted online at www.ARCPSecuritiesLitigation.com. If you do not submit a timely Proof of Claim and Release with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly excluded yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment.  If the Judgment becomes final pursuant to the terms of the Stipulation, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Persons from all Released Claims.

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i) the purchase or other acquisition of ARCP Securities by Lead Plaintiff or any other Class Member during the period between February 28, 2013 and October 29, 2014; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation.  Released Claims do not include claims to enforce the Settlement, any shareholder derivative claims on behalf of ARCP, or governmental agency actions against the Released Persons.

- "Related Parties" means each Defendant's respective present and former parents, subsidiaries, divisions, controlling persons, associates, entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Persons" means each and all of the Defendants and their Related Parties.

- "Unknown Claims" means (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the

- 24 -

Released Persons, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing

Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing on January 21, 2020, at 11:00 a.m., before the Honorable Alvin K. Hellerstein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $1,025,000,000.00 in cash should be approved by the Court as fair, reasonable and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to award Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to Members of the Class.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Fairness Hearing, with the Court no later than December 31, 2019, and showing proof of service on the following counsel:

Debra J. Wyman                        Jed M. Schwartz
ROBBINS GELLER RUDMAN                 MILBANK LLP
  & DOWD LLP                          55 Hudson Yards
655 West Broadway, Suite 1900         New York, NY 10001
San Diego, CA 92101

*Attorneys for Lead Plaintiff*        *Attorneys for ARCP*

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than December 31, 2019.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against

any Released Persons, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the Southern District of New York. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim and Release and proposed Judgment may be obtained by contacting the Claims Administrator at:

*ARCP Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43434
Providence, RI 02940-3434
Email: info@ARCPSecuritiesLitigation.com
Telephone: 1-866-558-9236
www.ARCPSecuritiesLitigation.com

In addition, you may contact Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Litigation or the Settlement.

## DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you hold any ARCP Securities purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within fourteen (14) business days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*ARCP Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43434
Providence, RI 02940-3434
E-mail: info@ARCPSecuritiesLitigation.com
Telephone: 1-866-558-9236
www.ARCPSecuritiesLitigation.com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable

administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____          BY ORDER OF THE
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF NEW YORK

- 28 -