UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re AMERICAN REALTY CAPITAL  :    Civil Action No. 1:15-mc-00040-AKH
PROPERTIES, INC. LITIGATION  :
  :   <u>CLASS ACTION</u>
————————————————————  :
  :
This Document Relates To:  :
  :
      ALL ACTIONS.  :
————————————————————  x

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND..........................................................3

III. STANDARDS FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENTS....................................................................................................3

    A. The Law Favors and Encourages Settlements .........................................................3

    B. The Settlement Must Be Procedurally and Substantively Fair, Adequate,
and Reasonable ......................................................................................................4

    C. The Proposed Settlement Is Procedurally and Substantively Fair,
Adequate, and Reasonable ......................................................................................5

        1. The Proposed Settlement Satisfies the Requirements of Rule
23(e)(2) ....................................................................................................5

            a. Lead Plaintiff and Lead Counsel Have Adequately
Represented the Class ....................................................................6

            b. The Proposed Settlement Was Negotiated at Arm's Length ...........7

            c. The Proposed Settlement Is Adequate in Light of the Costs,
Risk, and Delay of Trial and Appeal ...............................................8

                (1) The Risk of Establishing Liability at Trial .........................8

                (2) The Risk of Establishing Damages at Trial .......................11

                (3) Risk of Being Unable to Defeat Additional
Affirmative Defenses .........................................................12

                (4) The Proposed Settlement Eliminates the Additional
Cost and Delay of Continued Litigation ............................13

            d. The Proposed Method for Distributing Relief Is Effective............14

            e. Attorneys' Fees .............................................................................14

            f. The Parties Have No Other Agreements In Connection with
the Settlement Other than the Opt-Out Threshold .........................15

            g. Class Members Are Treated Equitably .........................................15

**Page**

    2.    The Proposed Settlement Satisfies the Remaining *Grinnell* Factors .........16

        a.    The Lack of Objections to Date Supports Final Approval of the Proposed Settlement.................................................................16

        b.    Lead Plaintiff Has Sufficient Information to Make an Informed Decision as to the Proposed Settlement .......................17

        c.    Maintaining Class Action Status Through Trial Presents a Substantial Risk ...........................................................................17

        d.    Defendants' Ability to Withstand a Greater Judgment.................18

        e.    The Proposed Settlement Amount Is Reasonable in View of the Best Possible Recovery and the Risks of Litigation ...............19

IV.    THE PLAN OF ALLOCATION IS FAIR AND ADEQUATE ........................20

V.    NOTICE TO THE CLASS SATISFIES THE REQUIREMENTS OF RULE 23 AND DUE PROCESS ....................................................................................21

VI.    CONCLUSION..........................................................................................23

4831-3579-6141.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Charron v. Pinnacle Grp. N.Y. LLC*,
     874 F. Supp. 2d 179 (S.D.N.Y. 2012),
     *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013) ...........................................14

*Chatelain v. Prudential-Bache Sec., Inc.*,
     805 F. Supp. 209 (S.D.N.Y. 1992) ......................................................................................18

*Christine Asia Co. v. Ma*,
     No. 1:15-md-02631 (CM)(SDA), 2019 U.S. Dist. LEXIS 179836
     (S.D.N.Y. Oct. 16, 2019) ............................................................................................ *passim*

*City of Providence v. Aeropostale, Inc.*,
     No. 11 Civ. 7132 (CM), 2014 WL 1883494
     (S.D.N.Y. May 9, 2014)..............................................................................................16, 17

*D'Amato v. Deutsche Bank*,
     236 F.3d 78 (2d Cir. 2001)......................................................................................................5

*Detroit v. Grinnell Corp.*,
     495 F.2d 448 (2d Cir. 1974)....................................................................................... *passim*

*Eisen v. Carlisle & Jacquelin*,
     417 U.S. 156 (1974)..............................................................................................................21

*Frank v. Eastman Kodak Co.*,
     228 F.R.D. 174 (W.D.N.Y. 2005)...........................................................................................4

*Hicks v. Morgan Stanley*,
     No. 01 Civ. 10071 (RJH), 2005 WL 2757792
     (S.D.N.Y. Oct. 24, 2005) ......................................................................................................13

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
     298 F.R.D. 171 (S.D.N.Y. 2014) ...............................................................................3, 13, 20

*In re "Agent Orange" Prod. Liab. Litig.*,
     597 F. Supp. 740 (E.D.N.Y. 1984),
     *aff'd*, 818 F.2d 145 (2d Cir. 1987)......................................................................................19

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
     MDL No. 1775, 2015 WL 5918273
     (E.D.N.Y. Oct. 9, 2015).........................................................................................................20

- iii -

**Page**

*In re AOL Time Warner, Inc.*,
  MDL No. 1500, 2006 WL 903236
  (S.D.N.Y. Apr. 6, 2006)..................................................................................19

*In re Bear Stearns Cos.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012)............................................................17

*In re Chrysler-Dodge-Jeep Ecodiesel® Mktg., Sales Practices & Prods. Liab.
  Litig.*,
  No. 17-md-02777-EMC, 2019 U.S. Dist. LEXIS 75205
  (N.D. Cal. May 3, 2019) ..................................................................................5

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*,
  No. 05 Civ. 10240 (CM), 2007 U.S. Dist. LEXIS 57918
  (S.D.N.Y. July 27, 2007) ..................................................................................4

*In re FLAG Telecom Holdings, Ltd. Sec. Litig.*,
  No. 02-CV-3400 (CM) (PED), 2010 WL 4537550
  (S.D.N.Y. Nov. 8, 2010)..............................................................................8, 16

*In re Global Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ...................................................................20

*In re IMAX Sec. Litig.*,
  283 F.R.D. 178 (S.D.N.Y. 2012) ...............................................................17, 18

*In re Indep. Energy Holdings PLC Sec. Litig.*,
  302 F. Supp. 2d 180 (S.D.N.Y. 2003)............................................................22

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
  233 F.R.D. 306 (E.D.N.Y. 2006) .....................................................................3

*In re Merrill Lynch Tyco Research Sec. Litig.*,
  249 F.R.D. 124 (S.D.N.Y. 2008) ...................................................................22

*In re PaineWebber Ltd. P'ships Litig.*,
  147 F.3d 132 (2d Cir. 1998)..............................................................................3

*In re PaineWebber Ltd. P'ships Litig.*,
  171 F.R.D. 104 (S.D.N.Y. 1997),
  *aff'd*, 117 F.3d 721(2d Cir. 1997) .................................................7, 16, 18, 19

- iv -

**Page**

*In re Pfizer Sec. Litig.*,
  No. 4-CV-9866-LTS-HBP, 2014 U.S. Dist. LEXIS 92951
  (S.D.N.Y. July 8, 2014) ....................................................................................9

*In re Sadia S.A. Sec. Litig.*,
  No. 08 Civ. 9528 (SAS), 2011 WL 6825235
  (S.D.N.Y. Dec. 28, 2011)................................................................................16

*In re Sumitomo Copper Litig.*,
  189 F.R.D. 274 (S.D.N.Y. 1999) ......................................................................8

*In re Tesco PLC Sec. Litig.*,
  No. 14 Civ. 8495 (RMB), slip op.
  (S.D.N.Y. May 26, 2016)................................................................................16

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695 (CM), 2007 WL 4115809
  (S.D.N.Y. Nov. 7, 2007) ...........................................................................16, 21

*In re WorldCom, Inc. Sec. Litig.*,
  388 F. Supp. 2d 319 (S.D.N.Y. 2005)..............................................................20

*Maley v. Del Global Techs. Corp.*,
  186 F. Supp. 2d 358 (S.D.N.Y. 2002)......................................................7, 20, 21

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
  No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807
  (S.D.N.Y. Mar. 8, 2019) ...................................................................................7

*Newman v. Stein*,
  464 F.2d 689 (2d Cir. 1972).............................................................................19

*Snyder v. Ocwen Loan Servicing, LLC*,
  No. 14 C 8461, 2019 U.S. Dist. LEXIS 80926
  (N.D. Ill. May 14, 2019) ...................................................................................6

*Strougo v. Bassini*,
  258 F. Supp. 2d 254 (S.D.N.Y. 2003)..............................................................13

*Teachers' Ret. Sys. of La. v. A.C.L.N., Ltd.*,
  No. 01-CV-11814 (MP), 2004 WL 108726
  (S.D.N.Y. May 14, 2004).................................................................................17

4831-3579-6141.v1

**Page**

*Thompson v. Metro. Life Ins. Co.*,
    216 F.R.D. 55 (S.D.N.Y. 2003) ..........................................................................5

*Vargas v. Capital One Fin. Advisors*,
    559 F. App'x 22 (2d Cir. 2014) ........................................................................21

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005)....................................................................... *passim*

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 23 .............................................................................................................21
    Rule 23(c)..........................................................................................................18
    Rule 23(c)(2)(B)..........................................................................................21, 23
    Rule 23(e)......................................................................................................1, 21
    Rule 23(e)(1)......................................................................................................21
    Rule 23(e)(2) ............................................................................................. *passim*
    Rule 23(e)(2)(A) .................................................................................................6
    Rule 23(e)(2)(B)..............................................................................................7, 8
    Rule 23(e)(2)(C)(i).........................................................................................8, 14
    Rule 23(e)(2)(C)(ii)...........................................................................................14
    Rule 23(e)(2)(C)(iii)..........................................................................................14
    Rule 23(e)(2)(C)(iv)..........................................................................................15
    Rule 23(e)(2)(D) ...............................................................................................15
    Rule 23(e)(3) ................................................................................................4, 15

## SECONDARY AUTHORITIES

*Opt-Out Cases in Securities Class Action Settlements 2014-2018 Update*
    (Cornerstone Research 2019)............................................................................19

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff TIAA ("Lead Plaintiff") respectfully submits this memorandum of law in support of its motion for final approval of the Settlement reached in the above-captioned consolidated securities class action (the "Litigation"), and approval of the Plan of Allocation (the "Plan"). The terms of the proposed Settlement are set forth in the Stipulation of Settlement dated September 30, 2019, which was previously filed with the Court ("Stipulation" or "Settlement"). ECF No. 1272.[1] The Court granted preliminary approval of the Settlement on October 4, 2019. ECF No. 1274.

## I.    PRELIMINARY STATEMENT

The proposed Settlement before the Court provides for the payment of $1,025,000,000 to ARCP investors who purchased or acquired ARCP Securities during the Class Period. The recovery obtained on behalf of the Class is the product of extraordinary effort by Lead Plaintiff and Lead Counsel over the last five years. The proposed Settlement represents an excellent result for the Class under any measure, recovering approximately 50% of maximum estimated recoverable damages, and satisfies Rule 23(e)(2) as well as each of the applicable factors under *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), the Second Circuit's seminal decision on settlement approval standards. The proposed Settlement is particularly beneficial to the Class when considered in light of the risks posed by the upcoming trial of this case and the delay associated with likely post-trial appeals, which could ultimately lead to no recovery, or a far smaller recovery, years into the future. The proposed Settlement is also noteworthy because of the significant contributions being made by both ARCP's former Chief Executive Officer (and the entity he controls), and ARCP's former Chief Financial

---

[1]    All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and the Declaration of Debra J. Wyman in Support of: (1) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses ("Wyman Decl."), submitted herewith.

Officer, which are believed to be the largest settlement contributions ever made by individual defendants in a PSLRA class action. *See* Report of Professor Charles Silver in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Silver Report"), ¶¶76-80, submitted herewith.   In addition, Lead Counsel here obtained a significantly higher percentage recovery for the members of the Class than the opt-out plaintiffs received. *See* Silver Report, ¶74; Wyman Decl., ¶402.

Further confirming the fairness of the proposed Settlement is the fact that, to date, there has been no objection to the Settlement from Class Members.   Pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Preliminary Approval Order") dated October 4, 2019 (ECF No. 1274), over 243,000 copies of the Notice were sent to potential Class Members and nominees beginning on October 25, 2019, and notice was published in *The Wall Street Journal* and transmitted over the *Business Wire* on October 30, 2019. *See* Declaration of Carole K. Sylvester Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Sylvester Decl."), ¶¶4-13, submitted herewith.

Finally, Lead Counsel, with substantial experience prosecuting securities class actions, and the Court-appointed Lead Plaintiff, which actively and faithfully oversaw this Litigation in accordance with its duties as the Lead Plaintiff, have concluded that the proposed Settlement and proposed Plan are fair, reasonable, and adequate and in the best interests of the Class. *See* Declaration of Laurie Gomez ("Gomez Decl."), ¶¶4, 6-9, submitted herewith.   Accordingly, the proposed Settlement and proposed Plan are fair, reasonable and adequate, and warrant the Court's approval.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

To avoid repetition, Lead Plaintiff respectfully refers the Court to the accompanying Wyman Declaration for a detailed discussion of the factual background and procedural history of the Litigation, the extensive efforts undertaken by Lead Plaintiff and its counsel during the course of the Litigation, the risks of continued litigation, and a discussion of the negotiations leading to the Settlement. *See* generally Wyman Decl.

## III.     STANDARDS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

### A.      The Law Favors and Encourages Settlements

"The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation." *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 174 (S.D.N.Y. 2014).  Likewise, it has been recognized that "[c]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation."  *See also In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 310 (E.D.N.Y. 2006).  Therefore, when exercising discretion to approve a settlement, courts are "mindful of the 'strong judicial policy in favor of settlements.'"  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)).  *See also Christine Asia Co. v. Ma*, No. 1:15-md-02631 (CM)(SDA), 2019 U.S. Dist. LEXIS 179836, at *35 (S.D.N.Y. Oct. 16, 2019) ("'[C]ourts should give proper deference to the private consensual decision of the parties . . . [and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . .'") (citation omitted).

4831-3579-6141.v1

**B.      The Settlement Must Be Procedurally and Substantively Fair, Adequate, and Reasonable**

"Fairness [of a settlement] is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement."  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005).  "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007).  Rule 23(e)(2), as recently amended, provides that:

> (2) *Approval of the Proposal*.  If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> (A)     the class representatives and class counsel have adequately represented the class;
>>
>> (B)     the proposal was negotiated at arm's length;
>>
>> (C)     the relief provided for the class is adequate, taking into account:
>>
>>> (i)      the costs, risks, and delay of trial and appeal;
>>>
>>> (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>>
>>> (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
>>>
>>> (iv)    any agreement required to be identified under Rule 23(e)(3); and
>>
>> (D)     the proposal treats class members equitably relative to each other.

Rule 23(e)(2).

In addition, courts in the Second Circuit utilize the following factors (known as the "*Grinnell* factors") when determining whether to approve a class action settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Wal-Mart*, 396 F.3d at 117 (quoting *Grinnell*, 495 F.2d at 463). The factors set forth in Rule 23(e)(2) are applied in tandem with the *Grinnell* factors to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." *See* Advisory Committee Notes to 2018 Amendments.

Not every *Grinnell* factor needs to be satisfied to find that a settlement is substantially fair, reasonable and adequate; "rather, the court should consider the totality of these factors in light of the particular circumstances." *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003) (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001)).

Lead Plaintiff respectfully submits that the proposed Settlement satisfies both Rule 23(e)(2) and the *Grinnell* factors and warrants the Court's approval as fair, reasonable, and adequate.

### C. The Proposed Settlement Is Procedurally and Substantively Fair, Adequate, and Reasonable

#### 1. The Proposed Settlement Satisfies the Requirements of Rule 23(e)(2)

As acknowledged by the Preliminary Approval Order, Lead Plaintiff has met all of the requirements imposed by Rule 23(e)(2). *See generally* Memorandum in Support of Unopposed Motion for Preliminary Approval of Proposed Settlement ("Preliminary Approval Brief") (ECF No. 1270). Courts analyzing the recently amended Rule 23(e)(2) factors have noted that a plaintiff's satisfaction of these factors is virtually assured where, as here, little has changed between preliminary approval and final approval. *See In re Chrysler-Dodge-Jeep Ecodiesel® Mktg., Sales*

- 5 -

*Practices & Prods. Liab. Litig.*, No. 17-md-02777-EMC, 2019 U.S. Dist. LEXIS 75205, at *29 (N.D. Cal. May 3, 2019) (finding that the "conclusions [made in granting preliminary approval] stand and counsel equally in favor of final approval now"); *Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 U.S. Dist. LEXIS 80926, at *14 (N.D. Ill. May 14, 2019) (noting in analyzing Rule 23(e)(2) that "[s]ignificant portions of the Court's analysis remain materially unchanged from the previous order [granting preliminary approval]").

### a.   Lead Plaintiff and Lead Counsel Have Adequately Represented the Class

Lead Plaintiff and Lead Counsel have adequately represented the Class as required by Rule 23(e)(2)(A) as they have diligently prosecuted this Litigation by, among other things, opposing and largely defeating Defendants' multiple rounds of motions to dismiss; obtaining class certification over Defendants' vigorous opposition; defeating Defendants' Rule 23(f) petitions; conducting extensive fact discovery, including the request for, negotiation over, review and analysis of over 13 million pages of documents produced by Defendants, third parties and Plaintiffs; conducting 52 class certification and fact witness depositions; responding to discovery propounded by Defendants; litigating discovery motions; opposing and largely defeating Defendants' 12 motions for summary judgment and motion to de-certify the class; obtaining partial summary judgment against certain Defendants; completing expert discovery, including report preparation and depositions of the 21 designated experts; drafting and opposing motions *in limine* and *Daubert* motions; preparing for trial; and negotiating this proposed Settlement over the course of more than three years with the assistance of the Hon. Layn R. Phillips (Ret.), one of the nation's most respected mediators. *See* Wyman Decl., ¶¶3, 6, 16-381; Gomez Decl., ¶¶4, 8. Lead Plaintiff and Lead Counsel stood ready to, and at all times did, advocate for the best interests of the Class, and were actively preparing for trial at the time the proposed Settlement was reached. Thus, Lead Plaintiff satisfies Rule 23(e)(2)(A).

### b.  The Proposed Settlement Was Negotiated at Arm's Length

Lead Plaintiff also satisfies Rule 23(e)(2)(B) as the proposed Settlement is the result of an arm's-length negotiation without any hint of collusion.  The parties negotiated the proposed Settlement over several years under the supervision of an experienced mediator.  *See* Wyman Decl., ¶¶374-381; Declaration of Layn R. Phillips in Support of Final Approval of Class Action Settlement ("Phillips Decl."), ¶¶7-15, submitted herewith.  The lengthy mediation process, overseen by one of the country's foremost mediators, provides compelling evidence that the proposed Settlement is not the product of collusion between the parties.  *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807, at *6, *13-*14 (S.D.N.Y. Mar. 8, 2019) (the parties' participation in mediation is evidence of arm's-length negotiations).  In fact, when the parties could not reach a compromise, the mediator proposed a settlement that was ultimately accepted by all parties.  *See* Phillips Decl., ¶¶14-15.  Thus, the proposed Settlement was negotiated in good faith and at arm's length.

In the Second Circuit, a strong presumption of fairness attaches to a class action settlement reached through arm's-length negotiations among able and experienced counsel.  *See Wal-Mart*, 396 F.3d at 116; *Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *38-*39; *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997) ("So long as the integrity of the arm's length negotiation process is preserved . . . a strong initial presumption of fairness attaches to the proposed settlement."), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  A presumption of fairness is further supported when experienced counsel endorse a proposed settlement, as "'great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.'"  *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 366 (S.D.N.Y. 2002) (citation omitted).

Accordingly, the proposed Settlement is entitled to the presumption of procedural fairness under Second Circuit law, as it satisfies Rule 23(e)(2)(B).

### c. The Proposed Settlement Is Adequate in Light of the Costs, Risk, and Delay of Trial and Appeal

Rule 23(e)(2)(C)(i) and the first, fourth and fifth *Grinnell* factors concern the substantive adequacy of the proposed Settlement. Rule 23(e)(2)(C)(i) advises district courts to consider "the costs, risks and delay of trial and appeal," while the relevant *Grinnell* factors overlap and address the risks of establishing liability and damages.

### (1) The Risk of Establishing Liability at Trial

Securities class actions present numerous hurdles for plaintiffs to meet and these risks weigh in favor of final settlement approval. Indeed, courts in this district "'have long recognized that [securities] litigation is notably difficult and notoriously uncertain.'" *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *15 (S.D.N.Y. Nov. 8, 2010) (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999)); *see also Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *44 ("Securities litigation is unpredictable because it involves complex issues of fact and law, and this case is no exception."). Although Lead Plaintiff and Lead Counsel firmly believe that the claims asserted in the Litigation are meritorious, and that they would prevail at trial, further litigation against Defendants posed risks that made any recovery uncertain. *See* Wyman Decl., ¶¶412-429.

To underscore this point, at the time the agreement to settle the case was reached, the parties had not just five or even 10 motions pending before the Court, but rather 61 motions pending before the Court – 44 motions *in limine*, a motion for severance and 16 *Daubert* motions were outstanding. *Id.*, ¶412. If the Court determined that certain of Lead Plaintiff's evidence was stricken, or even one of Lead Plaintiff's experts should be excluded from testifying at trial, Lead Plaintiff's case would

- 8 -

become much more difficult to prove.  *See In re Pfizer Sec. Litig.*, No. 4-CV-9866-LTS-HBP, 2014 U.S. Dist. LEXIS 92951 (S.D.N.Y. July 8, 2014) (granting summary judgment in favor of defendants after excluding plaintiffs' damage and loss causation expert).  Likewise, Defendants' motion for summary judgment on tracing was also outstanding, and if successful, would have resulted in the dismissal of Lead Plaintiff's §11 claims in connection with the ARCT IV Merger, Cole Merger and May 2014 Offering.  *See* Wyman Decl., ¶412.

While Lead Plaintiff believes its claims have been borne out by the evidence, Defendants have articulated certain defenses that seriously threatened recovery for the Class.  *See* Wyman Decl., ¶¶412-429.  For example, Defendants consistently contended that Lead Plaintiff could not demonstrate a materially false or misleading statement or omission regarding ARCP's methodology for calculating AFFO, particularly in the period prior to July 29, 2014.[2]  *Id.*, ¶415.  Specifically, Defendants argued throughout the Litigation, and were set to argue at trial, that ARCP's methodology for calculating AFFO was not false because (i)  there was not an accounting rule or other requirement that AFFO be calculated pursuant to a specific methodology; and (ii) the Company's public filings disclosed the methodology it used to calculate AFFO.  *Id.*, ¶416. Defendants further maintained that because their methodology for calculating AFFO was disclosed and known to the market, they would establish a "truth on the market" defense at trial.  *Id.*, ¶¶417-418.  Defendants likewise claimed that the GAAP violations disclosed by the Restatement were not errors related to fraud, but instead were the result of changes in new management's policy or judgment, and thus the Restatement was not an admission that ARCP's prior financial statements were false and misleading when originally issued.  *Id.*  Furthermore, Defendants argued that Lead

---

[2]   Notably, the Government prosecuted ARCP's former CFO, Brian Block, for what it alleged to be only a two-month accounting fraud scheme limited to concealing accounting errors made in calculating AFFO and AFPO per share for the first quarter of 2014.  *See* ECF No. 1270 at 11.

Plaintiff had no evidence of the falsity of ARCP's statements regarding internal controls prior to Q2 2014, asserting that defendants Schorsch and Block believed their statements concerning the effectiveness of ARCP's internal financial controls at the time they were made, and that the statements had a reasonable basis in fact based on the testimony of internal AR Capital and ARCP employees.  *Id.*

Likewise, Lead Plaintiff faced the risk that the jury would determine that Defendants' statements regarding AFFO were opinions that were not subjectively false.  *Id.*, ¶¶419-422. According to Defendants, because AFFO is a non-GAAP metric with no objective standard and requires considerable judgment, and is an indication of performance over time, it is actually a statement of opinion.  *Id.*  If the jury agreed with that assessment, Lead Plaintiff would need to show in addition to being objectively false, all alleged false AFFO statements were also subjectively false. *Id.*  In order to do so, Lead Plaintiff would have to satisfy the additional burdens of establishing that Defendants did not subjectively believe their method for calculating AFFO was appropriate.  *Id.*, ¶421.  Each and every individual involved in determining ARCP's AFFO methodology steadfastly maintained that they believed it was appropriate under the circumstances.[3]  Had Lead Plaintiff been unable to overcome this defense, recovery for the Class would be zero.[4]

---

[3]   Defendants attempted to further support their argument that AFFO was a statement of opinion by highlighting that they repeatedly emphasized the subjectivity of their AFFO calculation by using words typically associated with the expression of an opinion, such as "we believe" and "we consider," which according to Defendants signaled to investors that AFFO conveyed a lack of certainty.  *Id.*

[4]   Other risks facing Lead Plaintiff were that: (i) it failed to prove that certain Defendants had actual control over any alleged misstatement by ARCP; (ii) the alleged misstatements in Grant Thornton's audit report were statements of opinion, and Lead Plaintiff could not show that those opinion statements omitted known material facts that would render them misleading; (iii) Grant Thornton cannot be held liable for any alleged misstatements outside of the audited financial statements; (iv) certain Plaintiffs could not trace their shares to the allegedly false or misleading Registration Statements; and (v) Lead Plaintiff's claims based on forward-looking statements

- 10 -

Likewise, Defendants consistently challenged Lead Plaintiff's scienter claims with respect to ARCP's methodology for calculating AFFO prior to Q214. *Id.*, ¶¶423-424. "Proving scienter is hard to do." *Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *46. Specifically, Defendants argued that there was no evidence that they even contemplated that the AFFO methodology was false and inaccurate. *Id.*, ¶423. The change in AFFO methodology was decided upon only after research was conducted as to how other REITs calculated AFFO and thus, the resulting implementation of the Company's new AFFO methodology was done in good faith. *Id.* Defendants also maintained that the disclosure of ARCP's revised AFFO methodology to Grant Thornton and investors demonstrated their lack of scienter. *Id.*, ¶424. In connection with ARCP's GAAP financial results, Defendants contended that the Restatement did not identify any intentional misconduct associated with those disclosures. *Id.* If the jury was persuaded by any of Defendants' scienter arguments, the Class would recover nothing. Nevertheless, Lead Counsel obtained a $1.025 billion cash recovery.

### (2) The Risk of Establishing Damages at Trial

Lead Plaintiff also faced risks in establishing loss causation and damages at trial. Defendants have steadfastly argued that Lead Plaintiff could not meet its burden. Defendants also vigorously challenged Lead Plaintiff's expert's damage analyses, enlisting not just two, or even three experts to challenge his opinion, but rather no fewer than six experts to challenge the veracity of his analysis and opinions. For example, Defendants have consistently argued that the October 29, 2014 corrective disclosure was limited to information concerning numbers for ARCP'S AFFO and net loss in Q1 2014 and Q2 2014, the resignations of Block and McAlister, and the Company's re-

---

concerning ARCP's AFFO projections are legally inactionable and did not cause any losses. *Id.*, ¶¶413, 424.

evaluation of its internal controls as a result of the disclosed misconduct.  *See* Wyman Decl., ¶425. Accordingly, Defendants insisted that the balance of Lead Plaintiff's allegations – which they asserted were the majority of the alleged false and misleading statements – were unrelated to disclosures in the March 2015 Restatement.  *Id.*  Defendants further argued that because ARCP's securities prices ***increased*** upon the March 2015 announcement, Lead Plaintiff could not demonstrate economic harm.[5]  Defendants would have also argued at trial that damages, if any, were significantly less than Lead Plaintiff had estimated.  *Id.*  *Daubert* motions and motions *in limine* concerning these issues were pending when this proposed Settlement was reached.  Even if Lead Plaintiff prevailed on these motions, issues relating to loss causation and damages would have likely come down to the jury determining the unpredictable and hotly disputed "battle of the experts."  *Id.*, ¶427.

### (3)   Risk of Being Unable to Defeat Additional Affirmative Defenses

A number of Defendants asserted other affirmative defenses throughout the Litigation.  For example, Grant Thornton was prepared to establish at trial that it complied with PCAOB rules and regulations, in satisfaction of auditor due diligence standards.  *Id.*, ¶428.  The Non-Management Directors argued that at trial they would establish they had reasonably relied on Grant Thornton in connection with ARCP's "expertised" financial statements, and in connection with the "non-expertised" portions of the Registration Statements, that they conducted substantial and adequate due

---

[5]   Grant Thornton argued that it had established a negative loss causation affirmative defense with respect to Lead Plaintiff's §11 claims, maintaining that the false and misleading statements were not disclosed until the March 2015 Restatement, when the price of ARCP Securities increased.  *Id.*, ¶426.  Grant Thornton also asserted that ARCP's 2012 Form 10-K, which served as the basis of Lead Plaintiff's claims in connection with several of its §11 claims, was irrelevant to investors at the time of the October 29, 2014 disclosures because of the transformative changes to ARCP, which grew from $256 million in assets at year-end 2012, to $21.3 billion in assets by Q2 2014.  *Id.*

diligence on each of the Offerings at issue.  *Id.*  Likewise, the Underwriter Defendants consistently argued that they had unequivocally established a due diligence defense.  *Id.*  Had any of these affirmative defenses been accepted by the jury, Lead Plaintiff would have lost many of its claims.

### (4)   The Proposed Settlement Eliminates the Additional Cost and Delay of Continued Litigation

The anticipated complexity, cost, and duration of the remainder of this Litigation would be considerable.  *See Advanced Battery*, 298 F.R.D. at 175 ("the complexity, expense, and likely duration of litigation are critical factors in evaluating the reasonableness of a settlement"); *see also Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("even if a shareholder or class member was willing to assume all the risks of pursuing the actions through further litigation . . . the passage of time would introduce yet more risks . . . and would, in light of the time value of money, make future recoveries less valuable than this current recovery"); *Hicks v. Morgan Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at *6 (S.D.N.Y. Oct. 24, 2005) ("Further litigation would necessarily involve further costs [and] justice may be best served with a fair settlement today as opposed to an uncertain future settlement or trial of the action.").

If not for this proposed Settlement, the Litigation would have continued to be vigorously contested.  The parties were preparing for a multi-week trial, scheduled to begin on January 21, 2020.[6]  Post-trial motions and appeals could last for years.  *See, e.g.*, *Plumbers & Pipefitters National Pension Fund, et al. v. Burns, et al.*, Civil Action No. 3:05-cv-07393-JGC (N.D. Ohio) (PSLRA case filed in 2005 and successfully resolved in 2016 following two successful appeals to the Sixth Circuit).  A prolonged, lengthy and uncertain trial and appeals process would not serve the

---

[6]   Trial had initially been scheduled for September 9, 2019, but was continued by the Court on June 14, 2019.  *See* ECF No. 879.

interests of the Class compared to the immediate and substantial monetary benefits of the proposed Settlement. Defendants were prepared, and have shown they have the wherewithal, to vigorously contest liability and damages at trial and on appeal. Defendants have denied, and continue to deny, any liability to Lead Plaintiff and the Class. "Establishing otherwise [would] require considerable additional pre-trial effort and a lengthy trial, the outcome of which is uncertain." *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 199 (S.D.N.Y. 2012), *aff'd sub nom. Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013).

Accordingly, the Rule 23(e)(2)(C)(i) factor and the first, fourth and fifth *Grinnell* factors weigh in favor of final approval of the proposed Settlement.

### d.      The Proposed Method for Distributing Relief Is Effective

With respect to Rule 23(e)(2)(C)(ii), Lead Plaintiff and Lead Counsel have taken substantial efforts to ensure that the Class is notified about the proposed Settlement. Pursuant to the Preliminary Approval Order, more than 243,000 copies of the Notice and Proof of Claim were mailed to potential Class Members and nominees, and the Summary Notice was published in *The Wall Street Journal* and transmitted over the *Business Wire* on October 30, 2019. *See* Sylvester Decl., ¶¶4-13. Class Members have until December 31, 2019 to object to the proposed Settlement. While that date has not yet passed, to date, there have been no objections to the proposed Settlement. In addition, the claims process is similar to that commonly used in securities class action settlements, and it provides for straightforward cash payments based on the trading information provided. Thus, this factor supports final approval for the same reason that it supported preliminary approval.

### e.      Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment." And as discussed in Lead Counsel's fee brief, Lead Counsel seeks an

- 14 -

award of attorneys' fees in an amount pursuant to a fee structure negotiated at the commencement of the case equal to 12.4% of the Settlement Amount and expenses in an amount of $5,164,539.91, plus interest on both amounts.[7]  As explained in Lead Counsel's fee brief, this request is reasonable under the circumstances.

The Stipulation further explains that any attorneys' fees and expenses awarded by the Court shall be paid upon the Court's execution of the Judgment and Order awarding such fees and expenses.  The Class was fully apprised of the terms of the proposed award of attorneys' fees, which merits a finding that this factor supports the proposed Settlement.

### f.       The Parties Have No Other Agreements In Connection with the Settlement Other than the Opt-Out Threshold

Rule 23(e)(2)(C)(iv) requires the disclosure of any agreement required to be disclosed under Rule 23(e)(3).  As disclosed in moving for preliminary approval, the parties have entered into a standard supplemental agreement which provides that in the event that Class Members who purchased or otherwise acquired a certain number of ARCP shares opt out of the Class, VEREIT shall have the option to terminate the Stipulation.[8]

### g.       Class Members Are Treated Equitably

The final factor, Rule 23(e)(2)(D), looks at whether Class Members are treated equitably. The proposed Settlement is designed to do precisely that.  As discussed *infra* at §IV, the Plan treats Class Members equitably relative to each other, based on the timing of their purchases, acquisitions and sales of ARCP Securities, and by providing that each Authorized Claimant shall receive his, her

---

[7]    The Notice informed Class Members that Lead Counsel would seek a fee of no more than 13% of the Settlement Fund, plus expenses not to exceed $6 million.

[8]    Lead Plaintiff provided a copy of the Supplemental Agreement to the Court for *in camera* review at the October 3, 2019 Preliminary Approval Hearing and filed a redacted version of the Supplemental Agreement, as directed by the Court, on October 8, 2019.  ECF No. 1276.

or its *pro rata* share of the Net Settlement Fund based on their recognized losses.  For this reason, this factor also militates in favor of granting final approval of the proposed Settlement.

Thus, Lead Plaintiff and Lead Counsel respectfully submit that each factor identified under Rule 23(e)(2) supports granting final approval of the proposed Settlement.

**2.    The Proposed Settlement Satisfies the Remaining *Grinnell* Factors**

**a.    The Lack of Objections to Date Supports Final Approval of the Proposed Settlement**

The reaction of the Class to the proposed Settlement "is considered perhaps 'the most significant factor to be weighed in considering its adequacy.'"  *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) (citation omitted); *see also FLAG Telecom*, 2010 WL 4537550, at *16.  In fact, the "'absence of objections may itself be taken as evidencing the fairness of a settlement.'"  *City of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132 (CM) (GWG), 2014 WL 1883494, at *5 (S.D.N.Y. May 9, 2014) (citing *PaineWebber*, 171 F.R.D. at 126).  *See also In re Tesco PLC Sec. Litig.*, No. 14 Civ. 8495 (RMB), slip op. at 10 (S.D.N.Y. May 26, 2016) ("[T]he 'reaction of the class to the settlement' – favors approval of the Settlement insofar as no Class member objected to the Settlement.") (attached hereto as Ex. A).

While the deadline to submit objections is December 31, 2019, to date no objections have been received.[9]  The positive reaction of the Class supports approval of the proposed Settlement. *See In re Sadia S.A. Sec. Litig.*, No. 08 Civ. 9528 (SAS), 2011 WL 6825235, at *1 (S.D.N.Y. Dec. 28, 2011).

---

[9]    Notice of the pendency of this Litigation was provided during the summer of 2019, and in response to that notice only 74 requests for exclusion were submitted.  *See* Sylvester Decl., ¶¶16-17.

- 16 -

### b.  Lead Plaintiff Has Sufficient Information to Make an Informed Decision as to the Proposed Settlement

In considering the third *Grinnell* factor, "'the question is whether the parties had adequate information about their claims such that their counsel can intelligently evaluate the merits of plaintiff's claims, the strengths of the defenses asserted by defendants, and the value of plaintiffs' causes of action for purposes of settlement.'" *In re Bear Stearns Cos.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012) (quoting *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 190 (S.D.N.Y. 2012)).

In this case, there can be no question that Lead Plaintiff had sufficient information to make an informed decision on the propriety of the proposed Settlement.  As detailed in the Wyman Declaration, and summarized at page 6 hereof, Lead Plaintiff and its counsel spent the last five years vigorously litigating this case, and had it ready for a January 21, 2020 trial.  *See* Wyman Decl., ¶¶16-381.

Accordingly, Lead Plaintiff and its counsel "have developed a comprehensive understanding of the key legal and factual issues in the litigation and, at the time the Settlement was reached, had 'a clear view of the strengths and weaknesses of their case' and of the range of possible outcomes at trial." *City of Providence*, 2014 WL 1883494, at *7 (citing *Teachers' Ret. Sys. of La. v. A.C.L.N., Ltd.*, No. 01-CV-11814 (MP), 2004 WL 1087261, at *3 (S.D.N.Y. May 14, 2004)).

### c.  Maintaining Class Action Status Through Trial Presents a Substantial Risk

While Lead Plaintiff prevailed on its motion to certify the Class, Defendants vigorously opposed it, and moved to decertify the Class in connection with their motions for summary judgment.  *See* Wyman Decl., ¶¶146, 150-167.  Although the Court denied the motion to de-certify, it stated that it would address any issues concerning an individual Class Member's knowledge of ARCP's methodology for calculating AFFO as it arose during trial.  *Id.*, ¶205.  Moreover, issues

- 17 -

relating to tracing with respect to certain mergers and the May 2014 Offering were unresolved at the time of proposed Settlement. *See* Wyman Decl., ¶¶372-373, 412. Class certification may be reviewed at any stage of the litigation. *See Chatelain v. Prudential-Bache Sec., Inc.*, 805 F. Supp. 209, 214 (S.D.N.Y. 1992); Fed. R. Civ. P. 23(c) (authorizing a court to decertify a class at any time). The presence of this risk and the uncertainty surrounding it, therefore, also weighs in favor of final approval of the proposed Settlement. *Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *50 (finding that "the risk of maintaining a class through trial supports the approval of a settlement in this case").

### d.    Defendants' Ability to Withstand a Greater Judgment

Courts generally do not find the ability of a defendant to withstand a greater judgment to be a barrier to settlement when the other factors favor the settlement. "[T]he fact that a defendant is able to pay more than it offers in settlement does not, standing alone, indicate that the settlement is unreasonable or inadequate." *PaineWebber*, 171 F.R.D. at 129; *see also IMAX*, 283 F.R.D. at 191 ("'[A] defendant is not required to "empty its coffers" before a settlement can be found adequate.'") (citations omitted). "'[W]here, as here, the other *Grinnell* factors weigh in favor of approval, this factor alone does not suggest a settlement is unfair.'" *Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *50 (citation omitted). In any event, the settlement amount represented approximately 12% of ARCP's market capitalization at the time the proposed Settlement was reached. Moreover, the fact that Defendants may have the ability to pay a greater judgment is outweighed here by the other strong considerations favoring the proposed Settlement, most notably, the risks to the Class of establishing liability and damages at trial and the reasonableness of the proposed Settlement Amount in light of those risks.[10]

---

[10]   The Court should consider that a number of the Defendants other than ARCP have made significant personal contributions to the Settlement Amount, and several of them may, in fact, have been unable to withstand a greater judgment.

**e.     The Proposed Settlement Amount Is Reasonable in
View of the Best Possible Recovery and the Risks of
Litigation**

The adequacy of the amount offered in a settlement is not to be judged "in comparison with

the possible recovery in the best of all possible worlds," but rather is to be assessed in "light of the

strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp.

740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *see also Wal-Mart*, 396 F.3d at 119.

That is, does the settlement fall within a "'range of reasonableness.'" *PaineWebber*, 171 F.R.D. at

130 (citation omitted).  The "range of reasonableness" has been described by the Second Circuit as a

range that "recognizes the uncertainties of law and fact in any particular case and the concomitant

risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464

F.2d 689, 693 (2d Cir. 1972).

Here, the $1.025 billion proposed Settlement is a very favorable outcome for the Class.  As

explained in Lead Plaintiff's Preliminary Approval Memorandum (at 21) (ECF No. 1270), and in the

Wyman Declaration, at ¶434, the Settlement represents approximately 50% of estimated recoverable

damages, an outstanding result by any measure.  Lead Counsel is not aware of another major PSLRA

class action that has settled for more than $1 billion before trial that has recovered a higher

percentage of maximum recoverable damages.  *See* Wyman Decl., ¶396.  And, as previously noted,

the proposed Settlement recovers more than twice the amount the opt-out plaintiffs received.  That

outcome is unprecedented.  *See generally Opt-Out Cases in Securities Class Action Settlements
2014-2018 Update* (Cornerstone Research 2019) at 5.

Finally, the proposed Settlement offers the opportunity to provide immediate relief to the

Class, rather than a speculative payment years down the road.  *See In re AOL Time Warner, Inc.*,

MDL No. 1500, 2006 WL 903236, at *13 (S.D.N.Y. Apr. 6, 2006) (where the settlement fund is in

- 19 -

escrow and earning interest for the class, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery"). In light of the complex legal and factual issues present here, the fairness of the proposed Settlement is apparent. *See, e.g.*, *Maley*, 186 F. Supp. 2d at 366-67.

Accordingly, Lead Plaintiff respectfully submits that the immediate cash benefit is well "within the range of reasonableness" in light of the best possible recovery and the risks of litigation.

## IV.    THE PLAN OF ALLOCATION IS FAIR AND ADEQUATE

The standard for approval of the Plan is the same as the standard for approving the proposed Settlement as a whole. Specifically, "'it must be fair and adequate.'" *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005) (quoting *Maley*, 186 F. Supp. 2d at 367). "'As a general rule, the adequacy of an allocation plan turns on . . . whether the proposed apportionment is fair and reasonable' under the particular circumstances of the case." *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775, 2015 WL 5918273, at *4 (E.D.N.Y. Oct. 9, 2015) (citation omitted). "'When formulated by competent and experienced class counsel,' a plan for allocation of net settlement proceeds 'need have only a reasonable, rational basis.'" *Advanced Battery*, 298 F.R.D. at 180 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004)).

The Plan, which is set forth in the Notice, was prepared with the assistance of Lead Plaintiff's damages expert and is based on the same methodology underlying Lead Plaintiff's damages. It is a fair method to apportion the Net Settlement Fund among Authorized Claimants based on, and consistent with, the claims alleged. *See* Wyman Decl., ¶¶393-395; *see also Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *55 (approving plan of allocation to be fair and adequate when it was "developed by Plaintiffs' expert in conjunction with Plaintiffs' Counsel, reflects an assessment of the damages that Plaintiffs contend could have been recovered under the theories of

- 20 -

liability asserted in the action . . . has a clear rational basis, equitably treats the class members, and was devised by experienced and estimable class counsel").

The Net Settlement Fund will be distributed to Authorized Claimants, *i.e.*, Members of the Class who submit timely and valid Proofs of Claim and Release that are approved for payment from the Net Settlement Fund pursuant to the Plan.  The Plan treats all Class Members in a similar manner: everyone who submits a valid and timely Proof of Claim and Release form, and did not exclude himself, herself, or itself from the Class, will receive a *pro rata* share of the Net Settlement Fund in the proportion that the Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants, so long as such Authorized Claimant's payment amount is $10.00 or more.

Lead Counsel believes that the Plan is fair and reasonable and respectfully submits that it should be approved by the Court.  Notably, there have been no objections to the Plan to date, which also supports the Court's approval.  *See Veeco*, 2007 WL 4115809, at *7; *Maley*, 186 F. Supp. 2d at 367.

## V.   NOTICE TO THE CLASS SATISFIES THE REQUIREMENTS OF RULE 23 AND DUE PROCESS

Rule 23 requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).  Additionally, notice of a settlement must be directed to class members in a "reasonable manner."  Fed. R. Civ. P. 23(e)(1).  Notice of a settlement satisfies Rule 23(e) and due process where it fairly apprises "'members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'"  *Wal-Mart*, 396 F.3d at 114 (citations omitted); *Vargas v. Capital One Fin. Advisors*, 559 F. App'x 22, 26-27 (2d Cir. 2014).  "'Notice need not be perfect'" or received by every class member, but instead be reasonable under the circumstances.

- 21 -

*Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *56 (citation omitted).  Notice is adequate "if the average person understands the terms of the proposed settlement and the options provided to class members thereunder."  *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 133 (S.D.N.Y. 2008) (citing *Wal-Mart*, 396 F.3d at 114).

The Notice and the method utilized to disseminate it to potential Class Members satisfies these standards.  The Court-approved Notice and Proof of Claim and Release (the "Notice Packet") amply apprise Class Members of, *inter alia*: (1) the nature of the Litigation and the Class' claims; (2) the essential terms of the proposed Settlement; (3) the proposed Plan; (4) Class Members' rights to object to the proposed Settlement, the Plan, or the requested attorneys' fees or expenses; (5) the binding effect of a judgment on Class Members; and (6) information regarding Lead Counsel's motion for an award of attorneys' fees and expenses. *See* Sylvester Decl., Ex. A.  The Notice also provides specific information regarding the date, time, and place of the Settlement Hearing, and sets forth the procedures and deadlines for: (1) submitting a Proof of Claim and Release; and (2) objecting to any aspect of the proposed Settlement, including the proposed Plan and the request for attorneys' fees and expenses.

The Notice also contains the information required by the PSLRA, including: (1) a statement of the amount to be distributed, determined in the aggregate and on an average per share basis; (2) a statement of the potential outcome of the case (*i.e.*, whether there was agreement or disagreement on the amount of damages); (3) a statement indicating the attorneys' fees and costs sought; (4) identification and contact information of counsel; and (5) a brief statement explaining the reasons why the parties are proposing the Settlement.  *See id.*; *see also In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 184 (S.D.N.Y. 2003).

- 22 -

In accordance with the Preliminary Approval Order, Gilardi & Co. LLC ("Gilardi") commenced the mailing of the Notice Packet by First-Class Mail to potential Class Members, brokers, and nominees on October 25, 2019.  *See* Sylvester Decl., ¶¶6-9.  As of December 16, 2019, more than 243,000 copies of the Notice Packet have been mailed.  *Id.*, ¶12.  Gilardi also published the Summary Notice in *The Wall Street Journal* and transmitted it over the *Business Wire* on October 30, 2019.  *Id.*, ¶13.  Additionally, Gilardi posted the Notice Packet, as well as other important documents, on the website maintained for the proposed Settlement.  *Id.*, ¶15.[11]

This combination of individual First-Class Mail to all Class Members who could be identified with reasonable effort, supplemented by mailed notice to brokers and nominees and publication of the Summary Notice in a relevant, widely-circulated publication and internet newswire, was "the best notice . . . practicable under the circumstances."   Fed. R. Civ. P. 23(c)(2)(B).  This method of providing notice has been repeatedly approved for use in securities class actions and other comparable class actions.  *See, e.g.*, *Christine Asia*, 2019 U.S. Dist. LEXIS 179836, at *58.

## VI.    CONCLUSION

Lead Plaintiff was prepared to try this case and believes it would have won.  But trial is not without substantial risk.  Therefore, the proposed Settlement obtained here, which recovers multiples of Defendants' class-wide damages estimates and approximately 50% of Lead Plaintiff's estimate of maximum class-wide damages, and significantly exceeds the percentage recoveries obtained by opt-out plaintiffs, is a tremendous result for the Class.

---

[11]   The Notice and Summary Notice reference the Internet website for the Settlement.  *See* Sylvester Decl., Exs. A and C.

- 23 -

Lead Plaintiff respectfully requests that this Court find the proposed Settlement to be fair, reasonable and adequate, and enter the proposed Order and Final Judgment approving the proposed Settlement.  Lead Plaintiff also requests that the Court find that the proposed Plan is fair, reasonable and adequate, and enter an order approving the Plan, which will govern distribution of the proposed Settlement proceeds.

DATED:  December 17, 2019                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
JONAH H. GOLDSTEIN
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD

s/ Debra J. Wyman
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
miked@rgrdlaw.com
jonahg@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com

Lead Counsel for Lead Plaintiff and the Class

- 24 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 17, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  debraw@rgrdlaw.com

**Mailing Information for a Case 1:15-mc-00040-AKH In re American Realty Capital Properties, Inc. Litigation**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Simon Abraham**
  jabraham@aftlaw.com

- **Robin L. Alperstein**
  ralperstein@beckerglynn.com,esteckhan@beckerglynn.com,hhill@beckerglynn.com

- **Antonia Marie Apps**
  aapps@milbank.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Adam M. Apton**
  aapton@zlk.com

- **Karim Basaria**
  kbasaria@sidley.com

- **Khristoph Becker**
  kbecker@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Stanley D Bernstein**
  bernstein@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Rebecca A. Beynon**
  rbeynon@kellogghansen.com

- **Brian Roger Blais**
  brian.blais@usdoj.gov,usanys.ecf@usdoj.gov,CaseView.ECF@usdoj.gov

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Kristen Leigh Bokhan**
  kristen.bokhan@kirkland.com

- **Adam Jerrod Bookman**
  adam.bookman@weil.com,adam-bookman-4279@ecf.pacerpro.com

- **Bruce Roger Braun**
  bbraun@sidley.com,nyefiling@sidley.com,efilingnotice@sidley.com,catherine.stewart@sidley.com,kbasaria@sidley.com,ntygesso@sidley.com,nconrad@sidley.com,braun-9612@ecf.pacerpro.com

- **Kristina Anne Bunting**
  kbunting@paulweiss.com,mao_fednational@paulweiss.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com,SCaesar@rgrdlaw.com,kmccormack@rgrdlaw.com,JCaringal@ecf.courtdrive.com

- **Alexandra Rebecca Clark**
  aclark@pkbllp.com

- **Neil Harris Conrad**
  nconrad@sidley.com,efilingnotice@sidley.com,neil-conrad-4222@ecf.pacerpro.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,smiller@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Robert D'Agnenica**
  jasondag@ssbny.com

- **Glen DeValerio**
  gdevalerio@bermandevalerio.com,bdentremont@bermandevalerio.com,ecf@bermandevalerio.com,bmccarthy@bermandevalerio.com

- **Bruce Whitney Dona**
  bruce.dona@ksfcounsel.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,debg@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com,DanD@ecf.courtdrive.com

- **H. Miriam Farber**
  mfarber@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,miriam-farber-7421@ecf.pacerpro.com,manattyoffice@shearman.com

- **Meagan Alicia Farmer**
  mfarmer@gardylaw.com

- **Reid Mason Figel**
rfigel@kellogghansen.com,fli@kellogghansen.com,cparra@kellogghansen.com

- **Christopher Lee Filburn**
cfilburn@paulweiss.com,mao_fednational@paulweiss.com

- **Robert Craig Finkel**
rfinkel@wolfpopper.com,cdunleavy@wolfpopper.com,mgianfagna@wolfpopper.com

- **Jason A. Forge**
jforge@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_SD@rgrdlaw.com,JForge@ecf.courtdrive.com

- **Adam Fotiades**
afotiades@zuckerman.com

- **Molly Bruder Fox**
mbfox@steptoe.com

- **Christopher Louis Garcia**
christopher.garcia@weil.com,mco.ecf@weil.com,evert.christensen@weil.com,christopher-garcia-1339@ecf.pacerpro.com,nymao@ecf.pacerpro.com

- **James Philip Gillespie**
jgillespie@kirkland.com,kevin.mccarthy@kirkland.com,kenymanagingclerk@kirkland.com

- **Daniel Zachary Goldman**
dgoldman@pkbllp.com

- **Andrew Edward Goldsmith**
agoldsmith@kellogghansen.com,ecfnotices@kellogghansen.com,ggoldfeder@kellogghansen.com,ecf-2ff5a29c9f5d@ecf.pacerpro.com

- **Jonah H. Goldstein**
jonahg@rgrdlaw.com

- **Douglas W. Greene**
dgreene@bakerlaw.com,agougisha@bakerlaw.com,bhlitdocket@bakerlaw.com

- **Theresa Hsin-Yi Gue**
tgue@pkbllp.com

- **John Gueli**
jgueli@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com,john-gueli-5051@ecf.pacerpro.com

- **Adam Selim Hakki**
ahakki@shearman.com,managing-attorney-5081@ecf.pacerpro.com,Courtalert@shearman.com,manattyoffice@shearman.com,adam-hakki-1816@ecf.pacerpro.com

- **John Louis Hardiman**
hardimanj@sullcrom.com,john-hardiman-9552@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **David Charles Harrison**
dharrison@lowey.com

- **Barbara J. Hart**
bhart@lowey.com

- **Steven P. Harte**
steven@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **James Ormerod Heyworth , V**
jheyworth@sidley.com,nyefiling@sidley.com,james-heyworth-0340@ecf.pacerpro.com

- **William Scott Holleman**
holleman@bespc.com,ecf@bespc.com

- **Geoffrey Coyle Jarvis**
gjarvis@ktmc.com,9343632420@filings.docketbird.com,mswift@ktmc.com

- **Frank James Johnson**
frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com

- **Rebecca M Katz**
rkatz@katzlawnewyork.com,disaacson@motleyrice.com,dabel@motleyrice.com,lkorenblit@motleyrice.com,kweil@motleyrice.com

- **Christopher J. Keller**
ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com

- **Michael Anthony Keough**
mkeough@steptoe.com,ehartman@steptoe.com,docketadministrators@steptoe.com,rgillis@steptoe.com,ocorn@steptoe.com,cdecamp@steptoe.com

- **Phillip C. Kim**
pkim@rosenlegal.com

- **Robert Klipper**
rklipper@kellogghansen.com,jmarine@kellogghansen.com

- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Alexia Dorothea Korberg**
  akorberg@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Larry Howard Krantz**
  lkrantz@krantzberman.com

- **Eric Albin Larson**
  elarson@mmmlaw.com,eeckard@mmmlaw.com

- **Angel P. Lau**
  alau@rgrdlaw.com,tdevries@rgrdlaw.com,alau@ecf.courtdrive.com

- **Grace Jheeyoung Lee**
  grace.lee@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,grace-lee-
  3889@ecf.pacerpro.com,manattyoffice@shearman.com,stephen.ross@shearman.com,mariusz.jedrzejewski@shearman.com

- **Justin David Lerer**
  jlerer@paulweiss.com,mao_fednational@paulweiss.com

- **Michelle Lynn Levin**
  mlevin@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,daniel-lewis-
  6070@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Neil Robert Lieberman**
  nlieberman@hsgllp.com,crodriguez@hsgllp.com,Managingclerk@hsgllp.com

- **Howard Theodore Longman**
  tsvi@aol.com,hlongman@ssbny.com

- **Morgan Paige Lucas**
  mlucas@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **John Phillip MacNaughton**
  jpm@mmmlaw.com,wew@mmmlaw.com,elarson@mmmlaw.com

- **Michael David Margulies**
  mmargulies@carltonfields.com

- **Jerry Lee Marks**
  jmarks@milbank.com

- **Rita Kathleen Maxwell**
  rita.maxwell@bracewelllaw.com,mco@bracewelllaw.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Glen Garrett McGorty**
  gmcgorty@crowell.com

- **Donald Alan Migliori**
  dmigliori@motleyrice.com,kdotson@motleyrice.com

- **Michael Campion Miller**
  mmiller@steptoe.com,spu@steptoe.com,ocorn@Steptoe.com,ehartman@steptoe.com

- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,MMillkey@ecf.courtdrive.com

- **Erin Jennifer Morgan**
  ejmorgan@paulweiss.com,mao_fednational@paulweiss.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com,sturman@sturman.ch

- **Daniel P. Moylan**
  dmoylan@zuckerman.com,jlinton@zuckerman.com,cvandergriff@zuckerman.com

- **Beth Mueller**
  beth.mueller@kirkland.com,lroberts@kirkland.com,kenymanagingclerk@kirkland.com

- **Mark Francis Murphy**
  mmurphy@steptoe.com

- **Sean Michael Nadel**
  snadel@kellogghansen.com

- **William H. Narwold**
  bnarwold@motleyrice.com,glevin@motleyrice.com,lmclaughlin@motleyrice.com,vlepine@motleyrice.com,ajanelle@motleyrice.com

- **Shawn Patrick Naunton**
  snaunton@zuckerman.com,lgehlbach@zuckerman.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,jtash@zlk.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonathan Ohring**
  johring@milbank.com,DMarcou@milbank.com,mprostko@milbank.com,TQuinn@milbank.com,JKammerman@milbank.com,milbank@ecf.courtdrive.com,jon-ohring-4945@ecf.pacerpro.com,dhooks1@milbank.com,klandis@milbank.com,AutoDocketECF@milbank.com,ggreen@milbank.com,MGrier@milbank.com,molsson@milb

- **Bradley E Oppenheimer**
  boppenheimer@kellogghansen.com,ecf-780f0d54d6a1@ecf.pacerpro.com,ggoldfeder@kellogghansen.com

- **Guy Petrillo**
  gpetrillo@pkbllp.com

- **Ashley M. Price**
  APrice@rgrdlaw.com,aprice@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,lmix@rgrdlaw.com

- **Kingdar Prussien**
  kprussien@milbank.com,autodocketecf@milbank.com

- **Arlen Pyenson**
  apyenson@crowell.com

- **Fei-Lu Qian**
  fqian@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Leah Margaret Quadrino**
  lquadrino@steptoe.com,pparker@steptoe.com

- **Daniel Brett Rehns**
  drehns@hrsclaw.com,efilings@hrsclaw.com

- **Kenneth Mark Rehns**
  krehns@saxenawhite.com,krehns@cohenmilstein.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Lorin L. Reisner**
  LReisner@paulweiss.com,mao_fednational@paulweiss.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Ann Kimmel Ritter**
  aritter@motleyrice.com,glevin@motleyrice.com,kweil@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,jcaringal@rgrdlaw.com

- **Lara Elizabeth Romansic**
  lromansic@steptoe.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,RRothman@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter George Safirstein**
  psafirstein@safirsteinmetcalf.com,sfeerick@safirsteinmetcalf.com

- **Michael Gerard Scavelli**
  mscavelli@steptoe.com,spu@steptoe.com,ehartman@steptoe.com,ocorn@steptoe.com

- **Jed Mastren Schwartz**
  jschwartz@milbank.com,jed-schwartz-8050@ecf.pacerpro.com,milbank@ecf.courtdrive.com,ggreen@milbank.com,AutoDocketECF@milbank.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph R. Seidman**
  seidman@bernlieb.com

- **Jonathan Lucas Shapiro**
  jshapiro@kasowitz.com,courtnotices@kasowitz.com,autodocket@kasowitz.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com,JShinnefield@ecf.courtdrive.com,landracchio@rgrdlaw.com

- **Thomas Michael Skelton**
  tskelton@lowey.com

- **Richard William Slack**
  richard.slack@weil.com,mco.ecf@weil.com,richard-slack-7880@ecf.pacerpro.com,adam.bookman@weil.com,Patrick.Branson@weil.com,nymao@ecf.pacerpro.com,evert.christensen@weil.com,Raquel.Kellert@weil.com

- **Patrick Kevin Slyne**
  pkslyne@ssbny.com

- **Patrick C Smith**
  psmith@dehay.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Luigi Spadafora**
  spadafora.l@wssllp.com

- **Kendra L Stead**
  kstead@sidley.com,efilingnotice@sidley.com,jdent@sidley.com,kendra-stead-0480@ecf.pacerpro.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com,michael-h-steinberg-5026@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Johnson Stewart**
  elizabeth.stewart@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,elizabeth-stewart-0821@ecf.pacerpro.com,manattyoffice@shearman.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Daniel Ben Tehrani**
  Daniel.Tehrani@usdoj.gov,CaseView.ECF@usdoj.gov

- **Steven Jeffrey Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

- **Matthew Tracy**
  tracy.m@wssllp.com

- **Nicholas Tygesson**
  ntygesso@sidley.com

- **Anil Karim Vassanji**
  avassanji@fklaw.com

- **Melanie Elizabeth Walker**
  mewalker@sidley.com,melanie-walker-7174@ecf.pacerpro.com,efilingnotice@sidley.com

- **Reid Weingarten**
  rweingarten@steptoe.com

- **Joseph Harry Weiss**
  jweiss@weisslawllp.com,infony@weisslawllp.com,joshua-rubin-1257@ecf.pacerpro.com,exec@weisslawllp.com

- **Theodore Von Wells , Jr**
  twells@paulweiss.com,mao_fednational@paulweiss.com

- **Collin White**
  cwhite@kellogghansen.com

- **Regis C. Worley , Jr**
  rworley@rgrdlaw.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,DebraW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Genevieve Graeme York-Erwin**
  gyorkerwin@bakerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ar Capital LLC
,

Dwight            Phillip Bostwick
Zuckerman Spaeder, LLP
1800  M  Street,   N.W.,   Ste. 1000
Washington, DC 20036-5802

Scott            Alexander Edelman
Milbank LLP
55 Hudson Yards
New York City, NY 10001-2163

Kevin Patton
,

William          Taylor
Zuckerman Spaeder LLP
1800 M Street, N.W
Washington, DC 20036

David            C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101

Abby M. Wenzel
,
```