


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AMERICAN REALTY CAPITAL PROPERTIES, INC. LITIGATION | Civil Action No. 1:15-mc-00040-AKH |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

# ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2020

On the 21st day of January, 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated September 30, 2019 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court in the above-captioned action (the "Litigation"), including the release of the Released Persons, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; (4) whether and in what amount to award Lead Counsel fees and costs, charges and expenses; and (5) whether and in what amount to award Plaintiffs for their costs and expenses in representing the Class; the Court having considered all matters submitted to it at the hearing and otherwise; it appearing that a notice of the hearing substantially in the form approved by the Court was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired ARCP Securities between February 28, 2013 and October 29, 2014, as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class as set forth in the Declaration of Carole K. Sylvester, and the Declaration of Mishka Ferguson; the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges and expenses requested by Lead Counsel and the request for Plaintiffs' costs and expenses;

and all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiff, all Class Members, and Defendants.

3. Excluded from the Class is any Class Member that validly and timely requested exclusion, which Class Members are identified in Exhibit A hereto. Also excluded from the Class is any person or entity that entered into a settlement agreement or otherwise provided a release to any Defendant relating to or arising from the purchase or other acquisition of ARCP Securities prior to October 29, 2014, which persons and entities (to the extent known to VEREIT) are identified in Exhibit B which shall be filed with the Court either publicly or under seal depending upon the determination of the treatment by the Court in connection with the Settlement approval process.

4. Notice of the pendency of this Litigation and the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation and the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

5. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses all Released Claims of the Class, as against the Released Persons, with prejudice. The Settling Parties are to bear their own costs, except as to and to the extent provided in the Stipulation and herein.

7. The releases as set forth in ¶¶4.1-4.6 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.42 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

8. Upon the Effective Date, each of the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting

the Released Claims against any of the Released Persons. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Lead Plaintiff and each Releasing Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Claims to enforce the terms of the Settlement are not released.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Class and Plaintiffs' Counsel from all Released Defendants' Claims (including Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

11. In the event that the Settlement becomes Final, and approval of the Derivative Settlement is reversed or vacated on appeal, each of the contributions into the Settlement Fund listed in ¶2.2 (i-iv) of the Stipulation shall be deemed to have been made solely by and wholly attributable to VEREIT and, in such event, VEREIT shall retain the right to pursue against such contributing parties listed in ¶2.2 (i-iv) of the Stipulation any contribution or similar claims relating to the

contributions to the Settlement Fund, provided, however, that VEREIT shall not be permitted to pursue any claim for prior advancement or indemnification of attorney's fees or other expenses incurred in connection with the Litigation or any other proceeding other than the Derivative Action.

12. Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; ***provided that*** clauses (i) and (ii) of this Paragraph shall not be construed

to modify, amend, or supersede any agreements between or among the Released Persons with respect to claims between or among those Released Persons, including but not limited to the Supplementary Agreements as defined in the stipulation submitted to the Court in connection with the Derivative Settlement.

13. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Order and Final Judgment, the Stipulation, nor any of their respective terms and provisions, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of the allegations in the Litigation or the validity of any claim that has been or could have been asserted against any of the Released Persons in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Persons;

(b) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation,

or omission with respect to any statement or written document approved or made by any of the Released Persons, or against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

(c) offered or received against the Released Persons, Lead Plaintiff, or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons, Lead Plaintiff, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Persons, Lead Plaintiff, or any Member of the Class in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order and Final Judgment; provided, however, that the Released Persons, Lead Plaintiff, and any Member of the Class may refer to them to effectuate the liability protection granted them hereunder;

(d) offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e) offered or received against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants in the Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

14. The Released Persons may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court finds that certain Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $1,025,000,000.00 plus any accrued interest from October 15, 2019 until deposited with the Escrow Agent to the Settlement Fund, in accordance with ¶2.2 (i-iv) of the Stipulation.

16. The Court finds and concludes that the Lead Plaintiff, Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

17. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or awards to Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses, and awards to Plaintiffs.

18. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

19. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications, including any awards to Plaintiffs, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

20. Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, Plaintiffs and Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including administering and distributing the settlement proceeds to the Members of the Class.

21. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, or is terminated pursuant to ¶2.17 of the Stipulation, ¶¶7.4, 7.5 and 7.6 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to August 21, 2019.

22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

24. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Order and Final Judgment.

25. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: Jan 4, 2020

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE